**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THERESA TERRY, AS P.P.A. OF ANDREA JONES, A MINOR, & THERESA TERRY, INDIVIDUALLY,** **Plaintiffs,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| **FORD MOTOR CREDIT COMPANY, ALIAS, DOE 1 THRU DOE 4,** **Defendants.** | ) | |

**FORD MOTOR CREDIT COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

1-2. Ford Motor Credit Company ("Ford") is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 1-2 of the plaintiff's Amended Complaint.

3. Ford admits that it is a Delaware corporation with a principal place of business at One American Road, Dearborn, MI and that it is a merchant and licensed to do business in Rhode Island but denies the remaining averments of paragraph 3 of the plaintiff's Amended Complaint.

4. Ford is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 of the plaintiff's Amended Complaint. To the extent that paragraph 4 of the plaintiff's Amended Complaint alleges wrongdoing, liability or damages attributable to Ford, it is denied.

5. Ford is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of the plaintiff's Amended Complaint.

**COUNT I**

6-7. Ford is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 6-7 of the plaintiff's Amended Complaint. To the extent that paragraphs 6-7 of the plaintiff's Amended Complaint allege wrongdoing, liability or damages attributable to Ford, it is denied.

8-9. Denied.

WHEREFORE, Ford demands judgment be entered in its favor dismissing the plaintiff's Amended Complaint along with interest, costs and disbursements incurred herein.

**COUNT II**

10. Ford repeats its responses to paragraphs 1 through 9 of the plaintiff's Amended Complaint as if set forth at length herein.

11. Ford is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of the plaintiff's Amended Complaint.

12. Denied.

WHEREFORE, Ford demands judgment be entered in its favor dismissing the plaintiff's Amended Complaint along with interest, costs and disbursements incurred herein.

**COUNT III**

13. Ford repeats its responses to paragraphs 1 through 12 of the plaintiff's Amended Complaint as if set forth at length herein.

14. Ford is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of the plaintiff's Amended Complaint. To the extent that paragraph 14 of the plaintiff's Amended Complaint alleges wrongdoing, liability or damages attributable to Ford, it is denied.

15-17. Denied.

WHEREFORE, Ford demands judgment be entered in its favor dismissing the plaintiff's Amended Complaint along with interest, costs and disbursements incurred herein.

## COUNT IV

18. Ford repeats its responses to paragraphs 1 through 17 of the plaintiff's Amended Complaint as if set forth at length herein.

19. Ford is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of the plaintiff's Amended Complaint. To the extent that paragraph 19 of the plaintiff's Amended Complaint alleges wrongdoing, liability or damages attributable to Ford, it is denied.

20. Denied.

WHEREFORE, Ford demands judgment be entered in its favor dismissing the plaintiff's Amended Complaint along with interest, costs and disbursements incurred herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted against Ford.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the conduct of Andrea Jones, either alone or combined with the negligence and/or misconduct of others, was the sole proximate cause of plaintiff's alleged injuries and damages.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred due to Andrea Jones' own comparative negligence and/or comparative fault.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred, in whole or in part, because Andrea Jones' alleged injuries and losses were proximately caused by her own failure to exercise reasonable care for her safety and well-being.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred due to Andrea Jones' assumption of the risk.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred because Andrea Jones' alleged injuries and damages were caused by supervening and intervening actions of third persons or other parties.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred due to laches.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred due to the fact that the alleged danger was open and obvious.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred from any recovery because Andrea Jones' alleged injuries and damages were caused by acts or omissions of others over whom Ford exercised no control and for whose conduct Ford bears no responsibility.

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred due to a failure to mitigate damages.

**TWELFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred as they are preempted by federal law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred because the motor vehicle involved in the plaintiff's accident was not being operated with the consent of and/or by and under the control of a person for whose conduct Ford was legally responsible.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by SAFETEA-LU, Public Law 109-59, August 10, 2005, 119 Stat 1144, §10208, 49 U.S.C.A. § 30106.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred due to lack of ownership of the vehicle by Ford.

**JURY DEMAND**

Ford Motor Credit Company demands a jury trial on all issues.

FORD MOTOR CREDIT COMPANY
By its Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY
PROFESSIONAL CORPORATION

______________________________
Anthony J. Sbarra, Jr. #7307
One Constitutional Plaza
Boston, MA 02129
(617) 241-3000
Fax (617) 241-5115

**CERTIFICATE OF SERVICE**

I, Anthony J. Sbarra, Jr., of Campbell Campbell Edwards & Conroy Professional Corporation, attorney for Ford Motor Credit Company, hereby certify that on August 1, 2006, a

true copy of the above document was served upon the attorney of record for the plaintiff by hand delivery.

Anthony J. Sbarra, Jr.