UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THERESA LENETTE TERRY as P.P.A. of ANDREA JONES, a minor & THERESA LENETTE TERRY, Individually Plaintiffs : 06-CV-349S

v. : PLAINTIFFS MOTION TO REMAND ACTION TO STATE COURT

FORD MOTOR CREDIT COMPANY, alias & Doe 1 Thru Doe 4, Inclusive
Defendants : ["Hearing Requested"]

Plaintiff, Theresa Lenette Terry, as Parent and Next Friend of Andrea Jones, a minor and Theresa Lenette Terry, Individually pursuant to 28 U.S.C.A. §1447(c), moves this Court to enter an order remanding the above action to the Superior Court for Providence County, State of Rhode Island. In support of this Motion plaintiff states that the amount in controversy in this diversity of citizenship action is less than $75,000 and consequently removal of the state action to this court was improper.

Respectfully submitted,
RESMINI LAW ASSOCIATES

Wayne Resmini, Esq. (#6373)
207 Waterman Street
Providence, Rhode Island 02906
(401) 751-6655
(401) 751-6282 Facsimile

HEARING REQUESTED

Plaintiffs in the above entitled action request a hearing on this Motion pursuant to Local Rule 12 (b). Plaintiff says that this Motion seeks to preserve the Plaintiffs choice of forum and ought not to be decided without affording the Plaintiff an opportunity to be heard. Plaintiffs estimates that the time for the hearing on the Motion would not exceed thirty Minutes.

~
Wayn~)G. Resmini, Esq. (#6373)

CERTIFICATE OF SERVICE

I, Wayne 0. Resmini, Esq., do hereby certify that on this~r day of August 2006 a true and accurate copy of Plaintiffs Motion to Remand To:

Anthony J. Sbarra, Jr., Esq.
Campbell Campbell Edwards & Conroy
One Constitutional Plaza
Boston, MA 02129

Adam A. Larson, Esq..
Campbell Campbell Edwards & Conroy
One Constitutional Plaza
Boston, MA 02129

yne G(JResmini1 q. (#6373)

UNITED STATES DISTRICT COURT DISTRICT OF RHODE ISLAND

THERESA TERRY AS P.P.A OF
ANDREA JONES, A MINOR &
THERESA TERRY, INDIVIDUALLY
Plaintiffs
v. ) C.A.NO. 06-349S

FORD MOTOR CREDIT COMPANY, ALIAS &DOE1THRUDOE4, INCLUSIVE.
Defendants

["Hearing **Requested"]**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs, Theresa Terry as parent and Next Friend of Terry, and plaintiff, Theresa Tefry, Individually pursuant to 28 U.S.C.A. §1447, will respectfully move this Honorable .Court for an Order Remanding this case to state court.

Plaintiffs seek an order remanding this action to the Superior Court for the County of Providence in the State of Rhode Island for the reasons set out below.

Dated: August~ji 2006

HEARING REQUESTED

Plaintiffs in the above entitled action request a hearing on this Motion pursuant to Local Rule 12(b). Plaintiff says that this Motion seeks to preserve the Plaintiffs choice of forum and ought not to be decided without affording the Plaintiff an opportunity to be heard. Plaintiffs estimates that the time for the hearing on the Motion would not exceed thirty-minutes.

Wayne G. Resmini, Esq. (#6373)
The Plaintiffs
By Their Attorney

Wayne G. Resmini, Esq. (#6373)
207 Waterman Street
Providence, RI 02906
(401) 751-6655
(401) 751-6282 Facsimile

CERTIFICATION

I the undersigned, do hereby certify that on August--~, 200E, I mailed a true and accurate copy of the within Objection to Defendants Removal TO:

Adam A. Larson, Esq. (#7114)
CAMPBELL, CAMPBELL EDWARDS & CONROY
One Constitutional Plaza
Boston, Massachusetts 02129

Anthony J. Sbarra, Jr., Esq. (#7307)
One Constitutional Plaza
Boston, MA 02129

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Theresa Terry as P.P.A. of
Andrea Jones, a Minor and
Theresa Terry, Individually Plaintiffs.

C.A. No. 06-3495

Vs.

Ford Motor Credit Company,
Defendants.

[“Hearing Requested”)

MEMORANDUM IN SUPPORT OF PLAINTIFF’S MOTION TO REMAND

Now come the plaintiffs, in the above captioned matter and respectfully moves this Honorable Court to Remand the above-entitled matter to the Rhode Island Superior Court, Providence County. As grounds for said Motion to Remand, Plaintiff 5 advance the following arguments in support of their Motion to Remand:

PROCEDURAL BACKGROUND

1. plaintiff 5' filed their amended complaint in the Superior Court of Providence County, in the State of Rhode Island on July 6, 2006 against Defendant, Ford Motor Credit Company, (“Ford”) as owners of a motor vehicle that struck the minor plaintiff, Andrea Jones as well as a Count for Theresa Terry, for loss of Consortium and or parental Society in providence Superior Court for Rhode Island C.A. No. P.C.:
2006-3538 (Attached hereto as Exhibit “A’’ and incorporated herein by reference)

2. Service was perfected against defendant, (“Ford”) on July 10, 2006 on their agent for service of process CT Corporation 10 Weybossett Street in providence Rhode Island. (Attached hereto as Exhibits ““B””, and incorporated herein by reference)

3. On or about July 11, 2006, defendant, “Ford”, contacted plaintiffs, counsel and was asked to fax a copy of the Providence Rhode Island Police report (Attached hereto as Exhibit “C”, and incorporated herein by reference)

4. On or about July 27, 2006, defendant, “Ford’s” counsel contadted plaintiffs, counsel by facsimile and asked for an extension of time to respond to plaintiffs compliant, P.C. No. 2006-3538. along with a Stipulation for plaintiffs counsel to signed and returned. (Attached hereto Exhibit “‘W1Tt1, and incorporated herein by reference)

5. On or about, July 28, 2006, defendant, Fords counsel faxed a signed copy of the stipulation to Extent Time to 2~nswer or Otherwise Respond to the plaintiffs Complaint. (Attached hereto Exhibit “E”, and

incorporated herein by reference)

6. On or about July 28, 2006 defendant “Ford” Via Federal Express forward the stipulation of Extent Time or Otherwise Plead to The Civil Clerk of providence County superior Court (Attached hereto as Exhibit “F”, and incorporate herein by reference)

7. On or about July 31, 2006, The providence superiol’ Court entered the stipulation of Extent Time or Otherwise Plead. (Attached hereto as Exhibit IITGTI~ certified copy of the Plaintiffs’ Certified copy of the Providence Superior Court Civil Docket sheet Certified on August 15, 2006 and incorporated herein by reference.)

8. On August 1, 2006, defendant removed this matter to Federal District Court of Rhode Island with a certified copy of the complete record of providence superior Court P.C. No.; 2006-3538. (Attached hereto as Exhibit ““H”” and incorporated herein by reference) Defendant’s certified copy does not show the Extension of Time to Respond to said Plaintiff s Complaint.

9. On August 1, 2006, Defendant, “Ford”, filed their Notice of Removal, and Memorandum with this Court with a limited “Certified Record” or in the alternative did not state that they had filed a pleading in providence superior Court Civil Action No.: 2006-3538. (Attached hereto as Exhibit “I” and incorporated by reference.)

10. On August 15, 2006, plaintiff’s Certified The Complete Record of Civil Action No: P.C. 2006-3538 which shows the defendant, “Ford” had filed a pleading entering their appearance in the providence Superior Court Civil Action No.: 2006-3538 on Friday, July 28, 2006. (Attached hereto as Exhibit “J” and incorporate herein by reference.)

ARGUNENT AND CITATION OF AUTHORITY

A. REMOVAL TO DISTRICT COURT IN A GENERAL PROSPECTIVE.

First there is a question if the Defendant, “Ford” did certify the compete record on August 1, 2006 in The Providence superior Court in their Notice of Removal have argued that the Plaintiffs claim for damages are for the jurisdictional Limit of $75,000.00, exclusive of interest and costs. 28 U.S.C. 1332. The Federal Courts strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of reniand in state court. Cardillo v. Cardillo ***Escambia County Bd. Of Education V. Benton Knutson.*** ***Allis Chalmers*** Corp. Adams v Charter CommunicatiOns 28 U.S.C.A. 1441(a) §1331, §1447 @)

The Plaintiff’s oppose removal ahd seeks remand based upon the contention that this matter does not have a value of $75,000.00 exclusive of interest and costs nor can the plaintiffs obtain a value from this corporate defendant. Doubts regarding removal fall in favor of remand; the burden is on the defendant to show that removal is

proper.” Meisel v. Allstate Indem. Co., 357 F.Supp.2d 1222 (2005).

Defendant in their Removal Petition have not proven any basis .of removal other than the diversity of citizenship. Where the plaintiffs currently reside in the sovereign state of Ohio and the Defendant, is a Citizen of the state of Michigan The complaint as filed by the Plaintiff s was very specific in the allegations against the Defendant. The plaintiff have met the well-pleaded complaint rule. Under the well-pleaded complaint rule, the Court’s inquiry is limited to the four corners of the complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 s.Ct. 2425, 2429 (1987) The Plaintiff exclusively relied upon state tort law in framing the complaint and placing allegations against the Defendant. As the Court has stated, ““the plaintiff [is] the master of the claim[,] he or she may avoid federal jurisdiction by exclusive reliance on state law. Patterman v. Travelers, Inc., 11 F.Supp.2d 1382 (1997) The Plaintiffs contends that there are no federal jurisdictional questions and in this Notion to Remand seeks to have the Court find that the Defendant allegations that the Plaintiffs claim for damage are $75,000.00 exclusive of interest and costs cannot be met in that the Public Law does not allow the plaintiff to sue this defendant unless certain specific allegations are met and are limited to their damages.

B. THIRTY (30) DAYS FOR PARTY TO FILE REMOVAL.

Under 28 U.S.C. § 1446, a Defendant has thirty (30) days, after receipt of the complaint, to file its notice of removal with the court. 28 U.S.C. § 1446(b), diversity jurisdiction and the plaintiff’s damages are sufficient to confer jurisdiction in the federal District Court. Here there is a question if the whole record was file within the thirty day period and the plaintiffs damages sufficient to confer jurisdiction.

The defendant certified copy of the file from the providence Superior Court does not reflect the complete record. On July 31, 2006, twenty-five (25) days after the Complaint had been served on the defendant, “Ford”, “Ford”, filed a Motion for Extension of Time to respond to Plaintiffs Complaint in the providence Superior thereby entering their appearance in State court. This defect in and of itself should lead to a remand of this case.

Superior Court Rhode Island R.Civ.Pro.7.

“pleadings allowed-Form of motions.

(b) (3)iii Notions and Other Papers. “A motion to enlarge the time for permitting an action to be done under R ii 1 e 6(b) (2) after the expiration of the specified period,

It is the argument of the Plaintiff s that the Defendant’s entire Petition for Removal is defective. Removal took place after the defendant had entered their appearance in State Court (See

Stipulations of The Parties) and did not forward a complete certified copy of the Superior Record to this court. The removal is defective and the plaintiff in no way whatsoever waives objection to this defect. 28 U.S.C.A. § § 1446 Wl, 1447 ¶1. Wilson v. General Motors Corp. 888 F.2d 779 ( 11th Cir. l9~9I.

F. COSTS.

It is the request of the plaintiffs that if the Court remands this matter back to the Providence County Superior Court for the State of Rhode Island, that costs be assessed against the defendant, "Ford". It is within the power of the united States District Court, if remand is found to be the appropriate action in this case, that expenses including attorney's fees can be assessed against the Defendants. The removal statute provides that, ""an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'' 28 U.S.C. § 1447©) (l9~fl. It is the contention of the Plaintiff that the Defendant violated on every term the requirements of the Rhode Island Rules of Civil Procedure. It may not be shown that the actions of the Defendant was in bad faith, but as the courts have previously found an award of costs does not require a showing of bad faith, but merely a showing that the action was removed ""improvidently.' Schmidt v. National Organization for Women, 562 F.Supp 210, 215 (N.D.Fla. 1983) Locklear v. State Farm Mut. Auto. Ins. Co., 742 F.Supp 679 (S.D.Ga. 1989).

CONCLUS ION

For the reasons set forth above and in its Motion to Remand, Plaintiff s respectfully requests that this Court enter an Order: (1) remanding this action to the Superior Court of Providence County in the State of Rhode Island and (2) awarding plaintiff 5 reasonable attorneys' fees and costs incurred in responding to Defendant Notice of Removal.

Respectfully submitted,

Theresa Terry as P.P.A. of Andrea Jones, a minor and Theresa Terry, Individually,

4f~~,yg ~

Wayne Resmini, Esq. (*6373)
RESMItfi LAW ASSOCIATES
207 Waterman Street, Suite-1
providence, Rhode Island 02906
(401) 751-6655 Tel:

(401) 751-6282 Facsimile
ResminiLawl@tflsn. com (e-mail)

Dated: August~~~2006

HEARING REQUESTED

Plaintiff s in the above entitled action request a hearing on this Notion pursuant to Local Rule 12 (b) plaintiff says that this Motion seeks to preserve the Plaintiffs choice of forum and ought not to be decided without affording the plaintiff an opportunity to be heard. plaintiffs estimates that the time for the hearing on the Motion would not exceed thirty Minutes.

Wayne C~. Resmini, Esq. (#6373)

CERTIFICATION

I the undersigned, do hereby certify that on August~, 2006, I mailed a true and accurate copy of the within Memorandum TO:

Adam A. Larson, Esq. (#7114)
CAMPBELL, CAMPBELL EDWARDS & CONROY
One constitutional Plaza
Boston, Massachusetts 02129

Anthony J. Sbarra, Jr., Esq. (*7307)
CAIvIBELL, CM'IBELL, EDWARDS & CONROY
One Constitutional Plaza
Boston, Massachusetts 02129
For:
INI LAW

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Theresa Terry as P.P.A. of ) 06-CV-349S
Andrea Jones, a Minor and
Theresa Terry, Individually)
Plaintiff s. ) OBJECTION TO NOTICE OF REMOVAL

Vs.

)

Ford Motor Credit Company,
Defendants.

["Hearing Requested"]

Now comes the Plaintiff, Theresa Terry as P.P.A. of Andrea Jones, a minor and Theresa Terry, Individually and hereby Objects to the defendant, Ford Motor Credit Company Notice of Removal to this court. pursuant to 28 U.S.C.A. § 1447, and will move Honorable Court for an Order Remanding this cast to state court.

In support of this Objection, the Plaintiff 5 rely on the accompanying Memorandum.

Respectfully submitted,

Theresa Terry as p.P.A: of Andrea Jones, a minor and Theresa Terry, Individually,

~ ~1

Wayne Resm~ni, ~q. (#6373) RESMIN LAW ASSOCIATES 207 Waterman Street, Suite-l providence, Rhode Island 02906 (401) 751-6655 Tel:
(401) 751-6282 Facsimile

HEARING REQUESTED

Plaintiffs in the above entitled action request a hearing on this Motion pursuant to Local Rule 12 (b) Plaintiff says that this Motion seeks to preserve the Plaintiff s choice of forum and ought not to be decided without affording the Plaintiff an opportunity to be heard. Plaintiff s estimates that the time for the hearing on the Motion would not exceed thirty Minutes.

Wayne ~I. Resmini~Esq. (#6373)

CERTIFICATION

I, Wayne G. ResminiA Esq., the undersigned, do hereby certify that on August.~~Y 2006, I mailed a true and accurate copy of the with'In Plaintiff s Objection to Defendants Notice of Removal TO: Adam A. Larson, Esq. (#7114) CAMPBELL, CAMPBELL, EDWARDS & -CONROY, One Constitutional Plaza, Boston, Massachusetts 02129; Anthony J. Sbarra, Jr., Esq. (#7307), One Constitutional Plaza, Boston, Massachusetts 02129

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THERESA LENETTE TERRY as
P.P.A. of ANDREA JONES, a
minor & THERESA LENETTE : 06-CV-349S
TERRY, Individually
Plaintiffs :

PLAINTIFFS MOTION TO REMAND
v. : ACTION TO STATE COURT

FORD MOTOR CREDIT
COMPANY, alias & Doe 1 Thru
Doe 4, Inclusivp
Defendants : [“Hearing Requested”]

Plaintiff, Theresa Lenette Terry, as Parent and Next Friend of Andrea Jones, a minor and Theresa Lenette Terry, Individually pursuant to 28 U.S.C.A. §1447(c), moves this Court to enter an order remanding the above action to the Superior Court for Providence County, State of Rhode Island. In support of this Motion plaintiff states that the amount in controversy in this diversity of citizenship action is less than $75,000 and consequently removal of the state action to this court was improper.

Respectfully submitted,
RESMINI LAW ASSOCIATES

Wayne Resmini, Esq. (#6373)
207 Wa’terman Street
Providence, Rhode Island 02906
(401) 751-6655
(401) 751-6282 Facsimile

HEARING REQUESTED

plaintiffs in the above entitled action request a hearing on this Notion pursuant to Local Rule 12 (b) plaintiff says that this Motion seeks to preserve the plaintiffs choice of forum and ought not to be decided without affording the Plaintiff an opportunity to be heard. plaintiffs estimates that the time for the hearing on the Motion would not exceed thirty Minutes.

Wayn~}G. Resmirit, Esq. (#6373)

CERTIFICATE OF SERVICE

I, Wayne 0. Resmini, Esq., do hereby certify that on this~f day of August 2006 a true and accurate copy of plaintiffs Motion to Remand To:

Anthony J. Sbarra, Jr., Esq.
Campbell Campbell Edwards & Conroy
One Constitutional Plaza
Boston, MA 02129

Adam A. Larson, Esq..
Campbell Campbell Edwards & Conroy
One Constitutional Plaza
Boston, MA. 02129

(#63 73)

UNITED STATES DISTRICT COURT DISTRICT OF RHODE ISLAND

THERESA TERRY AS P.P.A OF
ANDREA JONES, A MINOR &
THERESA TERRY, INDIVIDUALLY
Plaintiffs
v. ) C.A.NO. 06-349S
FORD MOTOR CREDIT COMPANY, )
ALIAS &DOE1THRUDOE4,
INCLUSIVE.
Defendants

["Hearing Requested"]

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Plaintiffs, Theresa Terry as parent and Next Friend of Terry, and plaintiff, Theresa Teifry, Individually pursuant to 28 U.S.C.A. §1447, will respectfully move this Honorable Court for an Order Remanding this case to state court.

Plaintiffs seek an order remanding this action to the Superior Court for the County of Providence in the State of Rhode Island for the reasons set out below.

Dated: August~ji 2006

HEARING REQUESTED

Plaintiffs in the above entitled action request a hearing on this Motion pursuant to Local Rule 12(b). Plaintiff says that this Motion seeks to preserve the Plaintiffs choice of forum and ought not to be decided without affording the Plaintiff an opportunity to be heard. Plaintiffs estimates that the time for the hearing on the Motion would not exceed thirty-minutes.

Wa~i*J.. Resmini, sq. (#6373)
The Plaintiffs
By Their Attorney

Wayne~ç. Resmirti, Esq. (#6373)
207 Wa~[1]arman Street
Providence, RI 02906
(401) 751-6655
(401) 751-6282 Facsimile

CERTIFICATION

I the undersigned, do hereby certify that on August-~~', 200E, I mailed a true and accurate copy of the within Objection to Defendants Removal TO:

Adam A. Larson, Esq. (#7114)
CAMPBELL, CAMPBELL EDWARDS & CONROY
One Constitutional Plaza
Boston, Massachusetts 02129

Anthony J. Sbarra, Jr., Esq. (#7307)
One Constitutional Plaza
Boston, MA 02129

For: MINI LAW"A~OCIATES
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Theresa Terry as P.P.A. of
Andrea Jones, a Minor and
Theresa Terry, Individually
Plaintiffs.

C.A. No. 06-3495

Vs.

Ford Motor Credit Company,
Defendants.

["Hearing Requested"]

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Now come the plaintiffs, in the above captioned matter and respectfully moves this Honorable Court to Remand the above-entitled matter to the Rhode Island Superior Court, Providence County. As grounds for said Motion to Remand, Plaintiffs advance the following arguments in support of their Motion to Remand:

PROCEDURAL BACKGROUND

1. Plaintiffs' filed their amended complaint in the Superior Court of Providence County, in the State of Rhode Island on July 6, 2006 against Defendant, Ford Motor Credit Company, ("Ford") as owners of a motor vehicle that struck the minor plaintiff, Andrea Jones as well as a Count for Theresa Terry, for loss of Consortium and or parental Society in Providence Superior Court for Rhode Island C.A. No. P.C.:
2006-3538 (Attached hereto as Exhibit "A'' and incorporated herein by reference)

2. Service was perfected against defendant, ("Ford") on July 10, 2006 on their agent for service of process CT Corporation 10 Weybossett Street in Providence Rhode Island. (Attached hereto as Exhibits ""B"", and incorporated herein by reference).

3. On or about July 11, 2006, defendant, "Ford", contacted plaintiffs, counsel and was asked to fax a copy of the Providence Rhode Island Police report (Attached hereto as Exhibit "C", and incorporated herein by reference)

4. On or about July 27, 2006, defendant, "Ford's" counsel contacted plaintiffs, counsel by facsimile and asked for an extension of time to respond to plaintiffs compliant, P.C. No. 2006-3538. along with a Stipulation for plaintiffs counsel to signed and returned. (Attached hereto Exhibit ""D"", and incorporated herein by reference)

5. On or about, July 28, 2006, defendant, "Ford's" counsel faxed a signed copy of the Stipulation to Extent Time to Answer or Otherwise Respond to the plaintiffs Complaint. (Attached hereto Exhibit "E", and

incorporated herein by reference)

6. On or about July 28, 2006 defendant "Ford" Via Federal Express forward the Stipulation of Extent Time or Otherwise Plead to The Civil Clerk of Providence County Superior Court (Attached hereto as Exhibit "F", and incorporate herein by reference)

7. On or about July 31, 2006, The Providence Superio~ Court entered the Stipulation of Extent Time or Otherwise Plead. (Attached hereto as Exhibit ""C"" certified copy of the Plaintiffs' Certified copy of the Providence Superior Court Civil Docket Sheet Certified on August 15, 2006 and incorporated herein by reference.)

8. On August 1, 2006, defendant removed this matter to Federal District Court of Rhode Island with a certified copy of the complete record of Providence Superior Court P.C. No.; 2006-3538. (Attached hereto as Exhibit ""H"" and incorporated herein by reference) Defendant's certified copy does not show the Extension of Time to Respond to said Plaintiffs Complaint.

9. On August 1, 2006, Defendant, "Ford", filed their Notice of Removal, and Memorandum with this Court with a limited "Certified Record" or in the alternative did not state that they had filed a pleading in Providence Superior Court Civil Action No.: 2006-3538. (Attached hereto as Exhibit "I" and incorporated by reference.)

10. On August 15, 2006, Plaintiff's Certified The Complete Record of Civil Action No: P.C. 2006-3538 which shows the defendant, "Ford" had filed a pleading entering their appearance in the Providence Superior Court Civil Action No.: 2006-3538 on Friday, July 28, 2006. (Attached hereto as Exhibit "J" and incorporate herein by reference.)

ARGUMENT AND CITATION OF AUTHORITY

A. REMOVAL TO DISTRICT COURT IN A GENERAL PROSPECTIVE.

First there is a question if the Defendant, "Ford" did certify the compete record on August 1, 2006 in The Providence Superior Court in their Notice of Removal have argued that the Plaintiff s. claim for damages are for the jurisdictional Limit of $75,000.00, exclusive of interest and costs. 28 U.S.C. 1332. The Federal Courts strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of remand in state court. Cardillo v. Cardillo ***Escambia County Sd. Of*** Education ***V. Benton Knutson.*** ***Allis Chalmers*** Corp. Adams v Charter Communications 28 U.S.C.A. 1441(a) §1331, §1447 ©)

The Plaintiff's oppose removal and seeks remand based upon the contention that this matter does not have a value of $75,000.00 exclusive of interest and costs nor can the plaintiffs obtain a value from this corporate defendant. Doubts regarding removal fall in favor of remand; the burden is on the defendant to show that removal is proper." Meisel v. Allstate Indein. Co., 357 F.Supp.2d 1222 (2005).

Defendant in their Removal Petition have not proven any basis -of removal other than the diversity of citizenship. Where the plaintiffs currently reside in the Sovereign State of Ohio and the Defendant, is a Citizen of the State of Michigan The complaint as filed by the Plaintiffs was very specific in the allegations against the Defendant. The Plaintiff have met the well-pleaded complaint rule. Under the well-pleaded complaint rule, the Court's inquiry is limited to the four corners of the complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) The Plaintiff exclusively relied upon state tort law in framing the complaint and placing allegations against the Defendant. As the Court has stated, ""the Plaintiff [is] the master of the claim[,] he or she may avoid federal jurisdiction by exclusive reliance on state law. Patterman v. Travelers, Inc., 11 F.Supp.2d 1382 (1997) The Plaintiffs contends that there are no federal jurisdictional questions and in this Motion to Remand seeks to have the Court find that the Defendant allegations that the Plaintiffs claim for damage are $75,000.00 exclusive of interest and costs cannot be met in that the Public Law does not allow the plaintiff to sue this defendant unless certain specific allegations are met and are limited to their damages.

B. THIRTY (30) DAYS FOR PARTY TO FILE REMOVAL.

Under 28 U.S.C. § 1446, a Defendant has thirty (30) days, after receipt of the complaint, to file its notice of removal with the court. 28 U.S.C. § 1446(b), diversity jurisdiction and the plaintiff's damages are sufficient to confer jurisdiction in the federal District Court. Here there is a question if the whole record was file within the thirty day period and the plaintiffs damages sufficient to confer jurisdiction.

The defendant certified copy of the file from the Právidence Superior Court does not reflect the complete record. On July 31, 2006, twenty-five (25) days after the Complaint had been served on the defendant, "Ford", "Ford", filed a Notion for Extension of Time to respond to Plaintiffs Complaint in the Providence Superior thereby entering their appearance in State court. This defect in and of itself should lead to a remand of this case.

Superior Court Rhoda Island R.Civ.Pro.7.

"Pleadings allowed-Form of motions.

(b)(3)iii Motions and Other Papers. "A motion to enlarge the time for permitting an action to be done under R u 1 e 6(b) (2) after the expiration of the specified period,

It is the argument of the Plaintiffs that the Defendant's entire Petition for Removal is defective. Removal took place after the defendant had entered their appearance in State Court (See Stipulations of The Parties) and did not forward a complete certified copy of the Superior Record to this court. The removal is defective

and the Plaintiff in no way whatsoever waives objection to this defect. 28 U.S.C.A. § § 1446 (b) 1447 ©) Wilson v. General Motors Corp. 888 F.2d 779 ( 11th Cir. 1989)

F. COSTS.

It is the request of the Plaintiffs that if the Court remands this matter back to the Providence County Superior Court for the State of Rhode Island, that costs be assessed against the defendant, “Ford”. It is within the power of the United States District Court, if remand is found to be the appropriate action in this case, that expenses including attorney’s fees can be assessed against the Defendants. The removal statute provides that, ““an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.’’ 28 U.S.C. § 1447©) (1988) It is the contention of the Plaintiff that the Defendant violated on every term the requirements of the Rhode Island Rules of Civil Procedure. It may not be shown that the actions of the Defendant was in bad faith, but as the courts have previously found an award of costs does not require a showing of bad faith, but merely a showing that the action was removed ““improvidently.’ Schmidt v. National Organization for Women, 562 F.Supp 210, 215 (N.D.Fla. 1983) Locklear v. State Farm Mut. Auto. Ins. Co., 742 F.Supp 679 (S.D.Ga. 1989)

CONCLUS ION

For the reasons set forth above and in its Motion to Remand, plaintiffs respectfully requests that this Court enter an Order: (1) remanding this action to the Superior Court of providence County in the State of Rhode Island and (2) awarding Plaintiffs reasonable attorneys’ fees and costs incurred in responding to Defendant Notice of Removal.

Respectfully submitted,

Theresa Terry as P.P-.A. of
Andrea Jones, a minor and
Theresa Terry, Individually,

df&t~,yf ~

Wayne ~4[1]. Resmini, Esq. (#6373)
RESMUt± LAW ASSOCIATES
207 Waterman Street, Suite-i
Providence, Rhode Island 02906
(401) 751-6655 Tel:

(401) 751-6282 Facsimile
ResminiLawl@msn.com (e-mail)

Dated: August ~ 006

HEARING REQUESTED

Plaintiffs in the above entitled action request a hearing on this Motion pursuant to Local Rule 12 (b) Plaintiff says that this Motion seeks to preserve the Plaintiffs choice of forum and ought not to be decided without affording the Plaintiff an opportunity to be heard. Plaintiffs estimates that the time for the hearing on the Motion would not exceed thirty Minutes.

~ (L~

Wayne Resmini, Esq. (#6373)

CERTIFICATION

I the undersigned, do hereby certify that on Augusta, 2006, I mailed a true and accurate copy of the within Memorandum TO:

Adam A. Larson, Esq. (#7114)
CAMPBELL, CAMPBELL EDWARDS & CONROY
One Constitutional Plaza
Boston, Massachusetts 02129

Anthony J. Sbarra, Jr., Esq. (#7307)
CAMBELL, CAMBELL, EDWARDS & CONROY
One Constitutional Plaza
Boston, Massachusetts 02129

&%Mtt~? ~(2~CI—Th._~-

For: RE~MINI LAW ASSOCIATES

\tcTestlaw



C

Briefs and Other Related Documents

United States District Court,D. Nevada.
Sandie KNUTSON and Dennis Knutson, Plaintiffs,
v.
ALLIS-CHALMERS CORPORATION, et al., Defendants.
No. CV-N-O4-OG25LRHRJJ.

Feb. 23, 2005.

Background: Mesothelioma victim and her husband brought products liability suit in state court against various defendants allegedly responsible for her asbestos exposure. After the Seventh judicial District Court of the State of Nevada, County of Eureka, entered summary judgment in favor of non-diverse defendants, action was removed. Husband moved to remand.

Holdings: The District Court, Hicks, j., held that:

BilL husband had standing to bring motion to remand after patient’s death;

24J21 defendants did not show that non—diverse defendants had been fraudulently joined; and

27fl1. removal was procedurally defective due to untimeliness.

Motions granted in part and denied in part; remanded.

West Headnotes

flj Federal Courts 1703 €157

170B Federal Courts
170BII Venue
170BII(B) Change of Venue

© 2006 Thomson/WeSt. No claim to Orig. U.s. Govt. Works.


170BII(B)5 Multi—District Litigation; Transfer for Pre—Trial proceedings
170Bkl57 k. Effect of Transfer and Subsequent Proceedings. Most Cited Cases
Conditional order transferring asbestos litigation to ?4ultidistrict Litigation Court was automatically stayed when party to asbestos litigation filed notice of opposition to transfer, such that district

court to which action was originally removed continued to have jurisdiction to determine pretrial motions. 28 tJ.S.C.A. -1407.

fl].. Removal of Cases 334 t~1U2

3.1* Removal of Cases
334V1I Remand or Dismissal of Case
334k101 Grounds for Remand
334k102 k. Want of jurisdiction or of Cause for Removal. Most Cited Cases

Removal of Cases 334 €1O3

334 Removal of Cases
334VI1 Remand or Dismissal of Case
334k101 Grounds for Remand
334k103 k. Defects in proceedings for Removal. Most Cited Cases
A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C.A. § 1447(cL

ill Removal of Cases 334 t~'2

334 Removal of Cases
3341 Power to Remove and Right of Removal in General
334k2 k. Constitutional and Statutory Provisions. Most Cited Cases

Removal of Cases 334 €~1O7(7)

334 Removal of Cases
334VI1 Remand or Dismissal of Case
334 k107 proceedings for Remand and Review Thereof
334k107(7) k. Evidence. Most Cited Cases
Removal statutes are construed restrictively, and any doubts about

© 2006 Thomson/WeSt. No claim to Orig. U.S. Govt. Works.


removability are resolved in favor of remanding the case to state court. 28 U.S.C.A. § 1441.

1.41 Removal of Cases 334 €~107(7)

334 Removal of Cases
334V1I Remand or Dismissal of Case
334k107 proceedings for Remand and Review Thereof

334k107(7) k. Evidence. Most Cited Cases On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. 28 U.S.C.A. § 1447(c)

Jfl Removal of Cases 334 ~36

334 Removal of Cases
334111 Citizenship or Alienage of Parties
334k36 k. Improper or Collusive joinder of Parties. Most Cited Cases
Fraudulent joinder exception to the complete diversity requirement for removal requires defendants to show that the plaintiff has failed, under well—settled state law, to state a claim against a resident defendant. 28 U.S.C.A. § 1441(b).

1..~.1 Evidence 157 G~43(2)

157 Evidence
1571 judicial Notice
157k43 judicial Proceedings and Records
157k43(2) k. Records or Decisions in Same Case. Most Cited Cases
District court could take judicial notice of documents filed in court record in determining motion to remand, but facts allegedly proved by documents were subject to reasonable debate and were not themselves appropriate for judicial notice. Fed.Rules Evid.Rule 201(b), 28 U.S.C.A.

flJ Evidence 157 €~51

157 Evidence
1571 judicial Notice
157k5l k. Mode of Ascertaining Facts Required to Be Noticed;

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.


Motions and Notice of Reliance. Most Cited Cases District court is entitled to take judicial notice of adjudicative facts sua sponte. Fed.Rules Evid.Rule 201(b), 28 U.S.C.A.

fli Removal of Cases 334 e~105

334 Removal of Cases

334V11 Remand or Dismissal of Case
334k105 k. Parties Entitled to Remand. Most Cited Cases
Husband who was a named plaintiff on loss of consortium claims in product liability complaint brought by wife to recover for her injuries, had standing to bring motion to remand suit to state court, notwithstanding that legal representative had not been appointed for wife following her death. 28 U.S.C.A. § 1447(c).

*jfl* Removal of Cases 334 €‘105

334 Removal of Cases
334V11 Remand or Dismissal of Case
334kl05 k. Parties Entitled to Remand. Most Cited Cases
State court grant of summary judgment to three defendants prior to removal of case on ground that husband could not maintain loss of consortium claim against those defendants did not deprive husband of standing as a party to pursue remand of case as to remaining defendants, as husband’s claims against remaining defendants had not been addressed and dismissed. 28 U.S.C.A. § 1447(c).

1101 Removal of Cases 334 ‘€~1O7(.5)

334 Removal of Cases
334VI1 Remand or Dismissal of Case
334k107 proceedings for Remand and Review Thereof
334k107(.5) k. In General. Most Cited Cases District court may not sua sponte remand a case based on a procedural defect, but must do so if there exists a jurisdictional defect in removal. 28 U.S.C.A. § 1447(c).

[11] Removal of Cases 334 ‘t16

*3.3.4.* Removal of Cases
3341 Power to Remove and Right of Removal in General
334k16 k. Nature of Right of Removal. Most Cited Cases
Right of removal is entirely a creature of statute. 28 U.S.C.A. §

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


1441.

[12] Removal of Cases 334 t~2

334 Removal of Cases
3341 Power to Remove and Right of Removal in General
334k2 k. Constitutional and Statutory Provisions. Most Cited Cases

Strict construction applied in interpreting the removal statute necessarily requires removing defendants to conform precisely to the procedural requirements outlined in the statute.- 28 U.S.C.A. § 1441.

1131 Removal of Cases 334 tt~~82

334 Removal of Cases
334V1 Proceedings to Procure and Effect of Removal
334k82 k. Parties to Notice or Petition. Most Cited Cases
All defendants must either consent to or join the removal proceedings. 28 U.S.C.A. § 1446(b)

1141 Removal of Cases 334 €~82

334 Removal of Cases
334V1 Proceedings to Procure and Effect of Removal
334k82 k. Parties to Notice or Petition. Most Cited Cases
Defendant's pending motion in Nevada state court to dismiss for lack of personal jurisdiction did not excuse it from requirement that it join in removal with other defendants, as defendant could have joined without waiving its defense under Nevada law; defense was based on lack of contact with forum and did not assert that suit was improperly served. 28 U.S.C.A. § 1446(b).

[151 Removal of Cases 334 ~82

334 Removal of Cases
334V1 Proceedings to Procure and Effect of Removal
334k82 k. Parties to Notice or Petition. Most Cited Cases
All defendants who are properly joined and served in the action must join in the removal or consent to it in writing, with the exception of defendants who are fraudulently joined or who are nominal defendants. 28 U.S.C.A. § 1446(b).

[161 Removal of Cases 334 ~82

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


334 Removal of Cases
334V1 Proceedings to Procure and Effect of Removal
334k82 k. Parties to Notice or Petition. Most Cited Cases
Defendant is only considered a nominal party, whose consent or joinder is not required to remove case, where his role is limited to that of a stakeholder or depositary. 28 U.S.C.A. § 1446(b).

[17] Removal of Cases 334 t~'15

334 Removal of Cases
3341 Power to Remove and Right of Removal in General
334k15 k. Condition of Case. Most Cited Cases
An action not initially removable must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable. 28 U.S.C.A. § 1446(b).

[18] Removal of Cases 334 €~15

334 Removal of Cases
3341 Power to Remove and Right of Removal in General
334k15 k. Condition of Case. Most Cited Cases Grant of summary judgment in favor of group of non–diverse defendants was not a voluntary act on the part of plaintiffs and thus bould not serve as basis for removal under rule that action not initially removable must remain in state court unless voluntary act of the plaintiff renders case removable. 28 U.S.C.A. § 1446(b).

119] Federal Courts 170B ~303

flOE Federal Courts
17OBIV Citizenship, Residence or Character of Parties, jurisdiction Dependent on
17OBIV(B) Controversies Between Citizens of Different States
170Bk303 k. Improper or Collusive Making or joinder of Parties. Most Cited Cases
A fraudulent joinder occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. 28 U.S.C.A § 1446(b).

1201 Removal of Cases 334 t~1O7(7)

334 Removal of Cases

334V11 Remand or Dismissal of Case

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



334k107 Proceedings for Remand and Review Thereof

334k107(7) k. Evidence. Most Cited Cases
If a fraudulent joinder is alleged, the defendant seeking removal is entitled to go beyond face of complaint and present the facts and submit evidence which shows that the joinder is fraudulent. ~ U.S.C.A. § 1446(b).

[211 Removal of Cases 334 €~36

334 Removal of Cases
334111 Citizenship or Alienage of Parties
334k36 k. Improper or Collusive Joinder of Parties. Most Cited Cases
In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non–diverse defendant and thus abandonment of majority of claims is not ground for removal. 28 U.S.C.A. § 1446(h).

[221 Removal of Cases 334 €~36

334 Removal of Cases
334111 Citizenship or Alienage of Parties
334k36 k. Improper or Collusive joinder of Parties. Most Cited Cases

Removal of Cases 334 €1O7(7)

334 Removal of Cases
334V11 Remand or Dismissal of Case
334 k107 Proceedings for Remand and Review Thereof
334k107(7) k. Evidence. Most Cited Cases Removal based on fraudulent joinder is not appropriate if the facts alleged by plaintiff and proven by defendant, when considered together in the light most favorable to the plaintiff, would have survived a motion for dismissal for failure to state claim. 28 U.S.C.A. § 1446(b); Fed.Rules Civ.Proc.Rule l2(b)(6), 28 U.S.C.A.

[231 Federal Courts 1703 ~3O3

17OB Federal Courts
17OBIV Citizenship, Residence or Character of Parties, jurisdiction Dependent on
17OBIV(B) Controversies Between Citizens of Different States

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.


l702k303 k. Improper or Collusive Making or joinder of Parties. Most Cited Cases
Expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly “sham” defendants. 28 U.S.C.A. § 1446(b).

**124]** Removal of Cases 334 €~36

334 Removal of Cases

334111 Citizenship or Alienage of Parties
334k36 k. Improper or Collusive joinder of Parties. Most Cited Cases

Removal of Cases 334 t~1O2

334 Removal of Cases
334VI1 Remand or Dismissal of Case
334k10l Grounds for Remand
334k1O2 k. Want of jurisdiction or of Cause for Removal. Most Cited Cases
Defendants' failure to prove that there was no possibility that claim could have been stated under state law against allegedly fraudulently joined non—diverse defendants, who secured summary judgment in their favor before case was removed, required remand of case to state court; it was possible to establish liability under state law against defendants on facts alleged in complaint, and complaint therefore plead sufficient facts to survive motion to dismiss, which was standard for determining whether defendants had been fraudulently joined. 28 U.S.C.A. § 1446(b).

[25] Removal of Cases 334 t~79(1)

334 Removal of Cases
334V1 Proceedings to Procure and Effect of Removal
334k78 Time for Taking proceedings
334k79 In General
334k79(1) k. In General. Most Cited Cases
Defendants have an opportunity to remove a case either a-t the time the complaint is served or, if the case does not appear removable based on the complaint, at the time defendants receive a pleading that alerts them to the removability of the case. 28 U.S.C.A § 1446.

**[26] Removal of Cases 334 ~79(1)**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


334 Removal of Cases
334V1 Proceedings to Procure and Effect of Removal
334k78 Time for Taking Proceedings
334k79 In General
334k79(1) k. In General. Most Cited Cases Where the initial pleading is indeterminate, absent fraud by the plaintiff or pleadings that provide "no clue" as. to removability of case, the burden is on the defendants desiring removal to scrutinize the case and to remove it in a timely fashion. 28 U.S.C.A. § 1446.

[27] Removal of Cases 334 €~79(1)

33.4. Removal of Cases
334V1 Proceedings to Procure and Effect of Removal
334k78 Time for Taking Proceedings
334k79 In General
334k79(1) k. In General. Most Cited Cases
Plaintiff’s filing of a brief in opposition to motion for summary judgment brought by non–diverse defendants in state court did not provide new information that allowed remaining defendants to remove case after initial 30-day period on ground that non–diverse defendants had been fraudulently joined, where brief did not contain any relevant information that could not have been gleaned from complaint. 28 U.S.C.A. § 1446(b).

*986 Kurt Franke, Law Offices of Kurt A. Franke, Reno, NV, Charles Siegel, Pro Hac Vice Firm, Waters & Kraus, Dallas, TX, Michael Armitage, Pro Hac Vice Firm, Waters & Kraus, LLP, Long Beach, CA, for Plaintiffs.
Anoela Bader, Steven Guinn, Laxalt & Nomura, Ltd., Charles Spann, Perry & Spann, Clark Vellis, jones Vargas, Jack Angaran, Ryan Mandell, Georgeson, Thompson & Angaran, Chtd., Eric Leitner, Eugene Wait, Wait Law Firm, Reno, NV, Troy Peyton, Rumph & Peyton, William Cooper, Cooper Law Offices, Gavin Jangard, Thomas Kumrner, Kummer Kaempfer Bonner & Renshaw, Anne Weilborn, Bullivant Rouser Bailey, PC, Von Heinz, Lewis & Roca, LLP, James Christensen, Gordon & Rees, Albert Thuessen, Jackson & Wallace, LLP, Michael Edwards, Sheri Schwartz, Lewis Brisbois Bisgaard & Smith, LLP, James Barker, Gifford, Vernon, Barker & Glade, Michael Hagemeyer, Michael A. Hagemeyer, Janice Brown, Barker Brown Busby Chrisman, Et Al, Marsha Tarte, Pico Escobar Rosenberger, Kelly Evans, Snell & Wilmer, David Barron, Nadia Von Magdenko, William Pruitt, Barron Vivone Holland Pruitt, Chtd., Davis

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.



Vandervelde, Jack Cherry, Alverson Taylor Mortensen, Et Al, Scott Stonehocker, Tomas Mazeika, Fredrickson Mazeika & Grant, LLP, Las Vegas, NV, David Brown, Woodbury Morris & Brown, Henderson, NV, Brinton Burbidge, Paul Van Komen, Thomas Anderson, Pro Hac Vice Firm, Burbidge & White, L.L.C., Salt Lake City, UT, Julie Torres, Pro Hac Vice Firm, Jackson & Wallace, San Francisco, CA, Andy Goetz, Pro Hac Vice Firm, Prindle, Decker & Amaro, LLP, Long Beach, CA, Mary Birk, Baker & Hostetler, Denver, CO, for Defendants.

***ORDER***

HICKS, District Judge.
Presently before the Court is Plaintiff Dennis Knutson's Motion for Remand and Request for Judicial Notice (Docket No. 97), Numerous opposition pleadings have been filed with the Court in regard to both the remand motion and the request for judicial notice.~ Plaintiff has filed a reply (Docket No. 155) Upon review of the record and relevant law, the Court grants Plaintiff's motion.

FN1. See Docket Nos. 131—133, 138—151.

FACTUAL A1~ID PROCEDURAL BACKGROUND

This suit arises from the injuries sustained by Plaintiff Sandie Knutson ("Mrs.Knutson") due to her exposure to asbestos and asbestos—containing equipment. Mrs. Knutson suffered and, on October 26, 2004, was ultimately killed by mesothelioma, an "invariably fatal cancer, for which asbestos exposure is the only known cause. ***In re Pafrenaude,*** 210 F.3d 135, 138 (3d Cir.2000), ***cert. denied,*** 531 U.S. lOll, 121 S.Ct. 565, 148 L.Ed.2d 484 (2000) On November 24, 2003, Mr. and Mrs. Knutson ("Plaintiffs") filed suit in state court against numerous Defendants alleged to be responsible, in some way, for Mrs. Knutson's exposure to asbestos. Plaintiffs' complaint alleges that Mrs. Knutson was exposed to asbestos during the years 1958 to 1988. During these years, she was exposed as a result of her own work with and around asbestos—containing equipment; and through the asbestos fibers both her father and husband brought home from work on their persons and clothing.

Plaintiffs are both domiciliaries of Nevada. All named Defendants were entities residing outside of the District of Nevada, with the exception of three Defendants: *987 the Battle Mountain Gold Company, the Carlin Gold Company, and the Newmont Gold Company (collectively,

© 2006 ThomsOn/West. No Claim to Orig. U.S. Govt. Works.


the "Newmont Defendants") As diversity was presumed destroyed by the inclusion of the Newmont Defendants, no Defendant attempted to remove the case at the time of the service of the complaint.

On September 9, 2004, the Newmont Defendants filed a motion for summary judgment. Plaintiffs' Opposition brief was filed on October 1, 2004. On October 15, 2004, the Seventh Judicial District Court of the State of Nevada, in and for the County of Eureka, granted the motion for summary judgment in favor of the Newmont Defendants. Subsequently, on November 1, 2004, Defendant Honeywell International, Inc.

(hereinafter, “Honeywell”) filed a Notice of Removal of the action to the U.S. District Court for the District of Nevada. Honeywell’s Notice of Removal contends that removal became appropriate on October 4, 2004, when Plaintiffs served their Opposition to the Newmont Defendants’ motion for summary judgment (hereinafter, “Opposition”) on Defendant Honeywell. According to Honeywell, Plaintiffs’ Opposition put Defendants on notice, for the first time, that removal was possible because the brief showed “that Newmont was ‘fraudulently joined’ in that there was no basis in fact or colorable ground supporting the claim against Newmont, and that there was no real intention in good faith to prosecute the action against Newmont or seek a joint judgment.” (Def. Honeywell’s Notice of Removal at 5:1—5.) With the possible exception of Defendant Page—Brake, all other Defendants still a party to the action (hereinafter, the “Removing Defendants”) joined in the removal on or before October 4, 2004. On December 1, 2004, Mr. Knutson (hereinafter, “Plaintiff”) filed the instant motion to remand the case to state court for lack of jurisdiction.

..W.. Additionally, this case has been identified as a tag along action in an asbestos case which the Judicial Panel on MultidistriCt Litigation (the “Panel”) has been authorized to coordinate pursuant to 28 U.S.C. § 1407. The Panel is responsible for conditionally transferring all tag along cases in which there is or may be federal jurisdiction to the Multidistrict Litigation~ court, *see Id.,* which is in the United States District Court for the Eastern District of Pennsylvania (the “MDL court”) A conditional transfer order to the MDL court was issued in this case by the Panel on December 21, 2004. ~ (Def. Honeywell’s Notice of Conditional Transfer Order, Docket No. 154.) As specified in the conditional transfer order, if any party files a notice of opposition to the order, the order does not become effective and is stayed until the Panel makes a final decision in the matter. *Id.* As Plaintiff has opposed the transfer, and the

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.



conditional transfer order i5 accordingly stayed, this Court continues to have jurisdict~0~ to determine Plaintiff’s motion for remand. *See Greenevwveth*344 F.Supo2d 674, 677-78 (D.Nev.2004); *R.iversv Walt Disney Co.* 980 F.Suo 1358 1360 C.D.Cal.l997) (citing the Multidistrict Litigation Panel’s holding that “the Pendency of a motion or conditional transfer order [does] not affect or suspend orders and pretrial Proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdictj0~ of that court”)

EN~. The conditional transfer order was authorized pursuant to
~ 43536
and 28
U.S.C. S 1407.

LEGAL S TANDAp.~

Under ~ 1441 the removal statute, "any civil action brought in a State *988 court of which the district courts of the United States have Original jurisdict~0~ may be removed by the defendant or defendants, to the district court of the United States for any district ...where such action is pending." 28 U.S.C. § l44Ua). One instance in which the district courts of the United States have "original jurisdicti0~" is where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C § 1332(a) (1).

J.2iJjjjjj The proper procedure for challenging removal to federal court is a motion to remand. A federal court must order remand if there is any defect which causes federal jurisdicti0~ to fail, or if there is any defect in the removal procedure. 28 U.S.C. § l447(cL. The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil* & *Gas Cor .v. Sheets* 313 U.S. 100 108-09 61 ~ 872 85 L.Ed. 1214 (1941); *Gaus v. Miles, Inc.,* 980 F.2d kfiuz. .5k6 9thCir 1992 On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence *a.* at 567~ *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403–04 (9th Cir.1996)

© 2006 Thomson/West No Claim to Orig. U.S. Govt. Works.



DISCUSSION

~ Although 28 U.S.C. 1441(a) permits defendants to remove a case in which there is diversity jurisdiction to federal court, section 1441(b) states that diversity jurisdiction cases are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." As mentioned previously, three non–diverse Defendants–collectively

called the "Newmont Defendants"—were joined and served in this case. Nonetheless, the Removing Defendants sought removal, and now oppose remand, based upon the "fraudulent joinder" exoeption to the complete diversity requirement. This exception requires Defendants to show that the Plaintiff has failed, under well—settled state law, to state a claim against a resident defendant. *Ritchev v. [ID-john Drua Comoanv,* 139 F.3d 1313, 1318 (9th Cir.1998). In the motion for remand, Plaintiff asserts that removal was improper both due to procedural defects in the removal, and because there was no fraudulent joinder. If Plaintiff prevails in either argument, then the case must be remanded. Initially, however, the court must consider Plaintiff's motion for judicial notice, and the Defendants' objections to the motion.

A. Availability of Judicial Notice

..[il. In conjunction with—and in support of—Plaintiff's motion for remand, Plaintiff requests this Court take judicial notice of several court documents and the facts they support. Defendant Honeywell has filed an objection to Plaintiff's requests numbered 24 through 27, arguing that judicial notice is not appropriate with regard to those requests. The requests ask this Court to take judicial notice that:

24. Not all Defendants have executed Honeywell's "Consent to Removal." *[See,* Honeywell's "Supplement to Notice of Removal of Action," which was filed with this Court. The Court may take judicial notice of its own records, records of inferior Courts, and records on file with the Court. *(U.S. v. Wilson,* 631 F.2d 118 (9th Cir.l980fl; *Schweitzer v. Scott,* 469 F.Supp. 1017 (C.D.Cal.l979).]

25. Not all Defendants who were named in the Original and/or First .~imended Complaint and served with the same have filed *989 or served joinders in removal. *[See,* records and documents filed with this Court. The Court may take judicial notice of its own records, records of inferior Courts and records on file with the Court. *(U.S. v. Wilson,* 631 F.2d 118 (9th Cir.l980H; *Schweitzer v. Scott,* 469

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



F.Supp. 1017 (C.D.Cal.1989).]

26. In a letter dated November 1, 2004 from Thomas C. Anderson of Burbridge & White LLC, counsel of record for Page Brake indicated Page Brake will not join the removal. (This document is included in "Exhibit A" to Honeywell's "Supplement to Notice of Removal of Action," filed with this Court.... *[) I*

27. The papers and pleadings on file with the Court demonstrate there were multiple procedural defects in the Notice of Removal.

(Pl.'s Req. for Judicial Notice at 7:25—8:20) (emphasis in original).

Defendant Honeywell's objection (Docket No. 138) is based on Federal Rule of Evidence 201(b), which provides that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). Defendant Honeywell claims that the facts quoted above are subject to reasonable dispute, as they are in fact issues disputed by Defendants. This Court agrees that the facts themselves are not appropriate for judicial notice. While the Court is certainly authorized to take judicial notice of the court documents themselves, and chooses to do so, the Court must ascertain for itself the verity of the facts which Plaintiff alleges is proven by those documents.

Defendant Elliott Turbomachinery Co. (hereinafter, "Elliott") has filed its own objections to the request for judicial notice (Docket No. 132) The objection raises a different issue from that raised by Defendant Honeywell—an issue concerning standing. Mrs. Knutson died on October 26, 2004, leaving her husband, Dennis Knutson, the only surviving Plaintiff named in the suit. According to Elliott, because a legal representative has not yet been appointed for Mrs. Knutson, there is currently no Plaintiff with standing to take action in this case.

171 181 191 As this Court is entitled to take judicial notice of adjudicative facts *sua sponte, see* Fed.R.Evid. 201(b); *Everett Associates, Inc. v. Transcontinental Ins. Co.,* 159 F.SuDD.2d 1196, 1200 (N.D.Cal.2001L, whether or not Dennis Knutson has standing is not important to this Court's decision regarding judicial notice. However, the argument is worth addressing further, as Defendant Elliott also raises it with regard to Plaintiff's standing to make a motion for remand. Upon consideration, the Court finds that Dennis

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Knutson does have standing in this case. Mr. Knutson is a named Plaintiff in the complaint, and the complaint alleges a loss of consortium claim on his behalf. Defendant Elliot's assertion that Mr. Knutson has no standing is based on the previous state court grant of summary judgment to the Newmont Defendants, where the court found that Mr. Knutson could not state a claim for loss of consortium under Nevada law. (Def. Elliott's Mot. at 2:25—3:3.) Indeed, the reasons for granting summary judgment with regard to the loss of consortium claim against the Newmont Defendants does appear to be applicable to the consortium claims against other defendants. Nevertheless, Mr. Knutson's claims have not in fact been dismissed against the remaining*9[9]O Defendants, and therefore at this time he remains a party

to the case.

L1QL Moreover, although under Ninth Circuit precedent a district court may not *sua sponte* remand a case based on a procedural defect, *see Kelton Arms Condominium Owners Ass'n. Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1192 (9th Cir.2003), that is not the case where subject matter jurisdiction is lacking. If there exists a jurisdictional defect in the removal, *sua sponte* remand is not only permissible, but the district court "must remand if it lacks jurisdiction." ~ (citing *Sparta Surcyical Corp. v. Nat'l Ass'n~ Sec. Dealers, Inc.,* 159 F.3d 1209. 1211 (9th Cir.1998i±. As it is the substantive, rather than procedural, issues on which this Court ultimately rests its decision, any lack of standing on the part of Mr. Knutson would not pose a barrier to remand.

B. procedural Defects Raised by Plaintiff

Flu 1121 Because the right of removal is "entirely a creature of statute," *Syncrenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 32, 123 S.Ct. 366, 369—70, 154 L.Ed.2d 368 (2002), and because removal itself is done in "derogation of state sovereignty," *U.S. ex. rel. Walker v. Gunn,* 511 F.2d 1024, 1027 (9th Cir.l975), courts are required to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healv v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934) Consequently, the strict construction applied in interpreting the removal statute necessarily requires removing defendants to conform precisely to the procedural requirements outlined in the statute. *See, e.g., Johnson* v. *Circuit City Stores, Inc..* 71 F.SuPD.2d 102~ 1028 (N.D.Cal.l999) If the removal has not been effectuated in a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


procedurally correct manner, the Plaintiff will prevail in a motion for remand.

1131 The relevant section of the removal statute specifies that:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding isbased, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the

defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b). An additional requirement of removal is that all Defendants either consent to or join the removal proceedings. *See Parrino* v. *FHP, Inc.,* 146 F.3d 699. 703 (9th Cir.1998).

Defendants' theory of removal is premised on the second paragraph of section 1446(b), i.e., the notion that the case was not initially removable by virtue of the complaint, but became removable upon the receipt of Plaintiff's Opposition brief concerning the Newmont Defendants' motion for summary judgment. It is at that time, Defendants contend, that they first received notice from which it could be ascertained that the case was removable. Plaintiff asserts that two procedural defects in removal require remand. Initially, Plaintiff contends that Defendant Page *991 Brake has neither filed a joinder in removal nor executed the consent form sent by Honeywell to all Defendants when Honeywell sought removal. Additionally, Plaintiff argues that Ingersoll–Rand did not file a timely joinder to the motion and therefore must not be considered to have consented or joined the motion within the thirty days required by the statute.

A plausible argument is made with regard to Defendant Page Brake's failure to join or consent in the removal. Although the parties agree that Page Brake did not officially join, the Removing Defendants argue that Page Brake is "merely a nominal defendant, and is not a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



properly served defendant" (Def. Honeywell's Opp'n., Docket No. 139, at 7:28–8:2), by virtue of Page Brake's previous motion before the state court to dismiss the claims against it for lack of jurisdiction.~ Defendants further claim that, in any event, Page Brake has formally consented to the removal.

FN3. This motion was made, but not heard or decided, prior to removal of the action to federal court.

1141 It is clear to the Court that Page Brake's challenge to personal jurisdiction in state court does not excuse it from the requirement that it consent or join in the removal. Though Defendants contend that Page Brake could not have joined in the removal without waiving its

defense, this is clearly not the case. In Nevada, a defendant can now avoid waiver of a defense of lack of jurisdiction merely by raising the defense in either an answer or pre—answer motion. *See Hansen v. Eiohth Judicial Dist. Court cx rd. County of Clark,* 116 Nev. 650, 656, 6 P.3d 982, 985 (2000). The Nevada Supreme Court has explicitly stated that a defense of lack of personal jurisdiction "is not waived by being joined with one or more other defenses;" rather, the defense is only waived by a failure to timely assert the defense. j~. While Defendant Honeywell does provide authority that a party not properly served need not be joined in a petition for removal, Page Brake's challenge for lack of jurisdiction does not actually assert •that Page Brake was improperly served. Rather, Page Brake's motion before the state court to quash service of process merely claims a lack of personal jurisdiction due to lack of contact with the forum state. (Def. Honeywell's Opp'n., Ex. D.)

1151 11fl Established case law since 1896 makes it clear that Defendant Page Brake could have joined in the removal petition without waiving its challenge to personal jurisdiction in state court. *See Wabash & Western Ry. v. Brow,* 164 U.S. 271, 279, 17 S.Ct. 126, 128, 41 L.Ed. 431 (1896); *Emolovers Reins. Coro. v. Bryant,* 299 U.S. 374, 376. 57 S.Ct. 273, 274, 81 L.Ed. 289 (1937); *Hassler v. Shaw.* 271 U.S. 195, 199—200, 46 S.Ct. 479, 480, 70 L.ECI. 900 (1926). *See also* 14 C Charles Alan Wright et al., Federal Practice and Procedure: Jurisdiction 3d § 3738 (3d ed.l998). The question before this Court is whether Defendant Page Brake is excused from joining in the removal petition. The Court concludes that it is not. The rule, as expressed by Ninth Circuit courts, is that all defendants who are properly joined and served in the action ~ must join in the removal

© 2006 Thomson/WeSt. No Claim to Orig. U.S. Govt. Works.



or consent to it in writing, with the exception of defendants who are fraudulently joined ~ or who are nominal defendants. *See Hewitt v. City of Stanton.* 798 F.2d 1230, 1232 (9th Cir.1986) .There is no allegation that Page Brake was fraudulently joined, and a defendant is only considered a nominal party "where his role is limited to that of a stakeholder or depositary." *Id.* at 1232—33 *see also* *992 *Emrich,* 846 F.2d at 1193 n. 1; 28 U.S.C § 1446(b). Therefore, Page Brake does not fall under any of the exceptions to the requirement that it either consent or join in the removal, and it is clear that it did not join. *See, e.g., McCurtain County Production Coro., v. Cowett.* 482 F.Suop. 809, 813 (E.D.Okla.1978) (finding case improperly removed due to failure of all defendants to join, even though the non—joining defendants were of the opinion that joining would waive their personal jurisdiction defense)

FN4. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988)

FN5. *See id.* at 1193 n. 1.

Nonetheless, the removal may still be proper if Page Brake expressed explicit, written consent, to removal. *See Prize Frize, Inc. v. Matrix, Inc.,* 167 F.3d 1261, 1266 (9th Cir.1999) A letter from Page Brake's counsel to Defendant Honeywell's counsel, states:
We certainly support the concept and propriety of the removal of this case to Federal Court. However, we do not feel that it is necessary or appropriate for Page Brake to join in the Petition for Removal because it is not a party to the action. Furthermore, we feel that a joinder in a Petition for Removal may jeopardize the position of Page Brake with respect to its Motion to Quash Service and other proceedings in this case.

(Def. Honeywell's Opp., Ex. A.) The parties disagree as to whether this letter should be construed as written consent for removal. Page Brake attempts to clarify the situation by submitting a Declaration to this Court, which unequivocally states that the letter provided as an exhibit by Defendant Honeywell was intended to express consent to the removal. (Def. Page Brake's Decl., Docket No. 156.) It is clear that any ambiguity on Page Brake's part was due to counsel's misunderstanding that joining the removal would jeopardize Page Brake's standing to challenge personal jurisdiction, but this does not necessarily excuse Page Brake from providing explicit written consent

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



within the thirty day time line.

Second, Plaintiff argues that the joinder of Ingersoll—Rand in Defendants' removal was untimely because, under the statute, the joinder must be filed within thirty days of receipt of the pleading which indicates that removal is possible. Plaintiff contends that Ingersoll—Rand received Plaintiff's Opposition to the Newrnont Defendants' motion for summary judgment on October 1, 2004. If this is true, Ingersoll—Rand's joinder on November 2, 2004, was untimely. However, the Court finds that there is sufficient evidence to establish that Ingersoll—Rand did not in fact receive the relevant pleading until October 4, 2004J~[6] Plaintiff asserts that the document was faxed to Ingersoll—Rand on October 1st, a Friday. However, it is not disputed that the document was faxed after business hours, and that the exhibits to the pleading were omitted in that fax. Ingersoll—Rand did not receive the entire document, if any of it, until October 4, 2004. The procedural challenge, therefore, does not appear

meritorious. Nonetheless, it is unnecessary to make a ruling on the matter, as the Court finds in any event that it lacks subject matter jurisdiction over this case, as discussed below.

FN6. Defendant's arguments are supported by the following evidence: (1) Declaration of Jack G. Angaran, attached to Defendant Honeywell's Opposition (Docket No. 139) as Exhibit "E", states that Honeywell also did not receive the Plaintiff's Newmont MSJ Opposition until October 4; and (2) the Declaration of Eric D. Leimer, attached to Ingersoll—Rand Company's Opposition to Plaintiff's Motion for Remand (Docket No. 131).

## C. Availability of the Fraudulent Joinder Doctrine as Grounds for Removal

1171 1181 As discussed previously, section 1446(b) allows removal of a case not *993 initially removable upon the occurrence of any event subsequent to filing that makes federal jurisdiction appropriate. However, in applying this section, Courts have "imposed the 'voluntary/involuntary' rule, under which an action not initially removable must remain in state court unless a 'voluntary act' of the plaintiff brings about a change that renders the case removable." *Simoson v. Union Pacific R. Co.,* 282 F.Suoo.2d 1151, 1158 (N.D.Cal.2003) (quoting *California v. Keatina,* 986 F.2d 346, 348 (9th Cir.1993)). Because of the voluntary/involuntary rule, Defendants

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



cannot—and presumably do not attempt to—assert that this case became removable solely by virtue of the state court's grant of summary judgment in favor of the Newmont Defendants. The grant of summary judgment was not a voluntary act on the part of Plaintiffs and cannot serve as the basis for removal. However, Defendants remain entitled to argue and prove that this case is removable due to the fraudulent joinder of the Newmont Defendants. *See jç~ Insinga y. LaBella,* 845 F.2d 249, 254 (11th Cir.l988).

1191 1201 A fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state ...*Ritchey v. Upiohn Drug Company,* 139 F,3d 1313, 1318 (9th Cir.1998) .The doctrine serves as an exception to the general rule that a court must rely solely on the face of the complaint to determine if complete diversity between the plaintiffs and defendants is present. *Id.* If a fraudulent joinder is alleged, the defendant seeking removal is entitled to present the facts and submit evidence which shows that the joinder is fraudulent.

~ (citing *McCabe v. General Foods Corp.* 811 F.2d 1336, 1339 (9th Cir.l987); *Wilson* v. *Republic Iron* & *Steel Co.,* 257 U.S. 92, 97—99, 42 S.Ct. 35, 37—38, 66 L.Ed. 144 (1921)). In this case, however, the Removing Defendants present only the assertion that Plaintiff's Opposition to the Newmont Defendants' motion did not contain any facts or legal analysis which would establish a claim against the Newmont Defendants. The Removing Defendants claim that Plaintiff's Opposition:

abandoned all claims against Newmont, except for negligence and failure to warn. Even with respect to these two remaining claims, plaintiffs failed to note that, under Nevada law, a defendant's duty to warn exists only where there is a "special relationship" between the parties, and the danger is foreseeable. Furthermore, plaintiffs failed to cite the controlling, unfavorable case of *Sierra Pacific Power Co. v. Rinehart,* 99 Nev. 557, 665 P.2d 270 (1983), which rejected the "doctrine of peculiar risk" as applied to situations where, as here, an employer is in a better position to take special precautions to protect against any 'peculiar dangers.' Tellingly, plaintiffs failed to adduce any evidence whatsoever and did. not present even one fact in support of their two remaining claims of negligence and failure to warn, in order to demonstrate that there was any such 'special relationship' or 'peculiar danger.

(Def. Honeywell's Opp'n., Docket No. 139, at 14:21—15:6.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



1211 1221 Initially, it is of little consequence that Plaintiff abandoned the majority of his plaims against the Newmont Defendants. In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non—diverse defendant. *See, e.g. Gray v. Beverly Enterprises—Mississippi,* 390 F.3d 400, 411—12 (5th Cir.2004) (citing *Green v. Amerada Hess Corp.,* 707 F.2d 201, 208 (5th Cir.l983); *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989)) However, as to the claims not abandoned, this Court is in the interesting position of being asked to determine *994 whether the claims which were already dismissed by the state court were obviously not viable according to well—settled rules of state law. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir.l998) Clearly, any alleged inadequacy on the part of Plaintiff's briefing cannot constitute proof of a failure to state a viable claim. Rather, it is the Removing Defendants who carry the burden of establishing a failure to state a claim. The Court's responsibility is to consider legal arguments and factual evidence, presented by the Defendants, and determine whether Plaintiffs had no claims against the non—diverse Defendants as a matter of well—settled law. Because a joinder may only be considered

fraudulent if there was a failure to state a claim as a matter of well—settled law, then a state court grant of summary judgment deciding a new or controversial question of law would not support a finding of fraudulent joinder. *See, e.g., Leona y.Taco Bell Corp.,* 991 F.Supp. 1237, 1239 (D.Or.1998).~ Moreover, if the facts alleged by Plaintiff and proven by Defendant, when considered together in the light most favorable to the Plaintiff, would have survived a motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b) (6), then removal based on fraudulent joinder is not appropriate. *See Sessions v. Chrysler Corp.,* 517 F.2d 759, 761 (9th Cir.l975) (stating that "[i]nasmuch as appellant's case against the individual defendants was sufficient to withstand a dismissal motion under Fed.R.Civ.P. 12(b) (6), the joinder of claims against them was not fraudulent so as to warrant dismissal on that score.")

FN7. In *Leong,* the court did not find a fraudulent joinder. Rather, the court found remand proper, noting that the state court's dismissal of the non—diverse defendant did not compel the federal court to conclude that there was *"no possibility* that the state court [could have ruled) otherwise." *Id.*

FN8. *Ritchey v. Upjohn Drua Company,* 139 F.3d 1313, 1319 (9th

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.



çjjflg also cites *Session.~* for this proposition

Defendants have not briefed this Court with regard to the "well—settled" nature of the law on which the state court relied in granting summary judgment in favor of the Newmont Defendants. Defendants also fail to establish that Plaintiffs could not have survived a motion to dismiss under Federal Rule of Civil Procedure nor do they present Certain facts which would permit this Court to enter into a more detailed analysis of the law.

Although Defendants do not adequately brief this Court with regard to whether or not the issue of law on which the state court granted summary judgment was "well—settled," the Court has considered the state court's opinion carefully. The decision primarily relies on a 1983 case where a landowner_contractee was sued by an employee of the landowner's contractor while working on a job on the property. *See Sierra Pacific Power Co. v. Rinehart* 665 P.2d 270 99 Nev. 557 (holding that a landowner owed no duty of care to a contractor's employee in the situation posed by the parties) This Court notes, however, that several similar cases exist which are more recent, and which are either distinguished from *Rinehar~* or discuss facts which would permit a distinction from *Rinehart. See, e.g., Lfttjefieldv U.S.,* 927 F.2d

1099, 1104 (9th Cir.199l) *cert. denied,* 502 U.S. 90~ 112 S.Ct. 299, 116 L.Ed.2d 242 (1991) (implying that a distinction might be present where the employer was in a better Position than the contractor to anticipate dangers and implement precautions, or where there was a question as to the competency or solvency of the independent contractor); *Karadanis v. Newcomjj,* 698 P.2d 872, 874, 101 Nev. 196, 199 (1985) (holding that a landowner may be liable for injuries to an independent contractor's employee if the hazardous*995 condition was not "open and obvious," if the condition was not a necessary consequence of the construction, and if the landowner maintained possession and control of the premises); *Sims v.General Tel. & Elec.,* 107 Nev. 516, 815 P.2d 151 (1991). *See generally,*

~

.L Defendants' Opposition to the remand has not mentioned these cases, nor have they briefed this Court regarding whether it is well—settled that a case for liability could not be made based on these precedents Moreover, it appears that the decision of the state court in granting summary judgment relied on evidence of facts, or a lack of such evidence. (Pl.'s Reply, Ex. 2 at 9:19—20.) It would be inappropriate for this Court to find fraudulent joinder based

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



on the insufficiency of evidence to survive the Newmont Defendants' motion to dismiss, as it is the Removing Defendants who have the heavy burden in this matter and must establish the facts which evidence a fraudulent joinder. *Plute y.Roadway Packaae System, Inc.* 141 F.Supp.2d 1005, 1008 (N.D.Cal.2001) (citing *Nishimoto v. Federman—Bachrach & Assocs.,* 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988)). *See also Macev v. Allstate Property and Cas. Ins. Co.,* 220 F.Supn.2d 1116 (N.D.Cal.2002).

1231 1241 Claims for fraudulent joinder are reviewed on a standard similar to or more lenient than the standard for motions to dismiss. *Sessions v. Chrysler Corp.,* 517 F.2d 759. 761 (9th Cir.1975) (noting that to the extent appellant's case could withstand a motion to dismiss, the joinder of claims against Defendants was not fraudulent) ~ *Bertrand v. Aventis Pasteur Labs., Inc.,* 226 F.Suoo.2d 1206, 1213 (D.Ariz.2002) (noting that the standard for fraudulent joinders is more lenient than that employed in motion to dismiss inquiries) *See also supra* note 8. In sum, because the expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly "sham" defendants, *see Ritchey, supra,* 139 F.3d at 1318; *McCabe, supra,* 811 F.2d at 1339, the standard is necessarily similar to that of motions to dismiss, with two exceptions: (1) this Court may pierce the pleadings to make factual

determinations, and (2) the Court may not make final determinations with regard to questions of state law that are not well—settled.~° As it is clear from the case law cited above, it is possible to establish liability against an employer of a contractor. Plaintiff's complaint, therefore, pleads sufficient*996 facts to survive a motion to dismiss. Defendants have not provided this Court with any evidence to "pierce the pleadings" and allow a more detailed analysis of the law as it is relevant to the facts of this case. Though Defendants are entitled to make a showing of facts which indicate a fraudulent joinder, Defendants have not done so. Rather, the Removing Defendants rely on the previous state court decision and the alleged inadequate briefing of Plaintiff's Opposition. This form of argument impermissibly shifts the burden of proof to the Plaintiff.

FN9. *See also See, e.g., Maves* v. *Raooport,* 198 F.3d 457, 466 (4th Cir.1999) ("we review claims for fraudulent joinder under a standard more lenient than that for a motion to dismiss"); *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462 (5th Cir.2003) (noting

© 2006 **Thomson/West. No claim to Orig. U.S. Govt. Works.**



that the applicable standard for resolving fraudulent joinder claims bears some similarity to that employed in motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6), though the scope of inquiry is broader as the court may pierce the pleadings to examine factual evidence)

FN1O. The Ninth Circuit has previously indicated that a defendant is not fraudulently joined if there is either a factua.l or legal uncertainty regarding the claims against him. *See Smith v. Southern Pacific Co.,* 187 F.2d 397, 402 (9th Cir,1951) ("The necessity of establishing in the complaints the relationship of the defendants, in this case an employment relationship, is at best a doubtful question of state law which should be tried in the state court and not determined in removal proceedings") Federal district courts are not entitled to determihe uncertain issues of law in order to ascertain whether there has been a fraudulent joinder, as those such issues must be determined in state court. *See e.g., Green v. Amerada Hess Corp.,* 7D7 F.2d 201, 205 (5th Cir.1983) ("if there is even a possibility that a state court would find a cause of action stated ...then the federal court must [remand] ")

Defendant's opposition to remand concludes that "by failing to produce any Nevada law or evidence showing any legally cognizable duty of due

care, plaintiffs failed to state a cause of action against Newmont, and the failure is obvious according to settled rules of Nevada law." (Def. Honeywell's Opp'n. at 20:4–7). However, it is the Defendants, and not Plaintiff, who carry the burden in this matter. The Court is obligated to strictly construe the removal statute against removal, *Harris v. Provident Life & Acc. Ins. Co.,* 26 F.3d 930, 932 (9th Cir.l994), and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979)). *See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) Accordingly, the Court must resolve all material ambiguities in state law in the Plaintiff's favor. Given the lack of any evidence which would help determine the law applicable to this case, the Court finds that it must remand for lack of subject matter jurisdiction.

[251 1261 Further, the Court has noticed a further procedural problem not briefed by the parties, which bears discussing. As noted

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.



earlier, 28 U.S.C. § 1446 provides defendants an opportunity to remove a case either at the time the complaint is served; or, if the case does not appear removable based on the complaint, at the time defendants receive a pleading that alerts them to the removability of the case. In examining for removability, the Court must determine the merits of Plaintiff's alleged causes of action. *Ritchey v. Upjohn Drua Co.,* 139 F.3d 1313, 1318 (9th Cir.1998) (citing *Gould,* 790 F.2d at 773) Ordinarily, the Court will rely solely on the allegations in the plaintiff's complaint and other pleadings to make this determination. However, courts have made an exception to this general rule, with regard to fraudulent joinder, as Defendants alleging a fraudulent joinder are permitted to make a showing of facts indicating fraudulent joinder. (citing *McCabe,* 811 F.2d at 1339) Therefore, both the law relevant to the claims, as stated by the Plaintiff, and the facts of the case, as uncovered through discovery, are important to an analysis of whether fraudulent joinder exists. It stands to reason, then, that if defendants do not remove a case within thirty days of the initial filing of the complaint, any subsequent removal based on fraudulent joinder, and effectuated pursuant to the second paragraph of section 1446, will be as a result of the defendants' awareness of facts, previously unknown, which change the legal scenario portrayed in the complaint. Here, Defendants argue that Plaintiff's Opposition pleading put them on notice of removability for the first time because the pleading did not allege any facts or relevant law to support the Plaintiff's claims against the Newmont Defendants. However, it is

Defendants' responsibility to analyze the facts and law as alleged in the original complaint to determine whether the suit is removable. While the subsequent discovery that certain facts alleged in the complaint are untrue may be grounds for removing a case *997 at a later date,Th'[2~] Defendants cannot justify removal based on Plaintiff's failure to establish a more factually or legally compelling case than the case alleged in the initial pleading. Rather,

FN11. *See, e.g., Insinga v. LaBella,* 845 F.2d 249, 254 (11th Cir.l988) (holding that fraudulent joinder required a finding that either there was "no possibility that the plaintiff could prove a cause of action against the resident defendant or that the plaintiff fraudulently pled jurisdictional facts in order to subject that resident defendant to the jurisdiction of the state court")

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Where the initial pleading is indeterminate, absent fraud by the plaintiff or pleadings that provide "no clue" that the case is not "not removable," the burden is on the defendants desiring removal to scrutinize the case and to remove it in a timely fashion. The rule is not unduly harsh on the defendants. In effect, the defendants are put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove. It is a burden that rightly rests on the defendants because they are the ones who seek access to a court of limited jurisdiction. *Krantz v. Boneck,* 599 F.Supo. 785, 783—88 (D.Nev.l984) (j~iolding that removal under the second paragraph of § 1446(b) did not apply, and Defendants therefore had removed outside of the thirty day time period triggered at the time of service of the complaint)

1271 In the present case, Defendants claim that .they were not notified by the initial Complaint that the case was removable. Indeed, the Court agrees that it is possible that Defendants, at some point, became aware of facts not provided in the Complaint, which indicated removability of the case. However, at whatever point this may or may not have happened, the Court is convinced that it did not occur, as Defendants claim, at the time of the filing of Plaintiff's pleading opposing the Newmont Defendants' motion for summary judgment. As acknowledged by the Removing Defendants, the Opposition does not provide any further legal support for Plaintiff's claims than what is provided in the original Complaint. The Opposition also does not allege additional or different supporting *facts* from those alleged in the Complaint. Therefore, whatever it was that may have given

Defendants notice of the removability of this action, it could not have been Plaintiff's Opposition, because the pleading does not tell Defendants any relevant information regarding removability that cannot also be gleaned from the initial Complaint. Consequently, the Opposition cannot constitute grounds for removability under the second paragraph of § 1446(b) . For this reason, while the Court finds that it has no subject matter jurisdiction to hear this case, it also concludes that the removal is procedurally defective due to untimeliness.

CONCLUS ION

It is therefore ORDERED that Plaintiff's Motion for Judicial Notice (Docket No. 97) is DENIED in–part and GRANTED in–part, as set forth in

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.


this order;

It is further ORDERED that Plaintiff's Motion for Remand (Docket No. 97) is GRANTED;

As a housekeeping matter, it is further ORDERED that Plaintiff's application for an order expediting his motion to remand and hearing (Docket No. 98) is DENIED as moot.

IT IS SO ORDERED.

D.Nev. ,2005.
Knutson v. Allis–Chalmers Corp.
358 F.Supp.2d 983

Briefs and Other Related Documents (Back to top)

• 2005 WL 3780122 (Trial Motion, Memorandum and Affidavit) Defendant Elliott Turbomachinery CO. INC. 's Joinder in Honeywell's Statement Concerning RemovaL (Nov. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 3780161 (Trial Notion, Memorandum and Affidavit) Defendants Ford Motor Company's and General Motors Corporation's Joinder in Defendant Penske Truck Leasing Corporation's Motion to Dismiss Plaintiff Sandra Knutson's Complaint (Apr. 27, 2005)
• 2005 WL 3780160 (Trial Motion, Memorandum and Affidavit) Burns International ser Vices Corporation f/k/a Borg–Warner Corporation's Joinder in Defendant Penske Truck Leasing Corporation's Motion to Dismiss Plaintiff Sandra Knutson's Complaint (Apr. 21, 2005) Original Image of this Document (PDF)

• 2D05 WL 3780163 (Trial Motion, Memorandum and Affidavit) Sterling Fluid System (USA), LLC's Joinder Penske Truck Leasing Corporation's Motion to Dismiss Plaintiff Sandra Knutson's Complaint (Apr. 12, 2005) Original Image of this Document (PDF)
• 2005 WL 3780157 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant Bmw of North America LLC's Motion for Summary Judgment; Declaration of Jennifer Bartlett 'ISubject to, and Without Waiving, Plaintiff's Jurisdictional Objections Pending Resolution of His Motion for Remand (Feb. 15, 2005) Original Image of this Document (PDF)
• 2005 WL 3780151 (Trial Notion, Memorandum and Affidavit) Elliott Turbomachinery Co., Inc's Joinder in Honeywell's Reply in Support of Notice of Conditional Transfer Order. (Feb. 2, 2005) Original Image of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


this Document (PDF)
• 2005 WL 3780154 (Trial Motion, Memorandum and Affidavit) Defendant Bmw of North America, Llc's Motion for Summary Judgment; Declarations of Dennis Helfman and Sheri Sschwartz in Support of Motion (Feb. 2, 2005) Original Image of this Document (PDF)
• 2005 WL 3780146 (Trial Motion, Memorandum and Affidavit) Copy of Ingersoll–Rand Company's Response to Plaintiff's Motion to Vacate the Conditional Transfer Order (Jan. 31, 2005) Original Image of this Document (PDF)
• 2005 UL 3780141 (Trial Motion, Memorandum and Affidavit) Reply in Support of Honeywell International, Inc.'s Notice of Conditional Transfer Order (Jan. 28, 2005) Original Image of this Document (PDF)
• 2005 WL 3780136 (Trial Notion, Memorandum and Affidavit) Plaintiffs' Response to Defendant Honeywell International Inc.'s Notice of Conditional Transper Order (Jan. 10, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 3780134 (Trial Motion, Memorandum and Affidavit) Honeywell's Objection to Plaintiffs' Reply Memorandum in Support of Their Motion for Remand (Jan. 7, 2005) Original Image of this Document (PDF)
• 2004 WL 3702592 (Trial Motion, Memorandum and Affidavit) Penske Truck Leasing Corporation's Joinder to Honeywell International, Inc.'s and Ingersoll–Rand Company's Opposition to Plaintiff's Motion for Remand (Dec. 29, 2004) Original Image of this Document (PDF)
• 2004 WL 3702581 (Trial Motion, Memorandum and Affidavit) Defendants Daimlerchrysler Corporation's Joinder to Defendant Honeywell International Inc.'s Opposition to Plaintiff's Motion for Remand (Dec. 27, 2004) Original Image of this Document (PDF)
• 2004 WL 3702573 (Trial Motion, Memorandum and Affidavit) Burns International Services Corporation f/k/a Borg–Warner Corporation's Joinder in Defendant Honeywell International Inc.'s Opposition to

Plaintiff's Motion for Remand (Dec. 23, 2004) Otiginal Image of this Document (PDF)
• 2004 WL 3702576 (Trial Motion, Memorandum and Affidavit) Elliott's Joinder in Honeywll's Opposition to Plaintiffs' Motion for Remand (Dec. 23, 2004) Original Image of this Document (PDF)
• 2004 WL 3702585 (Trial Motion, Memorandum and Affidavit) Defendants Viacom, Inc. 's, as Successor by Merger to Cbs Corporation, f/k/a Westinghouse Electric Corporation and Defendant Viacom, Inc.'s, Successor to Westinghouse Electric Corporation, Answering o/b/o Siemens Westinghouse Power Corporation Joinder in Oppositions to Motion to Remand (Dec. 23, 2004) Original Image of this Document (PDF)
• 2004 WL 3702570 (Trial Motion, Memorandum and Affidavit) Joinder in Ingersoll—rand Company's Opposition to Plaintiffs' Motion for Remand

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



(Dec. 21, 2004) Original Image of this Document (PDF)
• 2004 WL 3702562 (Trial Motion, Memorandum and Affidavit) Honeywell's Opposition to Plaintiff's Motion for Remand (Dec. 20, 2004) Original Image of this Document (PDF)
• 2004 WL 3702563 (Trial Motion, Memorandum and Affidavit) Bondex International, Inc's Joinder in Honeywell's Opposition to Plaintiffs' Motion to Remand (Dec. 20, 2004) Original Image of this Document (PDF)
• 2004 WL 3702565 (Trial Motion, Memorandum and Affidavit) Defendant Rpm, Inc.'s Joinder in Honeywell's Opposition to Plaintiffs' Motion to Remand (Dec. 20, 2004)
• 2004 WL 3702568 (Trial Motion, Memorandum and Affidavit) Defendant T H Agriculture and Nutrition's, Llc's Opposition to Plaintiffs' Motion for Remand (Dec. 20, 2004) Original Image of this Document (PDF)
• 2004 WL 3702557 (Trial Motion, Memorandum and Affidavit) Elliott Turbomachinery Co., Inc.'s Opposition to Plaintiff's Request for Judicial Notice for Lack of Standing, Objections to Taking Judicial Notice Reserving Right to Serve Separate Requests for Judicial Notice of Other Documents at the %iProper Time %i (Dec. 17, 2004) Original Image of this Document (PDF)
• 2004 WL 3702558 (Trial Motion, Memorandum and Affidavit) Elliott Turbomachinery Co., Inc.'s Response to Plaintiff's Premature Motion for Remand Brought Without Standing and Request for Orders With Regard Thereto. (Dec. 17, 2004) Original Image of this :Document (PDF)
• 2004 WL 3702560 (Trial Motion, Nemorandum and Affidavit.) Plaintiffs' Reply Nemorandum in Support of Plaintiffs' Application for an Order Expediting the Hearing on Plaintiffs' Motion for Remand (Dec. 17, 2004) Original Image of this Document (PDF)
• 2004 WL 3702555 (Trial Notion, Memorandum and Affidavit) Ingersoll—Rand Company's Joinder in Honeywell's Opposition to Application for Order Expediting the Hearing on Plaintiff's Notion for Remand and for

Order Permitting Plaintiff to be Beard on the Motion if the Court Deems it Necessary (Dec. 16, 2004) Original Image of this Document (PDF)
• 2004 WL 3702556 (Trial Motion, Memorandum and Affidavit) Ingersoll–Rand Company's Opposition to Plaintiff's Motion for Remand (Dec. 16, 2004) Original Image of this Document (PDF)
• 2004 WL 3702553 (Trial Motion, Memorandum and Affidavit) Honeywell's Opposition to Plaintiff's Application for An Order Expediting the Hearing on Plaintiff's Motion for Remand, and for An Order Permitting Plaintiff to Be Heard on the Motion if the Court Deems it Necessary (Dec. 7, 2004) Original Image of this Document (PDF)
• 2004 WL 3702551 (Trial Motion, Memorandum and Affidavit) Opposition to Plaintiff's Application for an Order Expediting the Hearing on

© 2006 **Thomson/West. No claim to Orig. U.S. Govt. Works.**


Plaintiff's Notion to Remand (Dec. 3, 2004) Original Image of this Document (PDF)
• 2004 WL 3702550 (Trial Motion, Memorandum and Affidavit) Defendants Ford Motor Company and General Motors Corporation's Joinder in Defendant Honeywell International, Inc.'s Joint Status Report (Dec. 2, 2004) Original Image of this Document (PDF)
• 2004 WL 3702549 (Trial Motion, Memorandum and Affidavit) Plaintiff's Objection and Opposition to ""Joinders' and "Supplemental Joinders' Filed by Defendants Honeywell International, Inc., and Elliott Turbomachinery Co., Inc., Regarding Defendant Kelsey–Hayes Company's Motion in State Court ""for Limited Autopsy to Preserve Pathology Materials,'' Subject to and Without Waiving Plaintiff's Objection to Federal Jurisdiction as Raised by Plaintiff's Concurrently–Filed Motion for Remand (Nov. 30, 2004) Original Image of this Document (PDF)
• 2004 WL 3702543 (Trial Motion, Memorandum and~Affidavit) Defendant Viacom, Inc. 's, Successor to Westinghouse Electric Corporation, Answering o/b/o Siemens Westinghouse Power Corporation, Joinder in Honeywell's Statement Concerning Removal (Nov. 19, 2004)
• 2004 WL 3702545 (Trial Motion, Memorandum and Affidavit) Defendant Kelsey–Hayes Company's Amended Joinder in Defendant Honeywell International's Statement Concerning Removal (Nov. 19, 2004) Original Image of this Document (PDF)
• 2004 WL 3702546 (Trial Motion, Memorandum and Affidavit) Defendant Fairbanks Morse Pump Corporation's Joinder in Honeywell's Statement Concerning Removal (Nov. 19, 2004) Original Image of this Document (PDF)
• 2004 WL 3702548 (Trial Motion, Memorandum and Affidavit) Defendant

BMW of North Battle America, LLC and Kelly Moore Paint Company, Inc.'s Joinder in Honeywell's Statement Concerning Removal (Nov. 19, 2004) Original Image of this Document (PDF)
• 2004 WL 3702542 (Trial Notion, Memorandum and Affidavit) Defendant Hennessy Industries, Inc.'s Joinder in Honeywell's Statement Concerning Removal (Nov. 18, 2004)
• 2004 WL 3702544 (Trial Notion, Memorandum and Affidavit) Defendant Viacom, Inc.'s, As Successor By Merger to Cbs Corporation, F/K/A Westinghouse Electric Corporation, Joinder in Honeywell's Statement Concerning Removal (Nov. 18, 2004) Original Image of this Document (PDF)
2004 WL 3702538 (Trial Motion, Memorandum and Affidavit) Burns International Ser Vices Corpora Tion f/k/a Borg—Warner Corpora Tion's Joinder in Defendant Honeywell Interna Tional, Inc.'s Statement Concerning Removal (Nov. 17, 2004) Original Image of this Document

© 2006 Thomson/West. No Claim to Orig. U.S. ~Govt. Works.



(PDF)
• 2004 WL 3702539 (Trial Motion, Memorandum and Affidavit) Joinder in Notice of Removal (Nov. 17, 2004) Original Image of this Document (PDF)
• 2004 WL 3702540 (Trial Motion, Memorandum and Affidavit) Joinder in Statement Concerning Removal (Nov. 17, 2004) Original Image of this Document (PDF)
• 2004 WL 3702541 (Trial Motion, Memorandum and Affidavit) Defendant Kelsey—Hayes Company's Amended Joinder in Defendant Honeywell International's Statement Concerning Removal (Nov. 17, 2004) Original Image of this Document (PDF)
• 2004 WL 3703214 (Trial Pleading) Answer to First Amended Complaint for Personal Injury—Asbestos (Nov. 15, 2004)
• 2004 WL 3702537 (Trial Motion, Memorandum and Affidavit) Consent and Joinder in Removal of Action (Nov. 2, 2004) Original Image of this Document (PDF)
• 2004 WL 3702536 (Trial Motion, Memorandum and Affidavit) Joinder in Motion for Limited Autopsy to Preserve Pahy Materials (Nov. 1, 2004) Original Image of this Document (PDF)
• 3:04CV00625 (Docket) (Nov. 01, 2004)
• 2002 WL 32983986 (Trial Motion, Memorandum and Affidavit) Honeywell's Opposition to Plaintiff's Request for Judicial Notice (Dec. 20, 2002) Original Image of this Document (PDF)
• 2000 WL 34601367 (Trial Motion, Memorandum and Affidavit) Defendants BMW of North America, LLC and Kelly—Moore Paint Company, Inc.'s Joinder in Defendant Honeywell International, Inc.'s Joint Status Report (Dec. 6, 2000) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**H**
Briefs and Other Related Documents

United States District Court,S.D. Alabama,Southern Division.
ESCAMBIA COUNTY BOARD OF EDUCATION, Appellanl~,
v.
Jarred BENTON, Appellee.
No. CIV.A.O5-OOO9-WS-~.

Feb. 25, 2005.

Background: County board of education brought state cou±t action against autistic student, challenging administrative ruling that school had failed to prepare proper individualized education plan (IEP) for student. Action was removed. Board brought motions to remand and for stay of administrative proceedings.

Holdings: The District Court, Steele, J., held that:

Sflj student was "defendant" entitled to remove action;

612J litigation qualified as "proceedings" conducted pursuant to Individuals with Disabilities Education Act (IDEA) ; and

7Qj ruling constituted agreement to alter student's educational placement.

Motions denied.

West Headnotes

jfl Removal of Cases 334 ~1O7(7)

334 Removal of Cases
334V11 Remand or Dismissal of Case
334 k107 Proceedings for Remand and Review Thereof

334kl07(7) k. Evidence. Most Cited Cases

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.


Removing defendant bears burden of establishing propriety of removal, and therefore of establishing existence of federal jurisdiction. ~ U.S.C.A. § 1441.

fl] Removal of Cases 334 €~2

334 Removal of Cases
3341 Power to Remove and Right of Removal in General
334k2 k. Constitutional and Statutory Provisions. Most Cited Cases

Removal of Cases 334 t~1O7(7)

334 Removal of Cases
334VI1 Remand or Dismissal of Case
334k107 Proceedings for Remand and Review Thereof
334k107(7) k. Evidence. Most Cited Cases Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be ~construed narrowly, with all doubts resolved in favor of remand. 28 U.S.C.A. § 1441.

II].. Removal of Cases 334 €~‘11

334 Removal of Cases
3341 Power to Remove and Right of Removal in General
334k11 k. Original Jurisdiction of United States Court. Most Cited Cases
As general rule, defendants can remove civil actions over which federal courts would have had original jurisdiction. 28 U.S.C.A. § 1441 (a)

Jfl Federal Courts 170B €192

170B Federal Courts
17OBIII Federal Question Jurisdiction
17OBIII(C) Cases Arising Under Laws of the United States
170Bk192 k. Particular Cases and Questions. Most Cited Cases
Appeals from Individuals with Disabilities Education Act (IDEA) administrative decisions properly present federal questions giving rise to federal subject matter jurisdiction. Individuals with Disabilities Education Act, § 615(i) (2) (A), as amended, 20 U.S.C.A. §

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.

**(Cite as: 358 F.Supp.2d 1112)**
1415(i) (2) (A); 28 U.S.C.A. § 1331.

j,~] Removal of Cases 334 €44

334 Removal of Cases
334111 Citizenship or Alienage of Parties
334k44 k. Parties Entitled to Remove in General. Most Cited Cases
Autistic student who established in Individuals with Disabilities Education Act (IDEA) hearing that school had failed to prepare proper individualized education plan (IEP) was “defendant” entitled to remove action brought in state court by county board of education that challenged ruling; although student initiated administrative procedure, board was real plaintiff in interest in lawsuit, school systems were not intended to possess exclusive control over forum in which IDEA appeal ultimately resided, and student had no ‘choice in selection of forum. Individuals with Disabilities Education Act, § 615(i) (2) (A), as amended, 20 U.S.C.A. § 1415(i) (2) (A); 28 U.S.C.A. § 1441 (a)

liE Schools 345 C~148(3)

345 Schools
34511 Public Schools
34511(L) Pupils
345k148 Nature of Right to Instruction in General
345k148(2) Handicapped Children and Special Services Therefor
345kl48(3) k. Mental or Emotional Handicap; Learning Disabilities. Most Cited Cases
Action brought by county board of education against autistic student, challenging administrative ruling that school had failed, to prepare proper individualized education plan (IEP) for student, qualified as “proceeding” conducted pursuant to Individuals with Disabilities Education Act (IDEA), as would trigger IDEA “stay put” provision; plain statutory language mandated preservation of status quo during pendency of litigation, and administrative decision would have altered student’s educational placement. Individuals with Disabilities Education Act, § 615(j), as amended, 20 U.S.C.A. § 1415(1).

jfl Schools 345 ~148(3)

345 Schools

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


34511 Public Schools
34511(L) Pupils
345k148 Nature of Right to Instruction in General
345k148(2) Handicapped Children and Special Services Therefor
345k148(3) k. Mental or Emotional Handicap; Learning

Disabilities. Most Cited Cases
Administrative ruling that school had failed to prepare proper individualized education plan (IEP) for autistic student constituted agreement to alter student's educational placement; relevant placement for purpose of IDEA "stay put" provision was nqt most recent IEP predating student's first request for hearing, but rather that ordered by administrative hearing officer. Individuals with Disabilities Education Act, § 615(j), as amended, 20 U.S.C.A. § 1415(j); 34 C.F.R. § 300.514.

*1113 Broox G. Garrett, Jr., Brewton, AL, Susan Williams Reeves, Birmingham, AL, for Plaintiff.
James D. Sears, Sears & Algood, LLC, Daphne, AL, for Defendant.

ORDER

STEELE, District Judge.
This matter is before the Court on appellant Escanthia County Board of Education's Motion to Remand (doc. 3) and its Motion for'Stay of Administrative Due Process Hearing Proceedings (doc. 6) Both Motions have been briefed and are ripe for disposition.

***1114** I. Background.

This action arises pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §~ 1400 et *seq.* (the "IDEA")i~!2l The stated purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d) (1) (A). To that end, the IDEA requires schools to assemble a team to evaluate each child with a disability and to develop and implement an individualized education program ("IEP") for that student. See *Ortega v. Bibb County School Dist.* 397 F.3d 1321, 1323—24 (11th Cir.2005) The IEP must be reviewed periodically, but no less than annually, by the IEP team to determine whether the student is achieving annual goals. See

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Worcth.


FN1. On December 3, 2004, President Bush signed into law the Individuals with Disabilities Education Improvement Act of 2004, Pub.L. No. 108—446. Because this amendment does not take effect until July 1, 2005, the Court need not consider herein its impact, if any, on the legal issues presented.

The pleadings reflect that Jarred Benton ("Benton") is an eleven—year old student at W.S. Neal Elementary School, an educational institution within the school system administered by the Escantia County Board of Education (the "Board") The singular issue at the core of this dispute is whether the Board has provided Benton, who has been diagnosed with autism spectrum disorder, with a free, appropriate public education conforming to the IDEA.

On March 11, 2004, Benton initiated the underlying administrative proceedings by requesting an

impartial due process hearing from the Alabama Department of Education. (Motion to Remand (doc. 3), at Exh. A.) In making this request, Benton asserted that the Board had failed appropriately to evaluate and identify him as a student with a disability, had failed to prepare an appropriate IEP, and had failed to provide appropriately trained personnel to formulate and implement behavior management strategies for him. *(Id.)* Benton's principal dissatisfaction with the existing IEP appeared to be its failure to establish a behavior interventi.on plan or otherwise to address his behavioral needs.

Over the course of three days in the summer and fall of 2004, a due process hearing was conducted before Hearing Officer Wesley Romine. *(Id.* at Exh. B.) On or about November 8, 2004, the Hearing Officer issued a Due Process Decision (the "Administrative Decision") largely adverse to the Board. The Hearing Officer concluded tha~ the Board had violated Benton's right to a free, appropriate public education under the IDEA by: (i) writing an improper lEE for him for the 2002—03 and 2003—04 school years; and (ii) failing to conduct a functional behavior assessment and either to draft and implement an appropriate behavior intervention plan or to revise BentOn's lEEs to address his autistic behavior. *(Id.)* ~ The Administrative Decision directed the Board to prepare a functional behavior assessment for Benton within 30 days, and to cause a meeting of his IEP team to develop a behavior modification plan within the same time frame. *(Id.)* To date, the Board has failed to comply with these specific directives.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



FN2. Despite these facets, the Administrative Decision was not uniformly unfavorable to the Board. Rather, the Hearing Officer concluded that "[t]he training of the school system personnel was adequate for purposes of the academic instruction of this autistic child," rejecting Benton's claim to the contrary. *(Id.* at 28.)

The Administrative Decision indicated that any party dissatisfied thereby must *1115 file a notice of intent to file civil action within 30 days, and must proceed actually to file such civil action within 30 days after filing such a notice. *(Id.* at 28—29.) ~ The Board complied with both requirements by giving notice on December 6, 2004, then filing a one—paragraph pleading designated as a "Notice of Appeal" in the Circuit Court of Escambia County, Alabama, on January 3, 2005. (Notice of Removal (doc. 1), at Exh. A.) 12±1

FN3. This guidance was consistent with the IDEA, which provides that any "party aggrieved" by an administrative decision "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section." 20 U.S.C. § 1415(i) (2) (A).

FN4. The Escambia County action was captioned *Escambia County Board of Education v. Jarred Benton,* Case # CV 05-02. The Notice

of Appeal designated the Board as "Appellant" and Benton as "Appellee." The caption of this Order adopts those labels; however, the Court recognizes that the proper nomenclature for the parties is a point of significant discord. Additionally, the Court notes that in recent filings, the Board has omitted Benton's name from the caption and has instead referred to him as "J.B." Benton's pleadings continue to recite his name in full. Unless and until the Court receives and rules on an appropriate motion (assuming the parties wish to do so) to alter it, the official caption of this matter is that referenced in this Order.

Barely a week later, Benton removed the Escambia County action to this District Court, asserting that federal subject matter jurisdiction was conferred by the federal question provisions of 28 U.S.C. § 1331. Shortly thereafter, on January 25, 2005, Benton petitioned the Alabama Department of Education for another due process hearing, this time on the ground that the Board had "fail{ed] to implement the provisions of

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.



the due process hearing officer's decision" that lies at the heart of this action. (Notion for Stay (doc. 6), at Exh. 1.) ~ Benton's request included a demand that this latest matter be heard by a hearing officer and that a decision be rendered within 45 days. *(Id.)* Two days later, on January 27, 2005, the parties were notified that P. Michael Cole had been appointed hearing officer in that matter.

FN5. The January 25 request for due process hearing repeatedly referenced the "Baldwin County Board of Education" as the entity that allegedly violated Benton's right to a free, appropriate public education. *(Id.)* The Court assumes that such references werein error, and that Benton's counsel intended to identify the Escainbia County Board of Education as the purported wrongdoer.

In response to these developments, the Board filed two Motions in this action. The first, a Motion to Remand, petitions the Court to send this action back to state court on the ground that Benton lacked the legal status to remove it. The second, a Motion to Stay, requests that this Court enter an order staying the administrative proceedings initiated by Benton on January 25, 2005, on the ground that the relief requested in those proceedings is coextensive with the subject matter of the instant appeal and violates the IDEA's "stay put" provision.~

FN6. In briefing these Motions, the parties have clbttered the record with redundant filings of various exhibits. Indeed, the

record now contains multiple copies of, among other things, Benton's March 2004 request for administrative hearing, the November 2004 Administrative Decision, and the Board's notice of appeal. It benefits neither the Court nor the litigants for the record to boast three identical copies of a 29—page Administrative Decision. The parties should take appropriate precautions to avoid unnecessary duplication of exhibits henceforth.

## II. Motion to Remand.

### *A. Legal Standard.*

111 121 A removing defendant bears the burden of establishing the propriety of removal under 28 U.S.C. § 1441 and, therefore, of

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.


establishing the existence of *1116 federal jurisdiction. *Leonard v. Enterprise Rent a Car,* 279 F.3d 967, 972 (11th Cir,2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."); *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir.1996), *overruled on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See Allen v. Christenberrv,* 327 F.3d 1290, 1293 (11th Cir.2003); *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999) (explaining that strict constrUction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); *Whitt v. Sherman Int'l Corp..* 147 F.3d 1325, 1333 (11th Cir.1998) (expressing preference for remand where removal jurisdiction is not absolutely clear) ;*Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (removal uncertainties are resolved in favor of remand); *Newman v. Soectrum Stores, Inc.,* 109 F.Supp.2d 1342, 1345 (M.D.Ala,2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

### *B. Analysis.*

fl] The law is clear that, as a general rule, "[d]efendants can remove civil actions over which the federal courts would have had original jurisdiction." *Reed v. Heil Co.,* 206 F.3d 1055, 1058 (11th Cir.2000) *see also* 28 U.S.C. § 1441(a) ("any civil action brought in a

State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending") . The Eleventh Circuit has recently recognized the following three prerequisites for removal jurisdiction: (1) the case originated in state court; (2) the defendant removed the case to the proper federal court; and (3) the federal district court had original jurisdiction to entertain the suit. *See Cocrdell v. Wyeth,* 366 F.3d 1245, 1248 (11th Cir.2004). Here, the Board does not challenge either the first or third removal requirements; rather, its sole argument in favor of remand is that Benton is not the "defendant" and therefore could not validly remove this case.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



*1. Whether Federal Subject Matter Jurisdiction Exists.*

Before addressing whether Benton is properly classified as a "defendant," the Court examines whether it has original jurisdiction over this matter.~ There being no suggestion that jurisdiction here could properly be predicated on diversity of citizenship, federal subject matter jurisdiction must stand or fall based on the existence of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. That determination, in turn, depends on whether appeals*1117 of administrative decisions in IDEA actions lie within the original jurisdiction of federal district courts.

FN7. The Court considers this question even though the parties have not raised it in their briefs. Because the jurisdiction of federal courts is narrowly circumscribed, this Court bears an affirmative duty to inquire *sua sponte* whenever subject matter jurisdiction is in doubt. *See Fitzcrerald v. Seaboard Svs. R.R., Inc.,* 760 F.2d 1249, 1251 (11th Cir.l985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.200l) ("[Bjecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

IlL The IDEA itself creates concurrent federal and state jurisdiction by providing that any party aggrieved by an administrative decision "shall have the right to bring a civil action ... in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i) (2) (A). Under any reasonable interpretation of this language, appeals from IDEA administrative decisions properly present federal questions giving rise to federal subject matter jurisdiction. *See Maroni v. Pemi–Baker Regional School Dist.,* 346 F.3d 247, 258 (1st Cir.2003) (declaring that federal court would have original jurisdiction over IDEA claims); *Ullmo cx rd. Ullmo v. Gilmour Academy.* 273 F.3d 671, 680 (6th Cir.2001) ("Any claim arising under the IDEA is therefore subject to the jurisdiction of the district court" under § 1331, notwithstanding fact that the IDEA gives

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.


plaintiff choice of filing in state or federal court); *~inda W. v. Indiana Dept. of Educ.,* 927 F.Supp. 303. 306 (N.D.Ind.1996) (finding that the IDEA explicitly creates federal jurisdiction over claims brought by any party aggrieved by results of administrative proceedings) . Thus, the Court finds that this action is one over which it has original jurisdiction, pursuant to 28 U.S.C. § 1331.

F'NS. Not surprisingly, federal courts routinely allow removal of IDEA appeals initially filed in state court. *See, e.g., Ullmo,* 273 F.3d at 680 ("the fact that the IDEA provides the plaintiff with the choice of state or federal court does not preclude the removal of the resulting action to federal court"); *Maroni,* 346 F.3d at 258 (indicating that school district would have right to remove IDEA action to federal court) ; *Yankton Area Adjustment Training Center. Inc. v. Oleson By and Through Oleson,* 897 F.Sunp. 431, 432 (D.S.D.1995) (rejecting argument that theIDEA implies a prohibition on removal because it conveys concurrent state and federal jurisdiction)

*2. Whether Benton is a "Defendant" Entitled to Remove Suit.*

.L~.L The sole basis for the Motion to Remand is the Board's contention that Benton was ineligible to remove this action from state court because he is not a "defendant." As a preliminary matter, the Board is correct that only defendants can remove actions to federal court. *See, e.g.,* 28 U.S.C. § 1441(a) (conferring removal rights upon "the defendant or the defendants"); *Lops v. Lops,* 140 F.3d 927. 965 (11th Cir.l998) (Kravitch, J., dissenting) (observing that "only defendants have the right to remove cases from state to federal court"); *Scott*

*v. Communications Services, Inc.,* 762 F.Suop. 147, 149 (S.D.Tex.1991) ("Only the defendant can remove a case."). The question, then, is whether Benton is properly classified as a plaintiff (in which case removal is improper) or as a defendant (in which case removal is proper) in this action. Although the parties' briefs bog down in an outcome-driven game of semantics, three distinct lines of reasoning persuade the Court that the latter approach is correct.

First, the Court is persuaded that the Board is the real plaintiff in interest in this lawsuit. Although the parties devote much attention to whether and under what circumstances a school board can seek affirmative relief against a disabled child under the IDEA, the Court does not believe this to be the proper inquiry for removal

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


jurisdiction. Likewise, it is of no consequence for removal purposes that Benton initiated the underlying administrative proceedings. The fact of the matter is that this lawsuit exists only because the Board, as a "party aggrieved" by the Administrative Decision, chose to "bring a civil action" against Benton pursuant to *111820 U.S.C.~ 1415(i)(2)(A) Notwithstanding the Board's creative semantics arguments, it is clear to the undersigned that a "party aggrieved" which decides to, and does, "bring a civil action" is necessarily a plaintiff. Stated differently, Benton cannot properly be deemed the plaintiff in this litigation because Benton seeks no relief from this Court and would presumably be equally content (if not more so) if this lawsuit had never been filed. By contrast, the Board is the instigator in this action, the lone party requesting judicial relief in the form of a ruling overturning the unfavorable Administrative Decision. In this regard, the Court agrees with the reasoning of *Yankton Area Adjustment Training Center, Inc. v. Oleson By and Through Oleson,* 897 F.Supp. 431 (D.S.D.1995), in which the court rejected an argument identical to the Board's. The *Yankton* court concluded that because the school "is the 'aggressor' seeking relief froth the administrative officer's decision, ...it is the plaintiff in this civil action," such that the disabled child and his parents could properly remove the appeal from that administrative decision to federal court under the IDEA. *Id.* at 432-33. The same reasoning obta~ins here.[11410]

FN9. This statutory text allowing any "party aggrieved" to "bring a civil action" thwarts the Board's position that "[t]here is no cause of action whatsoever under IDEA that permits the Board to be the plaintiff." (Board Brief (doc. 4), at 5.) In support of this contention, the Board cites to *E.D. cx rd. Dukes v. Enterprise City Bd. of Educ.* 273 F.Supp.2d 1252 (M.D.Ala.2003) No

jump cite or further detail was provided. The Court has reviewed the lengthy *Dukes* opinion in vain for any holding that might bolster the Board's position that it can never be considered a plaintiff in an IDEA case.

FN1O. In fact, this result is dictated by the Board's own argument, which urges this Court to use a "functional test" to identify the "true plaintiff as that party with an interest to achieve a particular result as a product of the removed action." (Board Brief (doc. 4), at 4.) Simply put, Benton has nQ.interest to achieve any particular result as a product of this action.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


Benton wants nothing from this Court. It is the Board that seeks to achieve a particular result, to—wit: the reversal of an otherwise—binding Administrative Decision. Likewise, it is Benton who resists the result sought by the Board. Under the "functional test" championed by the Board, there can be no question that Benton is properly classified as the defendant. *See, e.g., OPNAD Fund, Inc. v. Watson,* 863 F.Supp. 328, 334 JS.D.Miss.1994) ("Under the functional test for party status, a court looks to which party is attempting to achieve a particular result and which party is resisting the other party's Claims.").

Second, the Court cannot accept the Board's position because doing so would inject an asymmetry into IDEA civil actions that Congress never intended. Under the Board's reasoning, school systems would typically possess exclusive Control over the forum in which an IDEA appeal Pltimately resided. If an administrative decision favored the school, and the student appealed to state court, the school could, through exercise of its removal rights, decide whether the case ultimately was heard in state or federal court. If, however, the administrative decision favored the student, and the school chose to appeal to state court, the student would have no corresponding power of removal, but would be stuck in state court.Dill The Board identifies nothing in the text of the IDEA, its legislative history, or the case authorities interpreting it to suggest that Congress desired to give school systems near—absolute authority to decide whether appeals from administrative decisions *iiig would be litigated in state or federal courts. The obvious inequities and unprincipled absence of mutuality inherent in such a scheme strongly counsel against its adoption here.

FN11. Thus, if the law were as the Board urges, the only scenario through which a student could definitively select the forum in which an IDEA appeal were heard would be if both (a)

> the administrative decision was adverse to the student; and (b) the student chose to appeal to federal court. In all other scenarios, ultimate control over the forum would reside in the hands of the school board.

Third, examination of the policies underlying the "defendant" rule for removal militate in favor of the same result. As one court has explained, "[t]he purpose of restricting the right of removal to the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



defendant is to restrict removal to the party who had no choice in selection of the forum." *Scott,* 762 F.Suop. at 150 *see also Smith v. St. Luke's Hospital,* 480 F.Supp. 58, 61 (D.S.D.l979) ("In restricting removal to defendants, the purpose of 28 U.S.C. § 1441 is to restrict the right of removal to those who had no choice in selection of a forum. ") Here, it was the Board that selected a state court forum by filing the lawsuit there; therefore, Benton, as the party who had no choice in selecting that forum, properly is deemed a defendant, with a corresponding right of removal under the concurrent jurisdiction provisions of the IDEA. To hold otherwise would be to subvert the purposes underlying the statute restricting removal to "defendants."

For the foregoing reasons, the Court finds that the Board is properly classified as the plaintiff, and that Benton is properly classified as the defendant, in the instant litigation.[1].[1112] In light of Benton's status as a defendant, its removal of this action to federal court was entirely proper. The Board's Motion to Remand is therefore denied.[11112]

FN12. In so concluding, the Court does not give credence to, much less adopt, Benton's obviously incorrect argument that remand should be denied because "the Board in its Notice of Appeal filed with the Escaintia County Circuit Court named the Board as the Plaintiff, and the Student as the Defendant." (Benton Opposition Brief (doc. 10), at ¶ 13.) Contrary to these representations, the Notice of Appeal reflects that the Board designated itself as "Appellant," and Benton as "Appellee." *(See* doc. 1, at Exh. A.) The Court is at a loss to understand why Benton has so emphatically misstated the content of that Notice in its briefs.

FN13. In opposing the Board's Motion, Benton requests that the Court "issue sanctions against the Board for its frivolous action" of seeking remand by awarding attorney's fees to Benton. (Benton Response (doc. 8), at 3.) This Motion for Sanctions (incorporated in doc. 8) is denied. Although the Court disagrees with the Board's position

in its Motion to Remand, the Board's arguments are not so far beyond the borders of reason as to warrant imposition of sanctions for having articulated them. In any event, as shown by footnote 12, *supra,* Benton made his share of ill–conceived arguments relating to the removal and

© 2006 **Thomson/West. No Claim to Orig. U.S. Govt. Works.**



subsequent Notion to Remand, as well.

**III.** Motion for Stay.

On January 31, 2005, the Board filed a Motion for Stay of Administrative Due Process Hearing Proceedings (doc. 6) Animating this Notion is Benton's initiation of a new round of administrative proceedings on January 25, 2005 (more than three weeks after the Board formally appealed) to enforce the Administrative Decision entered on November 8, 2004. The Board maintains that, in light of the pending appeal, no administrative hearing should be conducted regarding the Board's failure to comply with the Administrative Decision, the validity of which is at issue in this litigation. Citing not a single legal authority, the Board's Motion asserts in conclusory terms that this Court has "jurisdiction to issue a stay until such time as the appeal is resolved." (Motion for Stay, at 3–4.)

*A. Section 1415(-j) of the IDEA.*

Subsequent Court–ordered briefing revealed that the Motion for Stay is predicated on the "stay put" provisions of 20 U.S.C. § 1415(1) Under this section, with a few narrow exceptions (none of *1120 which appear to apply here), *"during the pendency of any proceedings* conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, *the child shall remain in the then–current educational placement of such child." §* 1415(1) (emphasis added). Where it applies, the injunctive effect of § 1415(1) is automatic, without the necessity of any further showing. *See, e.g., Wagner v. Board of Educ. of Montgomery County,* 335 F.3d 297. 301 (4th Cir.2003) (operation of "stay put" provision "is automatic; the party seeking it need not meet the usual requirements for obtaining preliminary injunctive relief"); *Johnson cx rel. Johnson v. Special Educ. Hearing Office, State of Cal.,* 287 F.3d 1176 (9th Cir.2002) (explaining that § 1415(1) "requires the educational agency to maintain a disabled child's educational program until any placement dispute between the agency and the child's parents is resolved"); *Rodiriecus L. v. Waukegan School Dist. No. EQ.* 90 F.3d 249, 253 (7th

Cir.1996) (if there is no question that child is disabled, "stay put" provision is an automatic injunction applicable whenever statutory criteria are met); *Drinker by Drinker v. Colonial School Dist.* 78 F.3d 859, 864 (3rd Cir.1996) (opining that "stay put" provision "functions, in essence, as an automatic preliminary

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



injunction" imposing an "absolute rule in favor of the status quo" during IDEA proceedings); *Warton v. New Fairfield Bd. of Educ.,* 125 F.Supo.2d 22, 25 (D.Conn.2000) ("Where a party is seeking an order from the court upholding a stay—put placement under the IDEA, the IDEA statute is in effect an automatic preliminary injunction.").Ell'[5] As one appeals court has asserted, "when presented with an application for section 1415(1) relief, a district court should simply determine the child's then—current educational placement and enter an order maintaining the child in that placement." *Wagner,* 335 F.3d at 301.

FN14. In its reply brief, the Board confusingly indicates that it is requesting a stay "under the authority of 20 U.S.C. § 1415(e) (3) (A)." (Reply Brief (doc. 11), at 6.) No such section exists in the current version of the statute; rather, the Board is referencing a code section that was amended and moved to £ 1415(1) back in 1997. To avoid needless obfuscation of legal arguments, counsel should cite to the current version of the IDEA, rather than to code sections that have not existed for nearly a decade.

FN15. Given these authorities, the Board's argument on pages 2 through S of its reply brief that a four—part test using traditional preliminary injunction factors must be performed to determine the propriety of a stay in the IDEA setting appears inaccurate. The Board's contention in this regard is all the more remarkable because: (a) it conflicts with the Board's reliance on § 1415(1) later in the very same brief; (b) the Board's evidentiary showing on those factors *(i.e.,* likelihood of success on the merits) is wholly inadequate to entitle it to preliminary injunctive relief on that basis; and (c) it cites only *Susguenita School District* v. *Raelee S. By and Throuch Heidi 5.,* 96 F.3d 78 (3rd Cir.1996) for the proposition that such a standard applies, even though *Susguenita* neither held nor implied such an outcome, but merely mentioned in passing that the lower court had applied such factors. *Id.* at 80. To the extent that the Board seeks a stay based on traditional preliminary injunction factors, the Court declines to do so because even if those factors applied, the Board's showing fails to demonstrate their presence here.

Clearly, then, the Board’s Motion for Stay hinges in the first instance on whether § 1415(1) applies. To make this determination,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



the Court must consider: (a) whether this litigation qualifies as “proceedings conducted pursuant to this section”; and (b) whether the Administrative DecisiOn would effect a change in Benton’s “educational placement.” The Court answers both of these questions in the affirmative.

B. *The “Stay Put” Provision Applies to this Action.* .Ifl Under the plain language of § 1415(1), the present action constitutes *1121 “proceedings conducted pursuant to this section,” so as to trigger the “stay put” provision. *See, e.g., Wagner,* 335 F.3d at 300 (explaining that “stay put” section was implemented because due process hearing and ensuing civil action by aggrieved party may take a significant amount of time to run their course) ; *Rodiriecus L.* 90 F.3d at 252 (“stay put” section keeps disabled child in then—current educational program throughout pendency of often lengthy administrative and judicial appeals process); *Drinker.* 78 F.3d at 865 (indicating that “stay put” provision preserves the status quo “until the underlying IDEA litigation is resolved”) It is inconceivable that this lawsuit could be anything other than “proceedings conducted pursuant to this section” for § 1415(l) purposes.

Likewise, there seems little room for doubt that the Administrative Decision would, in fact, alter Benton’s “educational placement.” After all, “the current educational placement is typically the placement described in the child’s most recently implemented lEE.” *Johnson,* 287 F.3d at 1180 *see also Wagner,* 335 F.3d at 301 (noting that student’s then—current placement was that established by his most recent lEE); *Drinker,* 78 F.3d at 867 (“the dispositive operative factor in deciding a child’s ‘current educational placement’ should be the {IEP] actually functioning when the ‘stay put’ is invoked”) *Spilsbury v. District of Columbia,* 307 F.Suop.2d 22, 26—27 (D.D.C.2004) (“the IDEA clearly intends ‘current educational placement’ to encompass the whole range of services that a child needs; the term ‘current educational placement’ cannot be read to only indicate which physical school building a child attends”) Based on these authorities, it is evident that Benton’s “then—current educational placement” equates to the lEE in effect at the time the administrative proceedings were initiated in March 2004. By requiring a new lEE (to be prepared after a functional behavior assessment has been performed regarding Benton’s autistic behavior) with a behavior modification component, the Administrative Decision

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


clearly would alter Benton's "then—current educational placement."

In sum, then, the record before the Court reflects that the §1415(1) criteria are present here, and that invocation of that section's automatic stay requirement would preclude enforcement of the Administrative Decision during the pendency of these proceedings. In opposition to the Motion for Stay, Benton's counsel has failed to identify any compelling argument or explanation why the "stay put" provision should not apply.Elilfl Instead, he has opted to rely on conclusory, vague references to general legal principles that either have no application here or are trumped by straightforward application of ~i415(i) •11~ Therefore, it is the opinion of *1122 the undersigned that, unless there is an agreement by the parties, the IDEA's "stay put" provision precludes Benton from pursuing administrative action to enforce the outcome of the first hearing, even as the Board's appeal of that outcome is pending. The Court thus turns to the dispositive question of whether the parties have agreed to change Benton's educational placement.

FN16. To be sure, Benton's counsel is not entirely to blame for this oversight. In its Motion to Stay, the Board inexplicably failed to identify any legal authority for the proposition that Such a stay would be proper. The February 1 Order (doc. 7) setting a briefing schedule on the Motion to Stay specifically directed the parties to "include in their submissions citations to case law and other authorities that they contend support their respective positions." *(Id.* at 1.) Although Benton did not mention § 1415(j) in his opposition brief, the Board's reply brief unequivocally invoked the "stay put" provisions of the IDEA. Had Benton wished to be heard on that point, he could have sought leave to file a sur—reply. This he has not done, so the briefs identify no cogent arguments or authorities against application of § 1415(j) to these proceedings. The Court therefore lacks the benefit of any legal argument against application of the "stay put" provision of the IDEA here.

FN17. For example, Benton relies on the Alabama Administrative Procedures Act, Ala.Code § 4l-22—20(c), for the proposition that filing a notice of appeal does not, in and of itself, stay enforcement of an agency decision. (Opposition Brief (doc. 9), ¶ 6.) However, that a notice of appeal, considered in isolation, does not stay enforcement of an agency decision says nothing

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



about whether the jj,415(j) mechanism operates to stay such enforcement throughout litigation in IDEA proceedings. *See* ***Honig V. Doe,*** 484 U.S. 305, 326 n. 9 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (pointing out that "state law does not define the scope of" the IDEA "stay put" provision) Likewise, the admonition of 28 U.S.C. § 1450 that orders predating an action's removal remain in full force and effect unless modified or dissolved by the district court simply begs the question as to whether such modification or dissolution (or stay) is appropriate under the particular circumstances here. (Opposition Brief, ¶ 7.) Benton also alludes to concepts of "irreparable harm," "expedient process," "judicial economy," and lack of "compelling reason" for delaying a second administrative hearing, but offers no legal framework through which such notions might make a difference, given the apparently automatic application of § 1415(j).

*C. The Administrative Decision Constitutes an Agreement to Alter* Benton's *Placement*

Notwithstanding the application of § 1415fj~, the status quo is not necessarily frozen at the point of the student's most recent TEE. Rather, the "stay put" provision requires a student's educational placement to remain unchanged "unless the State or local educational agency and the parents otherwise agree." 20 U.S.C. § 1415(j). This provision is of crucial importance to the instant Motion for Stay, inasmuch as the Administrative Decision constitutes such an agreement, as a matter of law.

In March 1999, the U.S. Secretary of Education amended the federal regulations interpreting the "stay put" statute to provide as follows: "If the decision of a hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, *that placement must be treated as an agreement between the State or local agency and the parents* for purposes of *[*~ 1415(j)

34 C.F.R. § [30]0.514(c) (emphasis added) ~fflih

FN18. In enacting this amendment, the Secretary relied on the "long—standing judicial interpretation of the Act's pendency

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


> provision that when a State hearing officer's or State review official's decision is in agreement with parents that a change in placement is appropriate, that decision constitutes an agreement by the State agency and the parents for purposes of determining the child's current placement during subsequent appeals." *U* Fed.Reg. 12615 (Mar. 12. 1999)

This regulation codified pre-existing common law. *See School Committee of Town of Burlington, Mass. v. Departme~~ of Educ. of Mass.,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985) (administrative decision in favor of the parents "would seem to constitute agreement by the State to the change of placement"); ~ *Tanwiany Parish School Bd. v. State of La.,* 142 F.3d 776, 187 (5th Cir.1998) (district court did not err in concluding that, for "stay put" purposes, administrative decision favoring parents constituted agreement between State and parents as to appropriate placement during pendency of litigation); *Susgueni~a Sch. Dist. v. Raelee S. By and Through Heidi S.,* 96 F.3d 78, 83 (3d Cir.1996) (holding that "[tjhe decision of the Supreme Court in *Burlington* established that a ruling by the education appeals panel in favor of the parents' position constitutes*1123 agreement for purposes of" ~141S(j)); *Cloths Unified School Dist. v. California Office of A~inistrative Hearings,* 903 F.2d 635, 641 (9th Cir.1990) (explaining that "stay put" provision will not be interpreted in a manner "that would force parents to leave a child in what they feel may be an inappropriate educational placement ... after a successful administrative ruling") ; *~p~rd of Educ. of Oak Park & River Forest High School Dist. No. 21W v. Illinois State Bd. of Educ.,* 10 F.Supp.2d 971, 978 (N.D.Ill.1998) (relying on *Burlington* and *Susguenit~* to hold that "a final administrative decision constitutes agreement specifically by the State to the changed placement")

Not surprisingly, since its passage, § 300.514(c) has been consistently used by courts as a basis for denying "stay put" protections during litigation where the state hearing officer entered a decision in favor of the parents, and instead interpreting the administrative decision as reflecting the "current placement" for ~ 1415(j) purposes. *See Board of Educ. of Pawling Central School Dist. v. Schutz,* 290 F.3d 476, 484 (2nd Cir.2002) (holding, based on § 300.514(c) and case authorities, that a state administrative

review finding "that a proposed TEE is inappropriate for a child constitutes a change in the child's current educational placement for purposes of interpreting ... § 1415(j)"); *West Plabte R—II School Districtv*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



*Wilson cx rd. L.W.* 2004 WL 1895136 *2 (W.D.Mo. July 20 2004) (collecting cases and holding that "an administrative decision in favor of the parents is equivalent to an agreement •between the state agency and the parents and, therefore, represents the child's current education placement for purposes of the 'stay put' provision") ; *Board of Educ. of Pine Plains Central School Dist. v. Engwjller* 170 F.5upD.2d 410, 414 (S.D.N.Y20~ ("the law treats an administrative decision favorable to the parents and against the District as creating a *de jure* agreement between the parents and the State"); *Murohvx,r. Arlington Cent. School Dist. Bd. of Educ.*, 86 F.Swjo.2d 354, 358 (S.D.N.y.2o~ ("once the parents receive an administrative decision in their favor, the current educational placement changes in accordance with that decision") ~~13

FN19. These authorities are consistent with the prevailing wisdom that "[tjhe purpose of the stay—put provision is to give the child's parents the choice of keeping the child in his existing program until their dispute with the school authorities is resolved." *Rodiriecus L.* . 90 F.3d at 252. Indeed, the Supreme Court has observed that this provision was "very much meant to strip schools of the unilateral authority they had traditionally employed to exclude disabled students, Particularly emotionally disturbed students, from school." *Honig v. Doe,* 484 U.S. 305, 323, 108 S.Ct. 592, 604, 98 L.Ed.2d 686 (19~J. These discussions imply (without expressly stating) that § 1415(j) may be a one-way lever, operating to freeze a child's educational placement when the child appeals from an adverse ruling at the administrative level, but not to have a corresponding effect if the school appeals from a ruling favorable to the child. The interpretation of § 1415(j) adopted by ~300.514(c), as well as the foregoing cases, reflects the reality that the "stay put" provision is designed to protect disabled students from unilateral exclusion during IDEA appeals, not to bar disabled students from the benefit

of their administrative successes during the pendency of litigation appealing such an outcome. *See* Susguenita, 96 F.3d at 84 (decrying the notion that the "stay put" provisions of the IDEA "should be used here as a weapon by the Susquenita School District to force parents to maintain a child in a public school placement which the state appeals panel has held inappropriate")

*JJ1* Given this groundswel' of authority both prior to and following

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



the amendment of 34 C.F.R. § 300.514, the Court finds that the Administrative Decision effectively*1124 constitutes an agreement between the State of Alabama and Benton's parents as to Benton's current placement for purposes of this litigation. The relevant placement for § 1415(j) purposes is not the most recent TEE predating Benton's first request for hearing, but rather is that ordered by the Hearing Officer in November 2004. As such, the "stay put" provisions of the IDEA in no way preclude enforcement of the placement ordered in the Administrative Decision during the pendency of this appeal.fl~° The Motion for Stay is due to be, and the same hereby is, den±ed.fl~[21]

FN2O. In so deciding, the Court is Cognizant that the Board and Benton's mother agreed to a new lEE in Decenther 2004, one month after the Administrative Decision. That lEE lacked any reference to the behavior modification requiremen~5 set forth in the Administrative Decision. Apparently, the Board would argue that the Decenther 2004 lEE somehow constitutes a waiver of, or otherwise trumps, Benton's right to the relief ordered by the Hearing Officer the previous month. Legal analysis of that question having not been briefed at all by either party, the undersigned declines to express an opinion as to its merits; rather, this issue should be directed to Hearing Officer Cole, in the first instance. The Court finds only that on the record before it, neither § 1415(j) nor traditional preliminary injunction criteria compel a stay of the pending administrative proceedings.

FN21. Neither § 300.S14kc1 nor the extensive accompanying case law were addressed in the parties' briefs. Both parties are culpable in this regard, the Board for claiming that § 1415jjj required a stay without acknowledging a clear line of authority fatal to its request, and Benton for neglecting to proffer any meaningful defense to application of the "stay put" provision. Such oversight of a critical point, and the parties' concomitant superficial treatment of the legal issues implicated by the Motion for Stay, reflects a disquieting lack of investigation in advancing their respective positions. The parties may not, by the simple expedient of filing cursory memoranda, shift to the Court the responsibility of performing their legal research and framing their arguments for them. Regrettably, that is what has occurred here. It is expected that the parties' future submissions will reflect a much heightened level of diligence and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



attention to detail in researching, formulating and articulating their respective positions than was evidenced in their filings relating to the Notion for Stay.

IV. Conclusion

For all of the foregoing reasons, it is hereby ordered as follows:
1. The Board's Notion to Remand (doc. 3) this action to Escambia County Circuit Court is denied, on the ground that Benton is properly classified as the "defendant" and had a legal right to remove this action.
2. The Board's Motion for Stay of Administrative Due Process Hearing Proceedings (doc. 6) is denied, on the ground that the Board has failed to show entitlement to relief under either the traditional injunctive factors or the "stay put" provision of 20 U.S.C. § 1415(j).
3. Benton's Motion for Sanctions (doc. 8) is denied, on the ground that Benton has failed to show that the Board's position relative to the Notion to Remand was **so** unreasonable as to warrant imposition of sanctions.

S.D.Ala. ,2005.
Escambia County Bd. of Educ. v. Benton
358 F.Supp.2d 1112, 196 Ed. Law Rep. 500

Briefs and Other Related Documents j~ck to top)

• 2005 WL 3140154 (Trial Motion, Memorandum and Affidavit) Appellant's Reply Memorandum (Oct. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3140149 (Trial Motion, Memorandum and Affidavit) Appellant's Memorandum in Support of Summary Judgment or in the Alternative, Judgment on the Administrative Record (Oct. 3, 2005) Original Image of this Document (PDF)
• 2005 WL 443834 (Trial Motion, Memorandum and Affidavit) Escarithia County Board of Education Memorandum in Support of Motion to Remand (Jan. 21, 2005) Original Image of this Document (EDF)
• l:05cv00009 (Docket) (Jan. 5, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Briefs and Other Related Documents

United States District Court,D. Rhode Island.
Rudolph CA1~DILLO, Rose Cardillo, Dennis Cardillo, and Cardillo's, Inc., Plaintiffs,
v.
Edward T. CABDILLO, The Town of Johnston, The Town of Johnston Police Department, The Town of Johnston Police Chief Richard Tamburini, and The Town of Johnston Finance Director Barbara Joncas, Defendants.
Edward T. Cardillo, Plaintiff,
v.
Rose P. Cardillo, individually and as Trustee of the Alfred A. Cardillo Rev. Inter Vivos Trust, dated May 25, 1989, as amended, and in her capacity as an Officer and Director of each of CaHillo Bros., Inc., Rucar, Inc., and Cardillo's, Inc.; Rudolph C~rdillo, individually and in his capacity as an Officer and Director of each of Cardillo Bros., Inc., Rucar, Inc., and Cardillo's, Inc.; John Doe; Joseph Doe; and Jane Doe, Defendants.
Nag. C.A.04–027S, C.A.04–060S.

March 23, 2005.

Background: Nephew brought state court suit against business owners,

alleging waste of corporate assets and other claims. Owners and another relative filed civil rights and tort suit against nephew and town defendants, which town defendants promptly removed. Business owners removed nephew's action and moved to consolidate it with their pending action. After nephew's motion to remand was granted, nephew moved for award of fees and both nephew and town defendants sought summary judgment in business owners' suit.

Holdings: The District Court, Smith, J., held that:

1(1) business owners did not show that nephew, a town mebbanic, was state actor for purposes of civil rights liability;

2jfl. business owners did not show claim against town absent proof that alleged wrongful conduct was result of official policy or custom;

© 2006 **Thomson/West. No Claim to Orig. U.S. Govt. Works.**



~flL business owners did not show civil rights conspiracy among defendants;

6J.4j court would decline to exercise supplemental jurisdiction over remaining state tort claims in business owners' complaint; and

l7J~j nephew was entitled to award of attorney fees against business owners' attorneys under Rule 11 as sanction for improper removal.

Motions granted in part and denied in part.

West Headnotes

jfl Civil Rights 78 €~1326(2)

78 Civil Rights
78111 Federal Remedies in General
78k1323 Color of Law
78k1326 Particular Cases and Contexts
78k1326(2) Ic. Officers and Public Employees, in General. Most Cited Cases

Unsupported accusations that town mechanic acted with police department to have his brother arrested and to deprive uncle of fruits of his business was insufficient to show that nephew acted under color of state law as required to impose civil rights liability on nephew individually, absent showing of cooperation between mechanic and

public defendants. 42 U.S.C.A. §S 1983, 1985.

jfl Civil Rights 78 €~1351(4)

7~ Civil Rights
78111 Federal Remedieà in General
78k1342 Liability of Municipalities and Other ~overnmental Bodies
78k1351 Governmental Ordinance, Policy, Practice, or Custom
78k1351(4) k. Criminal Law Enforcement; Prisons. Most Cited Cases

Civil Rights 78 €~'135l(6)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


78 Civil Rights
78111 Federal Remedies in General
78k1342 Liability of Municipalities and Other Governmental Bodies
78k1351 Governmental Ordinance, Policy, Practice, or Custom
78kl351(6) k. Other Particular Cases and Contexts. Most Cited Cases
Business owners and relative did not state civil rights claim against town absent allegation that arrest of owners' relative and alleged attempts to close down their business were result of official policy or custom. 42 U.S.C.A. § 1983.

jfl Conspiracy 91 c'7.5(2)

~ Conspiracy
~.fl Civil Liability
911(A) Acts Constituting Conspiracy and Liability Therefo~r
91k7.5 Conspiracy to Interfere with Civil Rights
91k7.5(2) k. Rights or Privileges Involved. Most Cited Cases
Business owners did not show that their nephew and town officials were liable for civil rights conspiracy absent claim that alleged conduct was based on some class—based animus and proof that any conspiracy to destroy business existed or that defendants took overt acts in furtherance of that conspiracy. 42 U.S.C.A. § 1985(3).

14.1 Conspiracy 91 't~7.5(l)

91 Conspiracy
.~fl Civil Liability
911(A) Acts Constituting Conspiracy and Liability Therefor
9lk7.5 Conspiracy to Interfere with Civil Rights
9lk7.5(1) k. In General. Most Cited Gases
Plaintiff may recover under § 1985(3) for civil rights conspiracy only when the conspiratorial conduct of which he complains is propelled by some racial, or perhaps otherwise class—based, invidiously discriminatory animus. 42 U.S.C.A. § 1985(3).

Ifl Federal Courts 170Th ~18

17DB Federal Courts
17OBI Jurisdiction and Powers in General

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



17OBT(A) In General
l7OBkl4 Jurisdiction of Entire Controversy; Pendent Jurisdiction
17OBk18 Ic. Validity or Substantiality of Federal Claims and Disposition Thereof. Most Cited Cases
When a district court dismisses all claims over which it has original jurisdiction, the court may, in its discretion, decline to exercise supplemental jurisdiction over the state law claims, or it may keep the remaining causes of action and decide them. 28 U.S.C.A. § 1367 (c)

Lii Federal Courts 1703 €~l8

170B Federal Courts
17DBI Jurisdiction and Powers in General
170B1(A) In General
170Bk14 Jurisdiction of Entire Controversy; Pendent Jurisdiction
17OBk18 k. Validity or Substantiality of Federal Claims and Disposition Thereof. Most Cited Cases
District court would decline to exercise supplemental jurisdiction over remaining state tort claims after dismissing all federal claims over which it had original jurisdiction, where state claims would best be tried with related claims brought by defendant against plaintiffs that were pending in state court and neither party would be prejudiced by dismissal without prejudice, due to early stage of litigation. 28 U.S.C.A. § 1367(c).

jfl Civil Rights 78 t~1484

j~ Civil Rights
78111 Federal Remedies in General
78kl477 Attorney Fees
78k1484 k. Awards to Defendants; Frivolous, Vexatious, or Meritless Claims. Most Cited Cases
Defendant in civil rights suit was not entitled to award of civil rights attorney fees upon entry of summary judgment against plaintiffs, absent showing that defendant was prevailing party, that requested fees were reasonable, and that plaintiff's claim was frivolous, unreasonable, or groundless. 42 U.S.C.A. § 1988.

j~] Federal Civil Procedure 170A 02769

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


17OA Federal Civil Procedure
17OAXX Sanctions
17OAXX(B) Grounds for Imposition
17OAk2767 Unwarranted, Groundless or Frivolous Papers or Claims
17OAk2769 k. Reasonableness or Bad Faith in General; Objective or Subjective Standard. Most Cited Cases Standard for sanctions under Rule 11 of Federal Rules of Civil Procedure is reasonableness under circumstances and showing of subjective bad faith on part of party to be sanctioned is not required. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

jfl Federal Civil Procedure 170A €2768

170A Federal Civil Procedure
17OAXX Sanctions
17OAXX(B) Grounds for Imposition
17OAk2767 Unwarranted, Groundless or Frivclous Papers or Claims
17OAIc2768 k. In General. Most Cited Oases
Rule 11 authorizes district court to impose attorney fees.against a party or his attorney for irresponsibly initiating or litigating a cause of action. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

**[101** Removal of Cases 334 €107(7)

334 Removal of Cases
334V11 Remand or Dismissal of Case
334k107 Proceedings for Remand and Review Thereof
334k1O7(7) k. Evidence. Most Cited Cases
A party seeking to remove a case to federal court has th~ burden of

demonstrating the existence of federal jurisdiction. 28 U.S.C.A. § 1441.

[11] Removal of Cases 334 €~2

334 Removal of Cases
3341 Power to Remove and Right of Removal in General
334k2 k. Constitutional and Statutory Provisions. Most Cited Cases

Removal of Cases 334 t107(7)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



.~.j Removal of Cases
334VII Remand or Dismissal of Case
334 k107 Proceedings, for Remand and Review Thereof
334kl07(7) k. Evidence. Most Cited Cases
Removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action. 28 U.S.C.A. § 1441.

[121 Federal Courts 1703 €~241

170B Federal Courts
17OBIII Federal Question Jurisdiction
17DBIIT (D) Pleading
l7OBk24l k. Allegations in Pleadings in General. Most Cited Cases
Plaintiff's complaint controls determination of whether base falls within federal question jurisdiction. 28 U.S.C.A. § 1331.

[131 Removal of Cases 334 ~25(1)

334 Removal of Cases
33411 Origin, Nature, and Subject of Controversy
334k25 Allegations in Pleadings
334k25(l) k. In General. Most Cited Cases
Defendant's counterclaim cannot form the basis for removal. 28 U.S.C.A. § 1441.

[141 Federal Courts 1703 t~14.1

170B Federal Courts
l7OBI Jurisdiction and Powers in General
170B1(A) In General

l7OBkl4 Jurisdiction of Entire Controversy; Pendent Jurisdiction
l7OBkl4.1 k. In General. Most Cited Cases
Separate action pending in federal court, even if related to state law suit of plaintiff for accounting of business assets and partition of real property, could not create an independent basis for defendants' removal of state law claims under the supplemental jurisdiction statute. 28 U.S.C.A. §~ 1367(c), 1441.

[151 Removal of Cases' 334 '€~~79(1)

© 2006 Thomson/West. No Claim to Orig. u.S. Govt. Works.


334 Removal of Cases
334V1 Proceedings to Procure and Effect of Removal
334k78 Time for Taking Proceedings
334k79 In General
334k79(1) Ic. In General. Most Cited Cases
Notice of removal that was not filed until nearly four years after state court suit was initiated was not timely, notwithstanding that defendants filed removal notice within 30—day period after timely removal of their allegedly related, separate state court suit by defendants in that case; removal of one case did not make other removable. 28 U.S.C.A. § 1441.

[161 Federal Civil Procedure 170A €~2825

17DA Federal Civil Procedure
17OAXX Sanctions
17OAXX(E) Proceedings
170Ak2826 k. Motions; Time for Filing. Mast Cited Cases
Technical noncompliance with 21—day "safe harbor" provision of Rule 11 did not preclude Rule 11 sanctions against defendants who had actual notice of plaintiff's intention to seek sanctions for improper removal through recitations in motion to remand, which was served well before separate Rule 11 sanctions motion. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

[171 Federal Civil Procedure 170A €~2771(18)

17DA Federal Civil Procedure
17OAXX Sanctions
170AXX(B) Grounds for Imposition
170Ak2767 Unwarranted, Groundless or Frivdlous Papers or Claims

17OAk2771 Complaints, Counterclaims and Petitions l70Ak277l(18) k. Removal. Most Cited Cases

Federal Civil Procedure 170A €~‘2814

17OA Federal Civil Procedure
17DAXX Sanctions
17OAXX(D) Type and Mìount
l70Ak2811 Monetary Sanctions
l70Ak2814 k. Computation; Items and.[2]Services

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


Compensable. Most Cited Cases
Plaintiff was entitled to award of $2400 in attorney fees under Rule fl against defendants’ attorneys, as parties responsible for frivolous contentions of law, based on their improper and untimely~removal of his state law action, which necessitated motion to remand and opposition to motion to consolidate improperly removed action with another suit pending in federal court. Fed.Rules Civ.Proc.Rule ll(c)(2), 28 U.S.C.A.

*404 Gary E. Blais, Esq., Kurt M. Hayes, ESq., Providence, RI, for Rudolph Cardillo, Dennis Cardillo, Rose Cardillo And Cardillo’s, Inc.
Frank R. Saccoccio, Esq., Johnston, RI, for Rose Cardillo.
*4Q5 Edward R. DiPippo, Esq., Cranston, RI, for Rudolph Oardillo.
Stephen M. Robinson, Esq., Mary Ann F. Carroll, Esq., Michael P. Robinson, Esq., Law Office of Stephen M. Robinson, Providence, RI, for Edward T. Cardillo.
Marc DeSisto, Esq., Kathleen M. Daniels, Esq., DeSisto Law, Providence, RI, for Town of Johnston, Johnston Police Dept., Richard Taraburini, and Barbara Joncas.

*DECISION AND ORDER*

SMITH, District Judge.
Before this Court are three motions arising out of a bitter family dispute involving conspiracy theories, allegations of police misconduct, and a salvage yard. Specifically, this Court is asked to decide a motion to dismiss and a motion for judgment on the pleadings in a case now pending before this Court, as well a motion, for Rule 11 sanctions arising out of a companion case that this Court previously remanded to state court. While the procedural history pf these cases is somewhat complex, the issues presented are not. Edward Cardillo (“Edward”) alleges that his aunt and uncle, Rose and RudO~ph Cardillo (“Rose and Rudolph”), wa’sted corporate assets conveyed to him by another uncle, and that they deprived him of his interest in certain

real estate also conveyed to him. Almost four years after Edward filed his Complaint, Rose and Rudolph removed the case to federal court. For obvious reasons, this Court found such removal to be improper, remanded the case to Rhode Island Superior Court, and allowed Edward to bring a motion for Rule 11 sanctions. Edward's original filing was procedurally inadequate and was rejected by this Court. He has now re—filed this motion in the form of a Motion for Reconsideration and Award of Attorneys' Fees Pursuant to~~'Ru1e_11. Meanwhile, Rose and Rudolph, together with Edward's brother, Dennis,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



and the family salvage yard business, Cardillo's, Inc., filed a separate action against Edward, the Town of Johnston, the. Town of Johnston Police Department, and several town officials, alleging violations of their federal constitutional rights and state law. Edward subsequently filed a Motion to Dismiss and the remaining defendants filed a Motion for Judgment on the Pleadings. For the reasons discussed below, this Court treats the dispositive motions as motions for sumary judgment, and grants the relief requested therein with prejudice as to all federal claims, and without prejudice as to the state law claims. In addition, because the removal~bf the state court action nearly four years after its filing was so flagrantly baseless, Edward's Motion for Reconsideration and Award of Attorneys' Fees Pursuant to Rule 11 is also granted.

## I. *Background*

### Case 04—60

### *"Edward T. Cardillo v. Rose P. Cardillo,* et al."

In May 2000, Edward instituted an action (Case 04—60) in the Rhode Island Superior Court against Rose and Rudolph for an accounting with respect to corporate assets conveyed to him by his decea6ed uncle, Alfred A. Cardillo ("Alfred"), which were alleged to have been wasted by Rose and Rudolph; ~ for partition of the real estate conveyed to him by Alfred; ~2 and *406 for compensatory damages. On December 18, 2003, Rose and Rudolph sought leave to bring a counterclaim against Edward, alleging that Edward had interfered withbusiness profits and licensing, and had wasted corporate assets. This motion was denied by the Rhode Island Superior Court on February '4, 2004, apparently because it was made on the eve of trial and nearly four years after the suit had been filed, and because Rose and' Rudolph, together with

others, had initiated a separate action, Case 04—27, seeking much the same relief. That separate suit was tiwely removed to this Court (as further discussed below) On Februar~ 25, 2004, several months prior to the start of the state court trial set for May 17, 2004, Rose and Rudolph removed Edward's state court action (which had been pending for nearly four years) to this Court, Case 04—60. On March 25, 2004, Edward brought a Motion to Remand the action to Superior Court, claiming that the action raised strictly.matters of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



state law. On March 30, 2004, Rose and Rudolph brought.a Motion to Consolidate Case 04—60 with Case 04-27.

FN1. According to Edward, the assets conveyed to him by Alfred consist of a 25% ownership interest in Cardillo Bros., Inc., a salvage yard. (See Def.'s Mem. Supp. Mot. Dismiss at 3.)

FN2. Edward contends that Alfred also provided for the conveyance of a 25% interest in certain real estate located at 1757 Plainfield Pike in Johnston, Rhode Island, as evidenced by a deed to him, dated September 29, 1994. (See Def.'s Mem. Supp. Mot. Dismiss at 2.)

On July 8, 2004, this Court heard arguments on Edward's Motion to Remand and Rose's and Rudolph's Motion to Consolidate. ~.This Court issued a ruling from the bench, finding "absolutely no authority or basis" for Rose's and Rudolph's removal of Case 04—60 to this Court. Citing the multiple—year delay in filing for removal and their failure to cite any legal basis in support of removal, this Court granted Edward's Motion to Remand to Superior Court, thereby moottng Rose's and Rudolph's Motion to Consolidate. (Tr. of Hr'g, 7/8/~4, *Cardillo* it. *Cardillo,* C.A. 04—027S, C.A. O4—6OS (hereinafter, "Tr: 'of Hr'g, 7/8/04").) At the hearing, this Court also stated that it would "entertain" a motion by Edward for sanctions for fees associated with defending the Motion to Consolidate and filing a Motion to Remand, and requested that Edward submit an affidavit with his costs and fees associated with the Motion to Remand. On July 16, 2004, Edward responded to the Court's request by submitting supportin~ affidavits and an itemization of attorneys' fees relating to his filing of the Motion to Remand.

On September 3, 2004, this Court denied Edward's Rule 11 ~Motion for attorneys' fees on procedural grounds, finding no legal a~athority, absent a separate motion by Edward conforming with Rule II, to support imposition of sanctions for attorneys' fees. On September 9, 2004,

Edward filed a Motion for Reconsideration and Award of Attorneys' Fees Pursuant to Rule 11, bringing a formal motion for attorneys' fees pursuant to Rule 11 and requesting that this Court revisit its decision to deny these fees.

Case 04—27

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



*"Rudolph Cardillo,* et *al.* v. *Edward T. Cardillo,* et *al."*

On December 18, 2003, Rose, Rudolph, Dennis (Edward's brother), and Cardillo's, Inc.,Th[3] (collectively, the "Cardillos") instituted an action in Rhode Island Superior Court against Edward, together with the Town of Johnston, the Town of Johnston Police Department, the Town of Johnston Police Chief Richard Tamburini, and the Town of Johnston Finance Director Barbara Joncas (collectively, "the Town") alleging*407 violations of state and federal law.[121]i Shortly thereafter, on February 2, 2004, the Town timely removed Case 04—27 to this Court. On March 9, 2004, Edward brought a Motion to Dismiss the Cardillos' action. On March 24, 2004, following a hearing, this Court issued a bench decision denying the Cardillos' Motion for a Preliminary Injunction against Edward and the Town (collectively, the "Defendants") On April 15, 2004, the Town brought a Motion for Judgment on the Pleadings. On July 8, 2004, in addition to hearing arguments on Edward's Motion to Remand Case 04—60 to Superior Court, this Court heard arguments on Edward's Motion to Dismiss and the Town's Motion for Judgment on the Pleadings.

FN3. According to Edward, the corporate assets of Cardillo Bros., Inc., were eventually transferred to a corporation known as Rucar, Inc., and then to a corporation known as Cardillo's, Inc. (See Def.'s Mem. Supp. Mot. Dismiss at 3.)

FN4. In Case 04—27, the Cardillos allege that Edward and the Town violated their constitutional rights by conspiring to have Dennis falsely arrested and imprisoned, to remove corporate. assets, and to deprive the salvage yard business of licensing. The Cardillos also allege several state law claims for false arrest and imprisonment, trespass, assault, slander, and libel against Edward and the Town. (Pls.' Compl. at 1—15.)

## II. *Summary Judgment Standard*

At the July 8, 2004 hearing, Edward asked this Court to donvert his Motion to Dismiss to a Motion for Summary Judgment, in light of the affidavits submitted by himself and Rudolph.flL~ Under Rule 12 of the Federal Rules of Civil Procedure, if this Court permits the introduction of extraneous matter on a motion to dismiss, pursuant to Rule 12(b) (6), and/or a motion for judgment on the pleadings, pursuant

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



to Rule 12(c), then the motions "shall be treated as [motionsj for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12 advisory committee's note. Because this Court has received affidavits from both parties, this Court may, pursuant to Rule 12, convert Edward's Motion to Dismiss, together with the Town's Motion for Judgment on the Pleadings, to motions for summary judgment.fliñ

FN5. At the July 8, 2004 hearing, the Town stated that it was also amenable to its Motion for Judgment on the Ple4dings being treated as a Motion for Summary Judgment. (Tr. of Hr'g, 7/8/04.)

FN6. At the July 8, 2004 hearing, this Court expressed some concern about treating Defendants' motions as motions for summary judgment, noting that the Cardillos had not been able to take the testimony of Police Chief Richard Tamburini, who was unavailable for the injunction hearing on March 24, 2004. The Town argued that Tamburini's testimony was not required, because Rudolph provided testimony at the injunction hearing as to what Tamburini would have testified had he been available (i.e., Tamburini told Rudolph that there was little the police could do for him—that it was a "civil matter"), and that such testimony did not raise any allegations of impropriety. Upon review of Rudolph's testimony, this Court agrees with the Town that "the record is pretty clear as to what that testimony would be," and that such testimony is insufficient to establish the requisite connection between Edward and the Town. (Tr. of Hr'g, 7/8/04; Tr. of Hr'g, 3/24/04, *Cardillo v. Cardillo,* C.A. 04—027S ("Tr. of Hr'g, 3/24/04").) In addition, the Cardillos could have deposed Chief ,Tamburini after the hearing if they truly believed he had more to say. They did not do so. Therefore, notwithstanding the Cardillos' arguments to the contrary, this Court finds that Chief Tamburini's failure to provide testimony at the July 8, 2004 hearing does not prevent this Court from treating the Defendants' motions as motions for

summary judgment.
In addition, because the parties in this case presented affidavits prior to the July 8, 2004 hearing, and because the parties had the opportunity to be heard at such hearing, this Court finds that Federal Rules of Civil Procedure Rule 12's requirement that both parties be given a reasonable opportunity to "submit affidavits and extraneous proofs," in order to avoid

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


"taking the part[ies] by surprise," has also been satisfied. Fed.R.Civ.P. 12 advisory committee's note.

*408 Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering the motion, the Court must "view all facts and draw all inferences in the light most favorable to the nonmoving party." *Reich v. John Alden Life Ins. Co.,* 126 F.3d 1, 6 (1st Cir.1997) (citing *Continental Cas. Co. v. Canadian Universal Ins. Co.,* 924 F.2d 370, 373 (1st Cir.1991)).

## III. *Analysis*

### A. *The Cardillos' § 1983 ~ and § 1985 ~ Claims*

FN7. 42 U.S.C. § 1983 provides a private right of action for the alleged deprivation of an individual's federal constitutional and statutory rights by persons acting under color of state law.

FN8. Although the Cardillos do not specifically allege Defendants' violation of 42 U.S.C. § 1985(3), Counts I and II of the Cardillos' Complaint refer to "conspiracy" and "conspiratorial actions." (Pls. Compl. at 4, 7.) This Court therefore treats the Cardillos' Complaint as seeking relief under § 1985(3). Section 1985(3) provides a private right of action for injuries where "two or more persons ... conspir~ ... for the purpose of depriving, either directly or indirectly, 'any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."

In their Second Amended Complaint, the Cardillos allege that Edward acted in concert with the Town to "destroy" Cardillo's, Inc., deprive Dennis of his constitutional rights, and deprive Rudolph of the fruits

of his business endeavors in violation of 42 U.S.C. § 1983. (Pls. Compl. at 3—4.) Specifically, the Cardillos allege that Edward had Dennis falsely arrested based on untrue statements "with the assistance of the Johnston Police Department"; caused co±porate assets to be removed wrongfully from the property at issue "with the support and guidance of individual law enforcement officers of the Johnston Police Department"; and conspired with the Town of Johnston

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



to deny renewal of the salvage yard's business license. ~*Id.* at 4.) In order to overcome Edward's and the Town's respective motions on the § 1983 claims in this case, the Cardillos must, as this Court explained at the injunction hearing, "allege facts sufficient to demonstrate that [Edward] acted under color of state law" to deprive the Cardillos of their constitutional rights, and that Edward's actions "were somehow sanctioned by the Town of Johnston through some policy or procedure." (Tr. of Hr'g, 7/8/04.)

1. *Edward's Liability Under § 1983*

jjj Edward argues in his Motion to Dismiss that he never acted under the color of state law in any capacity. In the first place, Edward states that he is not a police officer, and neither had state authority nor acted as if he had such authority. (Def. 's Mem. Supp. Mot. Dismiss at 7—8.) •Contrary to the Cardillos' contention that Edward is "employed as the Chief Automobile Mechanic for the Johnston Police Department," and as an "auxiliary policeman," as stated in the Complaint, Edward asserts that he is "simply a mechanic for the [T]own." (*Id.* at 6, 8.) This fact alone, Edward argues, "does not clothe him with sufficient state or local authority to be, able to act 'under color of state law.' (*Id.* at 8.) See *Martinez v. Colon,* 54 F.3d 980, 986 (1st Cir.1995) ("[A] person acts under color of state law 'when he abuses the position given to him by the State.' The key determinant is whether the actor, at the time in question, purposes to act in an official capacity or to exercise official responsibilities pursuant to state *409 law.") (quoting West *v. Atkins,* 487 U.S. 42, 50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) ) In his affidavit, Edward further states that while he served as a crossing guard from 1974—75, and as a civilian dispatcher for approximately eight months in 1988, he is not now employed by the Johnston Police Department, and denies ever holding himself out as having state or local governihental authority, or exerting influence over any state governmental entity.
(E. Cardillo Aff. at 2.) The Cardillos offer no evidence to rebut Edward's contention that he is not employed by the Town of Johnston Police Department. "When a motion for summary judgment is made and

supported …an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but …must",set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Thus, there is no material fact at issue with respect to Edward's actual employer.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Second, Edward argues, the Cardillos do not allege facts showing a sufficient connection between the Town and himself, such that he should be held liable as a private individual acting under color of state law. Edward relies upon the First Circuit's decision in *Glaros* it. Perse. 628 F.2d 679 (1st Cir.1980), for the proposition that "[a]lthough it is true that private parties jointly engaged with state or local officials in prohibited conduct can be said to act under color of state law, …general allegations of cooperatio.n between private individuals and unspecified government agencies" will not do, *id.* at 685. Under *Glaros,* in order to support the existence of a conspiracy between private and state actors, "the relationship or nature of cooperation between the state and a private individual [mustj be pled in some detail." ~ According to Edward, the Cardillos present no evidence supporting the proposition.that a conspiracy existed between Edward and the Town, and no evidence showing that he conducted himself "in any manner other than as a concerned property and business owner." (Def. 's Mem. Supp. Dismiss at 9.) See *Glaros,* 628 F.2d at 684 (concluding that plaintitf failed to state claim against private individuals under § 1983 where "[n]ot enough was said about the conduct of the defendants …to distinguish their behavior from that of an ordinary nosey neighbor")

Edward also points to the First Circuit's decision in Rockwell it. *Caoe Cod Rosp.* 26 F.3d 254 (1st Cir.1994), which held that "[i]n order for a private actor to be deemed to have acted under color of state law
[t]he plaintiff must show that the private entity assumed powers 'traditionally *exclusively* reserved to the State.' *Id.* at 258 (emphasis in original) (quoting *Rodricrues* v. *Furtado,* 950' F.2d 805, 813 (1st Cir.1991fl see *also id.* at 258–59 (holding that private hospital and private physicians did not act under color of state law in admitting patient against her will, because they did riot assume powers traditionally reserved exclusively to State) Edward argues that because he never assumed State power, he should not be held liable under § 1983. (Def.'s Mem. Supp. Mot. Dismiss at '7.)

In response to Edward's assertions that he did not act under the color of state law as required under § 1983, the Cardillos offer no countervailing evidence or case authority. Rather, the Cardillos rely

on the allegations raised in the Complaint, which, they insist, support their argument that Edward, in league with the Town, deprived the Cardillos of their rights, property, and liberties. In addition, the Cardillos' Motion in Objection, together with Rudolph's affidavit, throw still more unsupported allegations purporting to show Edward's

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.



and the Town's violations of the Cardillos' constitutional rights, including:*410 (i) the closing down of Cardillo's, Inc., as a result of Edward's demanding that its business license be revoked; (ii) the appearance of the Johnston police at the home of Rudolph on at least thirty occasions in the past four years (including just a few days before the March 24, 2004 injunction hearing in this case) ; (iii) the failure of a subpoenaed witness, Johnston Police Chief Richard Tamburini, to appear for a temporary retraining order hearing in Superior Court; and (iv) Rudolph's (hearsay) statement that Edward said that he (Edward) would "use whatever connections and resources he had within the Town of Johnston, to close down [Cardillo's, Inc.]." (R. Cardillo Aff. at 2.) Finally, the Cardillos all but concede their failure to make out a connection between Edward and the police in sufficient detail, admitting that they will have "a very difficult time revealing the smoking gun," and asking this Court to'"exercise patience and provide the Plaintiffs an opportunity to expose the systematic and conspiratorial actions of the Defendants." (Pls. Mem. Obj. Mot. Dismiss at 5.)

When the testimony presented at the injunction hearing is viewed together with the affidavits submitted by both parties prior to the July 8, 2004 hearing under a summary—judgment standard (taking all facts in the light most favorable to the Cardillos), the facts simply do not even remotely suggest that Edward acted under color of state law to deprive the Cardillos of their constitutional rights under § 1983. See *Glares,* 628 F.2d at 685 ('finding that not enbugh was said about the conduct of the defendants to demonstrate that defendants violated plaintiff's constitutional rights). *Unsupported* accusations of multiple arrests, business closings, and stolen assets are insufficient to connect Edward to the state pursuant to *Glaros,* and thus, the Cardillos' § 1983 claim must fail.

2. *The Town's Liability Under § 1983*

12.1. Because the Cardillos do not name any individual police officers in their § 1983 claims, the Town argues that the Cardillo.s' claims against the Town must fail because Edward was not a stateS actor.

(Town's Mem. Supp. J. Plead. at 5.) See *Evans* v. *Avery,* 100 F.3d 1033, 1040 (1st Cir.1996) (holding that city could not be held liable absent constitutional violation by its officers) Even if Edward were found to have violated § 1983, the Town argues, the Town would not be liable, absent a showing that Edward's actions were "officially

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


sanctioned or ordered and are a policy by a final decision maker within the municipality." (Town's Mem. Supp. J. Plead, at 7.) See *Glaros,* 628 F.2d at 683 (dismissing plaintiff's § 1983 claim against municipality because plaintiff "did not allege in his complaint any official municipal policy implicating [the city]").

In their objection to the Town's Motion for Judgment on the Pleadings, the Cardillos rely, almost entirely, on the arguments raised in their objection to Edward's Motion to Dismiss. They also place considerable weight on Chief Tamburini's failure to testify and the inference of spoliation thereby created. (Pls.' Mem. Obj. J. Plead. at 4-5, 7.) The Cardillos apparently attempt to overcome the Town's Motion by alleging that more evidence would have come out had the Town been more forthcoming.~[9] Whatever the merits of this *411 claim (which are few if any), because the Cardillos are not able to show that an unlawful policy or practice of the Town led to the deprivation of their constitutional rights, the Cardillos' § 1983 claim against the Town must also fail.

> FM. As indicated above, Rudolph testified as to what he expected Chief Tamburini would have said if Tamburini had testified. The Cardillos sought no further discovery from Chief Tamburini in order to develop this line of argument, and they make no further offer of proof as to what he would say in any event.... Rather, the Cardillos seem to have decided to focus on Chief Tamburini's non—appearance as the newly—minted centerpiece of their pathetically weak conspiracy theory. (It should be noted for the record that at the hearing, efforts were made to contact Chief Tamburini and secure his attendance to no avail. Chief Tamburini later visited this writer, with counsel, to personally apologize for his absence. As he explained, he had' been off duty that morning when he was called to a tragic and fatal accident scene on Route 10 in his town—virtually at the same time as the hearing)

3. *Edward's and* the *Town's Liability Under § 1985*

131 141 Having failed to demonstrate that Edward and the Town

were
engaged in "systematic and conspiratorial actions," the Cardillos' claims also fail under § 1985(3). In order to State a claim under § 1985(3),
a plaintiff must allege the existence of (1) a conspiracy, (2) a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.

*Aulson* v. *Blanchard,* 83 F.3d 1, 3 (1st Cir.1996) In addition, the Supreme Court has made clear that a plaintiff may recover under § 1985(3) "only when the conspiratorial conduct of which he complains is propelled by 'some racial, or perhaps otherwise class—based, invidiously discriminatory animus.' ~ (quoting *Griffin* v. *Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)).

As this Court noted at the injunction hearing, the evidence presented by the Cardillos falls far short of demonstrating that any such conspiracy existed, much less any overt acts in furtherance of a conspiracy that resulted in damages. (Tr. of Hr'g, 3/24/04.) Furthermore, as noted by the Town, the Cardillos do not claim that the alleged conspiratorial conduct was based upon any class—based animus. (Town's Mem. Supp. J. Plead. at 9.) Thus, the Cardillos' claim that the Defendants conspired to deprive them of their constitutional rights under § 1985(3) must also fail.

### B. *The Cardillos'* State *Law Claims*

Edward does not address the merits of the Cardillos' stat'e law claims, but rather contends that once the § 1983 and § 1985 claims are dismissed, the purely state law claims must also be dismissed for lack of an independent basis of jurisdictionJk~1° (Def.'s Mem. Supp. Mot. Dismiss at 11 (citing *United Mine Workers* v. *Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Needless decisions of state law should be avoided. ...Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")).) See *Rodriguez* it. *Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995) (recognizing "general principle" that unfavorable disposition of federal claims triggers dismissal of supplemental state law claims) Conversely, the Cardillos

argue that this Court should exercise jurThdiction over the state law claims because they form “a separate but parallel ground for relief also sought in connection *412 with a substantial federal claim.” (Pls.’ Mem. Obj. J. Plead. at 3 (quoting *Gibbs,* 383 U.S. at

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


722, 86 S.Ct. 1130).)

FN1O. While the Town urges this Court to reach the merits of the Cardillos’ state law claims, this Court declines to do so for the reasons discussed below.

151 161 As this Court recognized at the July 8, 2004 hearing, under ~ U.S.C. § 1367(c), when a district court dismisses all claims over which it has original jurisdiction, the court may, in its discretion, decline to exercise supplemental jurisdiction over the state law claims, or it may “keep the remaining causes of action and decide’ them.” (Tr. of Hr’g, 7/8/04.) In this matter, Case 04—60 has already been remanded to state court, and presumably is again moving toward trial. For efficiency sake, the remaining state law claims in Case 04—27 should be there too. Moreover, it is still early in this case from the standpoint of pleadings and discovery; and, there is certainly no prejudice to either party as a result of this action. Finally, and perhaps most importantly, dismissal of the remaining claims (after resolution of the federal claims) may give the warring family factions here some time to reflect on their actions, and to consider whether this family feud really deserves another round. Based upon the plain language of the supplemental jurisdiction statute, together with the holdings of the Supreme Court and the First Circuit, this Court therefore declines to exercise jurisdiction over the Cardillos’ state law claims against the Defendants, and dismisses these claims without prejudice.

C. *Edward’s Request for Attorneys’ Fees Under § 1983 and § 1985*

flj Edward argues that in the event that this Court finds against the Cardillos on their § 1983 and § 1985 claims, he is entitled to his “costs of suit and attorneys’ fees incurred in defending this action.” (Def.’s Mem. Supp. Mot. Dismiss at 12.) This Court has previously held that a prevailing defendant may be awarded reasonable attorneys’ fees in a § 1983 (and, by extension, a § 1985) action only if the plaintiff’s claims are “frivolous, unreasonable, or without foundation.” *Carter* it. State *of R.I.* Deot. *of Corr.*, 25 F.Supp.2d 24, 26 (D.R.I.l998) (quoting *Christiansbura Garment Co.* v. *EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54

L.Ed.2d 648 (1978) (internal quotations omitted) ) Thus, before this Court will award attorneys' fees, it must first determine that the defendant is a prevailing

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



party, that the requested attorneys' fees are reasonable, and that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburcr Garment Co.,* 434 U.S. at 422, 98 S.Ct. 694. Because Edward did not provide this Court with any information regarding the above criteria or an itemization of the specific amounts to which he is entitled (i.e., the amounts incurred by him as a defendant in this case), Edward's request for attorneys' fees and costs in connection with Case 04—27 is denied.

D. *Edward's Motion for Rule 11 Sanctions*

181 191 Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying," among other things, that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or *413 needless increase in the cost of litigation; [and]
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed.R.Civ.P. l1(b)(1) and (2). According to the First Circuit, "[t]he standard under Rule 11 is an objective one, i.e., 'reasonableness under the circumstances.' *Ballard's Sent. Ctr., Inc.* it. *Transue,* 865 F.2d 447, 449 (1st Cir.1989) (quoting Fed.R.Civ.P. 11 advisory committee's note). A showing of bad faith is not requiredJ~~ "Even assuming that the plaintiff (in the guise of its attorney) did not possess, or the evidence was insufficient to infer the existence of, purely subjective bad faith," under Rule 11, the district court may impose attorneys' fees against a party or his attorney for irresponsibly initiating or litigating a cause of action. *Id.*

FN11. The Cardillos argue that because they submitted "a good faith basis for removal," an award of fees and costs is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


unwarranted. (Def's. Mem. Obj. Fees at 3.)

Edward argues that Rose's and Rudolph's removal of Case 04—60 on the eve of trial, nearly four years after Edward filed his Complaint, violates Rule 11 because it was "simply motivated by an intent to delay or impede [Case 04—60] from reaching trial. ... Unhappy with their result in state court, [Rose and Rudolph] now seek to start over in the federal court." (Pl.'s Mem. Supp. Remand at 9—10.) Edward also makes the corollary argument that Rose's and Rudolph's legal contentions for removal are not warranted by existing law or any wpfrivolous argument for extension thereof in violation of Rule 11.

FN12. Under the removal statute, 28 U.S.C. § 1446(a), a notice of removal is signed "pursuant to Rule 11," and is therefore subject to Rule 11 sanctions. While this Court remanded Case 04—60 to the Superior Court as a result of improper removal, this Court nevertheless "retains jurisdiction to consider whether its process was abused during the course of that determination." *Unanue—Casal* it. *Unanue—Casal,* 898 F.2d 839, 841 (1st Cir.199D)

1. *Was Rose's and Rudolph's removal of Case 04—60 reasonably warranted by existing law or any nonfrivolous argument for extension thereof under Rule 11?*

In order to determine whether Rose's and Rudolph's removal was reasonably warranted by existing law or any nonfrivolous argument for extension thereof pursuant to Rule 11, an examination of the underlying arguments for and against removal is required.

a. *Was there a reasonable basis for removal based on Federal Question Jurisdiction?*

Removal of an action to federal court is governed by the removal statute, 28 U.S.C. § 1441, which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." Original jurisdiction in the district court exists where there is diversity of citizenship under 28 U.S.C. § 1332, or a federal question is ,raised pursuant to 28 U.S.C. § 1331. In addition, original jurisdiction under the removal statute arguably includes supplemental

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

jurisdiction, pursuant to 28 U.S.C. § 1367, over otherwise non—removable claims that are within the same case or controversy as claims involving diversity of parties or a federal question. See **4l4CitV of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 157, 118 5.Ct. 523, 139 L.Ed.2d 525 (1997) (finding that once case was removed based on federal question jurisdiction, plaintiff's "state law claims were properly before the District Court under the supplemental jurisdiction statute"); Joan Steinman, *Suoplemental Jurisdiction in § 1441 Removed Cases: An Unsurveyed Frontier of Congress' Handiwork,* 35 Ariz. L.Rev. 305, 308 (1993) (stating that while 28 U.S.C. § 1367's applicability to removed cases is not a "totally foregone conclusion," the arguments "against its applicability are weak") . In fact, section 1441(c) of the removal statute specifically provides for removal in cases involving multiple claims—both removable and non—removable—so long as at least one of the claims involves a federal question. 28 U.S.C. § 1441(c).flil3

FN13. The exercise of supplemental jurisdiction under 28 U.S.C. § l441(c) is within the district court's discretion. The court may, for instance, choose not to exercise jurisdiction where, according to § 1441(c), "State law predominates" over the claims over which the court has original jurisdiction.

1101 1111 1121 "A party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction." *Brawn it. Coleman,* 167 F.Suoo.2d 145, 148 (D.Mass.2001) . The removal statute, moreover, "should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." According to the Supreme Court in *Franchise Tax Ed. of Calif. v. Constr. Laborers Vacation Trust for So. Calif.* 463 U.S. 1, 10, 103 S.Ct. 2841. 77 L.Ed.2d 420 (1983), where, as here, there is no diversity of citizenship between the parties, and where the propriety of removal therefore rests on a determination of whether the case falls within the original "federal question" jurisdiction of the court, it is the plaintiff's complaint that controls this determination Edward contends that all of the causes of action raised, and remedies sought, by him in Case 04—60 are "etclusively state court matters," which do not raise a federal question and, therefore, do not confer jurisdiction on the federal district court. (Pl.'s Mem. Supp. Remand at 5.) Therefore, he argues, Rose's and Rudolph's removal was unwarranted by existing law or any nonfrivolous argument for the extension thereof in violation of Rule 11. Rose and

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.


Rudolph concede that Case 04–60 was not initially removable pursuant to federal jurisdiction or otherwise, but argue that this case subsequently became removable pursuant to this Court's supplemental jurisdiction. (Defs.' Mem. Obj. Fees at 2.)

b. *Was there a reasonable basis for removal based on supplemental jurisdiction?*

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in such action that they form part of the same case or controversy. Rose and Rudolph argue that while not initially removable in 2000, Case 04–60 became removable in 20D4, based on the supplemental jurisdiction statute. In their Notice of Removal, filed with this Court on February 25, 2004, Rose and Rudolph stated that the Town's removal of the Cardillos' "companion lawsuit" (Case 04–27) from the Rhode Island Superior Court to this Court on February 25, 2004, rendeted Case 04–60 removable because "the subject matter, parties and issues presented in the 'Initial lawsuit' [Case D4–60J and the 'Companion lawsuit' [Case 04–27] are substantially similar." (Notice of Removal at 2.) According *415 to Rose and Rudolph, federal jurisdiction over Case 04–60 was therefore proper "pursuant to 28 U.S.C. sec. 1441 et seq. [the removal statute] and supplemental jurisdiction and ancillary jurisdiction over the pendant state law claims pursuant to 28 U.S.C. sec. 1367." *(Id.)* In a subsequent brief in opposition to Edward's Motion for sanctions, filed with this Court on October 13, 2004, Rose and Rudolph reiterated their arguments that the removal of Case 04–60 was proper based upon this Court's "supplemental and pendant jurisdiction," insofar as all of the claims "are so related that they form 'part of the same case or controversy.' " (Defs.' Mem. Obj. Fees at 2.)

Edward argues that even if the supplemental jurisdiction statute provides an independent basis for removal of a purely state action, the allegations raised by the Cardillos in Case 04–27 were "entirely different" from those raised by him in Case 04–60, and are therefore insufficient to establish supplemental jurisdiction. (Fl. '5 Mem. Supp. Remand at 6.) Edward contends that in Case 04–27, the Cardillos allege that he conspired with the Town to violate the Cardillos' constitutional rights, and also allege several state law claims,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

including false arrest and imprisonment, trespass, assault, slander, and libel. (*Id.* at 5–6.) These causes of action are a far cry from Edward's allegations in Case 04–60 of breach of a fiduciary duty, fraud, deceit, and torts of nondisclosure and conspiracy under state law. (*Id.* at 5.) According to Edward, Rose's and Rudolph's reliance upon the supplemental jurisdiction statute was therefore misplaced, rendering removal unreasonable and in violation of Rule 11. This Court agrees that Rose's and Rudolph's claims asserting violations of constitutional rights and state tort law in Case 04–27 derive from a very different factual nucleus than the claims raised by Edward in his action for an accounting of his uncle's assets and partition of real property in Case 04–60. Thus, the cases do not "comprise[ ] but one constitutional 'case'," *Gibbs,* 383 U.S. at 725. 86 S.Ct.. 1130, for purposes of supplemental jurisdiction.

Nevertheless, assuming, arguendo, that Cases 04–27 and 04–60 were part of the "same case or controversy" under 28 U.S.C. § 1367, it is clear that the supplemental jurisdiction statute still does not provide a basis for Rose's and Rudolph's removal of Case 04–60. At the July 8, 2004 hearing at which this Court ordered remand of Case 04–60, this Court recognized that, notwithstanding the fact that both cases might share the same parties, facts, and witnesses were they to proceed to trial, "removal is controlled very specifically by federal statute," and that Rose and Rudolph "don't get to come to federal court just because [they] think it would be nice to try them together." (Tr. of Hr'g, 7/8/04.) ~ As discussed above, before a case can be removed, the removal statute requires that the district court have either original jurisdiction over the entire action or original 'jurisdiction over a claim within the action, together with supplemental jurisdiction over attendant and otherwise non–removable claims. Rose's and Rudolph's argument is based, therefore, on the (incorrect) assumption that because *416 the district court has original jurisdiction over claims brought by them as plaintiffs in Case 04–27, Edward's somewhat related claims in an entirely separate 'civil action, Case 04–60, are somehow removable. But Rose and Rudolph provide no support for this assumption, and none can be found. In fact, based upon this Court's own exhaustive research (since Rose and Rudolph provided no authority), there does not appear to be any legal authority whatsoever for the proposition that a defendant may remove a case based solely on a separate claim brought as the plaintiff in a separate action. On the contrary, the vast weight of legal authority suggests the opposite.

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.

FN14. Whether or not Cases 04-27 and 04—60 ought to be consolidated, as Rose and Rudolph argue, has no bearing on removal. Fed.R.Civ.P. 42 provides for the consolidation of actions involving a common question of law or fact that are pending before the court—not the removal of those cases. *Cf. B.B. Weit Printing Co. v. Frances Dennev, Inc.,* 300 F.Supp. 405, 409 (S.D.N.Y.1969) (granting motion to consolidate actions arising out of the same transaction after party 1 sued parts' 2 in district court, party 2 sued party 1 in state court, and party 1 *properly* removed case to district court)

In the first place, it is not at all clear that the supplemental jurisdiction statute constitutes an independent source of. jurisdiction for removal. Several district courts have held that an already—existing federal action cannot provide a mechanism for removal of a separate state court action; rather, a state court action can be removed only to the extent that it includes diverse parties or a federal claim over which the district court has original jurisdiction. See *In re Estate of Tabas,* 879 F.Suop. 464, 467 (E.D.Pa.1995) see *also* Stern it. *Mut. Life Ins. Co. of N.Y.,* 968 F.Suptj. 637, 638 (N.D.Ala.1997) (holding that supplemental jurisdiction statute did not provide jurisdiction over removed case where complete diversity was lacking and no federal question was asserted; case could not be brought in, or removed to, federal court on grounds of supplemental jurisdiction alone) Similarly, the Supreme Court has determined that a state law claim may be removed to federal court through the use of the supplemental jurisdiction statute, "provided that another claim *in* the *complaint* is removable." *Beneficial Nat'l Bank* it. *Anderson,* 539 U.S. 1, 8 n. 3, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (emphasis added); *see also City of Chicago,* 522 U.S. at 165, 118 S.Ct. 523. Although the First Circuit has not addressed this issue directly, the cases in which the First Circuit has analyzed removal pursuant to the supplemental jurisdiction statute have consistently involved the existence of federal question jurisdiction over one or more claims and supplemental jurisdiction over the remaining state law claims. See, e.g., *Grispino* it. *New England Mut. Life Ins. Co.,* 358 F.3d 16, 19 (1st Cir.20D4); *Noaueras—Cartaaena v. Rosello—Gonzalez,* 182 F.R.D. 380, 383 (D.P.R.1998) (holding that removal of case was proper where court had subject matter jurisdiction over plaintiff's federal claims pursuant to federal question statute, 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's concomitant state law claims pursuant to 28 U.S.C. § 1367(a)); *D'Allesandro v. Johnson & Wales Univ.,* No. CIV. 94—543—SD, 1995 WL 30604, at *34 (D.N.H.

© 2006 **Thomson/West. No claim to Orig. U.S. Govt. Works.**

Jan.23, 1995) (same)

1131 1141 The removal of Case 04–60 based solely on supplemental jurisdiction would also be inconsistent with the First Circuit's treatment of counterclaims as the basis for removal. Although courts differ with respect to this issue, the First Circuit has held that a defendant's counterclaim cannot form the basis for removal. *Watch Hill Partners, Inc. v. Barthel,* 338 F.Supo.2d 306, 309 (D.R.I.2004) (Smith, J.) (citing *Transue,* 865 F.2d at 449). It is, therefore, difficult to see why Rose's and Rudolph's separate claims in a separate action (Case 04-27)—which, they concede, are identical to their attempted counterclaims in Case 04–60 (Tr. of Hr'g, 7/8/04)—should form the basis for removal, nearly four years too late. Furthermore, it is well settled that it is the defendant, not the plaintiff, who is entitled to remove an action. *Transue,* 865 F.2d at 449. Rose's and Rudolph's removal of Case 04-60 based on claims that they brought as plaintiffs*417 in a separate action is inconsistent with this principle as well. In *Transue,* in which the plaintiff sought to remove an action, alleging that the defendant had raised federal claims in his counterclaim, the district court rejected what it characterized as the plaintiff's attempt to "boostrap the case into federal court by usurping the defendant's right to determine what claim he would raise." *Id.* at 447. Because Rose and Rudolph base their removal of Case 04–60 on claims they raised as plaintiffs in Case 04–27, and because Edward accuses Rose and Rudolph of attempting, in effect, to "bootstrap" their failed counterclaim into federal court, the district court's reasoning in favor of an award of attorneys' fees in *Transue* is instructive:

The Plaintiff here, the party who removed, seeks to amend the Defendant's ...counterclaim in the state court by making it read as a federal claim rather than as a state claim. That is not the Plaintiff's province. Quite clearly, the claim was made under state law. The Plaintiff here has no supervisory jurisdiction over what kind of a claim the Defendant here can make in the state court. It's for the Defendant to make that decision, not the Plaintiff. The Defendant made that decision. Whether or not a state claim was a good claim in state court was a question for the state court to determine, and it's not up to the party against whom the claim is made to establish a characterization of that claim as a federal claim. And with that bootstrapping remove the case to this court. Furthermore, the record shows that the removal was not timely.

*Id.* at 448. Because a separate action does not create an independent

© 2006 **Thomson/West. No Claim to Orig. U.S. Govt. Works.**



basis for removal under the supplemental jurisdiction statute, the

Cardillos' removal of Case 04-60 was unreasonable.

c. *Was Rose's and Rudolph's removal timely?*

1151 Under 28 U.S.C. § 1446, a defendant must file a notice of removal within thirty days of receipt of the plaintiff's summons~and complaint, or within thirty days of receipt of such "other paper" from which it may first be ascertained that the case has become removable. In *Unanue—Casal*, the First Circuit upheld the district court's imposition of sanctions under Rule 11, where the defendant filed for the removal of a New Jersey state case to a clearly improper forum—the District Court of Puerto Rico—and did so "at the eve of trial [three days prior to trial in state court], many months after the state court suit began." 898 F.2d at 842. The defendant's improper removal, the court noted, "tended to undermine the goals that Rule 11 seeks to advance." *Id.;~"*[5] see *also Transue,* 865 F.2d at 450 (awarding attorneys' fees where plaintiff improperly sought to remove case based on defendant's counterclaim, and where plaintiff's removal was not timely)

FN1S. After attempting to remove the case to the District Court of Puerto Rico, the defendant in *Unanue-Casal* removed the case to the District Court of New Jersey, which remanded the case, finding that it lacked subject matter jurisdiction and that the notice of removal was untimely. *Unanue-Casal v. Unanue—Casal,* No. 89—2887 (D.N.J. Nov. 24, 1989) (unpublished opinion), *available at* appendix to 898 F.2d 839, 847 (hereinafter, "*Unanue—Casal,* app."). The District Court of New Jersey, like the District Court of Puerto Rico, also imposed sanctions under Rule 11, awarding $16,011.15 in attorneys' fees to plaintiff. *Unanue—Casal,* app., 898 F.2d at 847—49.

Rose and Rudolph do not dispute that they filed their Notice of Removal nearly four years after Edward filed his Complaint in May of 2000, and that Edward's allegations in the Complaint therefore cannot*419 form the basis for their February 25, 2004 removal of Case 04—60. As discussed above, Rose and Rudolph instead base their removal of Case 04—60 on the removal of an entirely separate case, Case 04—27, which they brought as plaintiffs in state court on December 18, 2003. They argue that Case 04—60 became removable, and

© 2006 **Thomson/West. No Claim to Orig. U.S. Govt. Works.**



the thirty—day limitations period began running, when Case 04—27 was removed by the Town on February 2, 2004. (Defs. Mem. Obj. Fees at 2.) As set forth above, this is a position that lacks any support in the

law. Because the removal of Case 04—27 did not make Case 04—60 removable pursuant to the supplemental jurisdiction statute, Case 04—27 simply has nothing to do with the timing of Rose's and Rudolph's removal of Case 04—60. The thirty-day limitations period thus began running upon Edward's filing of his Complaint in May 2000—not upon the Cardillos' filing their Complaint in Case 04—27 in December 2003, or the Town's removal of that case in February 2004. Rose's and Rudolph's removal was therefore not timely, and thus not reasonably filed.

2. *Was Rose's and Rudolph's removal motivated by an improper purpose?*

1161 In *Unanue—Casal,* where the defendant attempted to improperly remove a case from New Jersey state court to the District Court of Puerto Rico, the First Circuit upheld the imposition of Rule 11 sanctions, Stating that it "[could not] imagine any legal justification, nor [could it] find one in the briefs or in the record," for removing the case to Puerto Rico's federal court. 898 F.2d at 842. "On the contrary ... there is good reason to believe that [the plaintiff] filed the removal petitions for 'an improper purpose,' namely, to harass, or to delay the start of the' New Jersey trial." In support of its holding, the First Circuit noted that the defendant filed on the eve of trial, many months after the state suit began, and that the defendant brought separate actions in other courts (including two actions in the local courts of Puerto Rico) asking for the same relief as in his counterclaims in the New Jersey action, and.then attempted to remove those actions as well. See *id.* at 842, 847 see *also* *Transue,* 865 F.2d at 450 (awarding attorneys' fees where plaintiff attempted to remove case based on defendants' counterclaim, finding that plaintiff's attorney "should bear the consequences of his unreasonable, ill—founded legal maneuver, which only served to irresponsibly prolong litigation and incur further expense for the opposing side")

Edward argues that Rose's and Rudolph's removal of Case p4—60 without any independent basis for jurisdiction, several years after he filed his claim and just a few months prior to the start of trial in Superior Court, was motivated by an improper purpose. Edward alleges that Rose and Rudolph are in effect trying to bootstrap their

© 2006 **Thomson/West. No claim to Orig. U.S. Govt. Works.**



attempted counterclaim in Case 04-60 (which was rejected by the state court) to the previously removed Case 04—27 "based upon their unhappiness with the status of the court proceedings in [Case 04—60]." (Pl.'s Mem. Supp. Remand at 8.) Where trial was set to begin in state court on May 17, 2004, Edward further contends that Rose and Rudolph filed the Notice of Removal on February 24, 2004 "in an effort to

prevent the plaintiff from having his day in court and otherwise to delay and impede the[ ] proceedings." *(Id.* at 9.)

As discussed above, Rose's and Rudolph's jurisdictional basis for removal was sorely lacking, and they provided absolutely.no authority for their contention that the removal of Case 04—27 gave this Court jurisdiction over Case 04-60. This, combined with Rose's and Rudolph's untimely filing and disruption to the state cou~t proceedings, leaves this Court, unfortunately,*419 with no reasonable alternative other than to conclude that Rose's and Rudolph's removal was motivated, at least in part, by an improper purpose, and that attorneys' fees are therefore warranted. As the District Court of New Jersey stated in *Unanue—Casal,* "either [the plaintiff] and his attorneys did not perform a reasonable investigation of the facts and a normally competent level of legal research or they were, motivated by the intention to deliberately delay and harass their opponents." *Unanue—Casal,* app., 898 F.2d at 847. In either case, Rule 11 sanctions may and should be imposed.

3. *Does Edward's technical noncompliance with Rule li's ~"safe harbor" provision prevent this Court from awarding attorneys' fees?*

Rule 11 requires that a motion for sanctions be made separately from other motions and requests, and provides for a twenty—one—day "safe harbor" in which the defendant may cure the alleged violation. Fed.R.Civ.P. 11(c) (1) (A). Because a separate Rule 11 motion was not brought by Edward until after the July 8, 2004 hearing, at which this Court ordered remand of Case 04-60, Rose and Rudolph technically did not have an opportunity to cure. They argue that the Motion is therefore fatally flawed and should be denied. (Defs.' Mem. Obj. Fees at 3.) However, it is important to note that on or about March 25, 2004, Rose and Rudolph were served with Edward's Motion to Remand and Objection to Defendant's Removal, which included a request for Rule 11 sanctions (in the memorandum accompanying the Motion), and a hearing on this Motion (together with other motions) was not held until July 8, 2004—arguably plenty of time for Rose and Rudolph to cure the

© 2006 Thomson/West. No claim to Orig. U.S. Govt. Works.


alleged violation. This Court finds Edward's technical noncompliance with Rule 11 therefore does not bar his request for relief. See *Barker* it. *Bank One, Lexington, N.A.,* No. 97—5787, 1998 WL 466437, at *2 (6th Cir. July 30, 1998) (unpublished opinion) (holding that Rule 11's safe-harbor provision was satisfied where counsel fdr defendants warned plaintiff's counsel in writing that they would seek sanctions for filing frivolous action, even though defendants' counsel did not

serve motion for sanctions on plaintiff's counsel or file motion with court until after final judgment was entered); see *also* Nisenbaum v. Milwaukee County, 333 F.3d 804, 808 (7th Cir.2003) (technical noncompliance with safe—harbor provision not a bar to Rule 11 sanctions); *Walsh v. Mass. Ed. of Bar Exam'rs,* No. CIV.A. 01—30166—MAP, 2002 WL 561024, at *2 (D.Mass. Apr.9, 2002) (same).

FN16. Even if Edward's technical noncompliance with Rule 11's safe-harbor provision were fatal to his Motion for Award of Attorneys' Fees, Rule 11 authorizes this Court to impose sanctions against the Cardillos on its own initiative. Under Rule 11(c) (1) (B), this Court may enter an order describing the conduct in question, and direct an attorney or party to show cause why it did not violate Rule 11. The July 8,2004 hearing reasonably satisfied this requirement insofar as it provided the Cardillos with notice that Rule 11 sanctions were being considered and an opportunity to respond. Because this Court concludes that Rose and Rudolph violated Rule 11, a monetary sanction (paid to this Court) would therefore be justified under the Rule. Furthermore,. even if Edward were not entitled to Rule 11 sanctions either by Motion or by order of this Court, he is nevertheless entitled to the payment of "just costs.and any actual expenses, including attorney fees, incurred as a result of the removal," pursuant to 28 U.S.C. § 1447(c). "[S]ection 1447(c) constitutes an alternative means to reimburse the victorious party without resorting to Rule 11." *Wisconsin v. Hotline Indus., Inc.,* 236 F.3d 363, 367 (7th Cir.2000) see *also Samuel* it. *Lanaham.,* 780 F.Supp. 424, 428 (N.D.Tex.1992) (holding that improper removal for lack of federal question jurisdiction did not justify Rule 11 sanctions, but warranted just costs and actual expenses, including attorneys' fees, incurred by plaintiff as result of removal, pursuant to § 1447 (c) *)* Thus, although this Court finds it unnecessary to do so, it could, if need be, construe Edward's Motion as one for costs and expenses and award the same to him.

© 2006 **Thomson/West. No Claim to Orig. U.S. Govt. Works.**



*420 4. *Who should pay?*

IlU j~~j provides that monetary sanctions may not be awarded against a represented party where the court determines that the party's allegations are not warranted by existing law or any

nonfrivolous argument for the extension thereof. Fed.R.Civp *iLLdll2J.jj~j.* According to the Advisory Committee Notes, monetary responsibilities for frivolous contentions of law are "more properly placed solely on the party's attorneys." Fed.R.Civ.p 11 advisory committee's note. The Advisory Committee Notes further provide that "[tjhe person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation." *Id.* Accordingly, and in the interest of "effective deterrence" against similar activity by other litigants, Fed.R.Civp l1(c) (2k, this Court holds that the attorneys representing Rose and Rudolph in connection with Case 04–60 ~ shall pay to Edward, as sanctions, attorneys' fees in the amount of $2400 incurred by Edward in defending Rose's and Rudolph's Motion to Consolidate and filing a Motion to Remand. (See Carroll Aff. ¶ 6; Robinson Aff. ¶ 6.)

FN17. Rose and Rudolph are represented by attorneys Frank Saccoccio and Edward R. Dipippo, respectively in Case 04–60. A different set of attorneys represents Rose and Rudolph in Case 04–27. The Rule 11 sanctions imposed herein pertain only to the filings in Case 04–60.

IV. *Conclusion*

For the foregoing reasons, this Court holds as follows:

1. With respect to Case 04-27, Edward's and the Town's Motions for Summary Judgment are GRANTED with prejudice as to the Cardillos' federal claims, and without prejudice as to the Cardillos' state law claims. Edward's request for attorneys' fees and costs in connection with Case 04–27 ~5 DENIED.

2. With respect to Case 04-60, Edward's Motion for Reconsideration and

Award of Attorneys' Fees Pursuant to .Rpje 11 is GRANTED IT IS SO ORDERED.

© 2006 **Thomson/West No Claim to Orig. U.S. Govt. Works.**



D.R.I.,2005.
Cardillo v. Cardillo
360 F.Supp.2d 402

Briefs and Other Related Documents (Back to too)

- 1:04CV00060 (Docket) (Feb. 25, 2004)
- 1:D4CV00027 (Docket) (Feb. 02, 2004)

END OF DOCUMENT

© 2006 **Thomson/West. No Claim to Orig. U.S. Govt. Works.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Theresa Terry as P.P.A. of
Andrea Jones, a Minor and
Theresa Terry, Individually Plaintiffs.

C.A. No. 06-3495
AFFIDAVIT

Vs. )

Ford Motor Credit Company, Alias, & Doe 1 Thru Doe 4, Inclusive
Defendants.

["Hearing Requested"]

**AFFIDAVIT** OF PLAINTIFF'S ATTORNEY WAYNE G. RESMINI, ESQUIRE

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

I Wayne 0. Resmini, Esquire, being duly sworn, state:

1. Plaintiff filed their amended complaint in the Superior Court of Providence County, in the State of Rhode Island on July 6, 2006 against Defendant, Ford Motor Credit Company, ("Ford") as owners of a motor vehicle that struck the minor plaintiff, Andrea Jones as well as a Count for Theresa Terry, for loss of Consortium and or parental Society in Providence Superior Court for Rhode Island C.A. No. P.C.: 2006-3538 (Attached hereto as Exhibit "A'' and incorporated herein by reference)

2. Service was perfected against defendant, ("Ford") on July 10, 2006 on their agent for service of process CT Corporation 10 Weybossett Street in Providence Rhode Island. (Attached hereto as Exhibits ""B"", and incorporated herein by reference)

3. On or about July 11, 2006, defendant, "Ford", contacted plaintiffs, counsel and was asked to fax a copy of the Providence Rhode Island Police report (Attached hereto as Exhibit "C", and incorporated herein by reference)

4. On or about July 27, 2006, defendant, "Ford's" counsel contacted plaintiffs, counsel by facsimile and asked for an extension of time to respond to plaintiffs compliant, P.C. No. 2006-3538. along with a Stipulation for plaintiffs counsel to signed and returned. (Attached hereto Exhibit ""D"", and incorporated herein by reference)

5. On or about, July 28, 2006, defendant, "Ford's" counsel faxed a signed copy of the Stipulation to Extent Time to Answer or Otherwise Respond to the plaintiffs Complaint. (Attached hereto Exhibit "E", and incorporated herein by reference)

6. On or about July 28, 2006 defendant "Ford" Via F.ederal Express forward the Stipulation of Extent Time or Otherwièe Plead to The Civil Clerk of Providence County Superior Court (Attached hereto as Exhibit "F", and incorporate herein by reference)

7. On or about July 31, 2006, The Providence Superior Court entered the Stipulation on July 31, 2006. (Attached hereto as Exhibit ""G"" certified copy of the Plaintiffs' Certified copy of the Providence Superior Court Civil Docket Sheet certified on August 15, 2006 and incorporated herein by reference.)

8. On August 1, 2006, defendant removed this matter to Federal District Court of Rhode Island with a certified copy of the complete

record of Providence Superior Court P.C. No.; 2006-3538. (Attached hereto as Exhibit ““H”” and incorporated herein by reference) Defendant’s certified copy does not show the Extension of Time to Respond to said Plaintiffs Complaint.

9. On August 1, 2006, Defendant, “Ford”, filed their Notice of Removal, and Memorandum with this Court with a limited “Certified Record” or in the alternative did not state that they had filed a pleading in Providence Superior Court Civil Action No.: 2006-3538. (Attached hereto as Exhibit “I”” and incorporated by reference.)

10. On August 15, 2006, I had the Providence Superior Court Certified “completed” file P.C. 2006-3538 which shows the defendant, “Ford” had filed a pleading entering their appearance in the Providence Superior Court Civil Action No.: 2006-3538 on Friday, July 28, 2006. (Attached hereto as Exhibit “J” and incorporate herein by reference.)

Wayne Resmini, Esq., (6373)

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Scribed and sworn to before me on this ____ day of

August 2006. p ~ ~ °z-.

J9l~s Gelade, Esq.
PUBLIC: /
MY COMMISSION EXPIRE5:&-.(5/2(J09

Respectfully submitted,

Theresa Terry as P.P.A. of Andrea Jones, a minor and Theresa Terry, Individually,

Wayne 0. AResmlnl, Es (#6373)
RESMINI ~AW ASSOCIATES
207 Wate~man Street, Suite-i
Providence, Rhode Island 02906
(401) 751-6655 Tel:
(401) 751-6282 Facsimile
ResminiLawl@msn.com (e-mail)

Dated: August /, 2006

Respectfully submitted,
Theresa Terry as P.P.A. of Andrea Jones, a minor and Theresa Terry, Individually,

~

ayng~f. R~smini, ‘sq. (#6373)
RESM I LAW ASSOCIATES
207 Waterman Street, Suite-l
Providence, Rhode Island 02906
(401) 751-6655 Tel:
(401) 751-6282 Facsimile
ResminiLawl@msn com (e-mail)

CERTIFICATION

I the undersigned, do hereby certify that on August.~Q 2006, i mailed a true and accurate copy of the within Affidavit to: Adam A. Larson, Esq. (#7114) CAMPBELL, CAMPBELL EDWARDS & CONROY,One Constitutional Plaza, Boston, Massachusetts 02129; Anthony J. Sbarra, Jr., Esq. (#7307), CAMBELL, CAMBELL, EDWARDS & CONROY, One Constitutional Plaza, Boston, Massachusetts 02129 For:

**CERTIFICATION**

I the undersigned, do hereby certify that on August(’~, 2006, I mailed a true and accurate copy of the within Affidavit TO:
Adam A. Larson, Esq. (#7114) CAMPBELL, CAMPBELL EDWARDS & CONROY,

One Constitutional Plaza, Boston, Massachusetts 02129; Anthony J. Sbarra, Jr., Esq. (#7307), CAMBELL, CAMBELL, EDWARDS & CONROY, One Constitutional Plaza, Boston, Massachusetts 02129

For: R MINI LAW ASSÔ~TATES

# EXHIBIT A

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC.

Theresa Terry, as P.P.A. of )
Andrea Jones, a Minor, &
Theresa Terry, Individually, Plaintiffs
v. ) C. A. NO. P.C. 06-3538
Ford Motor Credit Company,
alias, Doe 1 Thru Doe 4,
Inclusive,
Defendants

AMENDED COMPLAINT

1. Plaintiff, Theresa Terry, Individually, is an individual residing in Columbus, State of Ohio.

2. The plaintiff, Andrea Jones, a minor, resided with her mother plaintiff, Theresa Terry in Columbus, in the State of Ohio. This claim for th Plaintiff, Andrea Jones, a minor, is being brought by Plaintiff, Theresa Terry as Parent and Next Friend of Andrea Jones, a minor.

3. Upon information and belief, Defendant, Ford Motor Credit, Company (hereinafter, “Ford”) is a Delaware Corporation with a usual place of business located at 1350 I Street, NW, Suite 1000 Washington, DC 20005 and American Road, Dearborn MI and is a merchant and license to business in Rhode Island.

4. Upon information and belief, defendant, Doe 1 thru Doe 4, inclusive, (hereinafter, “Doe”) the true names and capacities, whether individual, corporate, or otherwise, of the named herein as Does 1 Thru Doe 4, Inclusive are unknown to the plaintiff at the present time, and therefore the plaintiff, sues said defendants by such fictitious names. Plaintiff is informed and believe and therefore allege that each of the defendant designated herein by fictitious names is in some manner responsible for the events an happening herein referred to, and caused damages proximately and foreseeable

hereby to the plaintiff as hereinafter alleged. Plaintiffs will ask leave of this court to amend this complaint when the true names and capacities of the "Doe" defendant(s)have been ascertained. rue Copy Attest

5. The plaintiffs damages are sufficient to confe2?! 0 jurisdiction in the Superior Court.

Office oiC~Erk
Stiperior Court

CflP ( S. .';NCH Jfl.. CLERic Counties
of Pi'.; i~ence &
Bri~to[1]
l~j ~, d~. nc?
RhcJ~

2~h JUL —b P 2: I b

COUNT I

6. On or about September 15, 2002, plaintiff, Andrea Jones was a pedestrian pushing her bicycle on Appian Way at or near the intersection with Anchor Avenue in Providence, Rhode Island.

7. At the same time and place, Rhonda Araujo, alias, and/or the defendant, "Doe" was operating a motor vehicle owned by defendant, "Ford," alias, and/or defendant, "Doe," and leased to the City of Providence, Rhode Island, southbound on Anchor Avenue at or near the intersection with Appian Way in the City of Providence, in the State of Rhode Island.

8. The defendant, "Doe" so negligently operated defendant, "Ford's," alias, and/or defendant, "Doe" automobile as to cause it to strike the pedestrian, the plaintiff, Andrea Jones, a minor.

9. As a result of the negligence and carelessness of Rhpnda Araujo, alias, and/or defendant, "Doe" the plaintiff, Andrea Jones, a minor, sustained injuries of body and mind, incurred expenses for medical care and attendance, and lost time and/or lost earning, capacity from her usual employ.

WHEREFORE, the plaintiff, Theresa Terry, as parent and next friend of plaintiff, Andrea Jones, a minor demands judgment against defendant, "Doe" on Count I, plus interest and costs of this action.

COUNT II

10. The plaintiff repeats, re-alleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 9 of this Complaint.

11. The plaintiff, Theresa Terry, is the mother of the plaintiff, Andrea Jones, a minor, and the person entitled by law to the and lost of parental

society of the plaintiff, Andrea Jones. a minor.

12. As a result of the negligence of the Rhonda Araujo, alias, and/or defendant, “Doe” the plaintiff, Theresa Terry, sustained the loss of the care, comfort, and parental society of her daughter, plaintiff, Andrea Jones, a minor.

WHEREFORE, the plaintiff, Theresa Terry, demands judgment on Count II against defendant, “Doe,” plus interest and costs of this action.

**COUNT III**

i rue Copy *Attes,.*

13. The plaintiff repeats, re-alleges, and gico~~t~s by reference as if set forth hereto in their ei t~St~ P~t~~hs

1 through 12 of this Complaint.

O’~r~-~ *cr~r.~ n,*

L&~UL Os ~

OU)ennrcou,-t

Coujuir.s of Pr,i--

~denre & Bristol

~ i2C..i~-Is~u~

14. On or about September 15, 2002, the defendant, “Ford,” alias, and/or defendant, “Doe,” was the registered owner of the vehicle operated by Rhonda Araujo, alias, and/or defendant, “Doe” which was involved in a collision with the plaintiff, Andrea Jones, a minor.

15. At the time of the collision between the vehicle operated by Rhonda Araujo, alias, and/or defendant, “Doe” and the pedestrian plaintiff, Andrea Jones, a minor, and the Rhonda Araujo, alias, and/or defendant, “Doe” the Rhonda Araujo, alias, and/or defendant, “Doe,” was operating defendant, “Ford’s,” alias, and/or defendant, “Doe’s” vehicle with the permission of Defendant, “Ford,” alias, and/or defendant, “Doe.”

16. At the time of the collision between a vehicle operated by the Rhonda Araujo, alias, and/or defendant, “Doe” the pedestrian plaintiff, Andrea Jones, a minor, and Rhonda Araujo, alias, and/or defendant, “Doe,” Rhonda Araujo, alias, and/or defendant, “Doe,” was operating defendant, “Ford’s,” alias, and/or defendant, “Doe’s” vehicle with permission and as an agent of the defendant, “Ford,” alias, and/or defendant, “Doe.”

17. As a result of the negligence and carelessness of Rhonda Araujo, alias, and/or defendant, “Doe,” who was operating defendant, “Ford’s,” alias, and/or defendant, defendant, “Doe’s” vehicle with defendant, “Ford’s,” alias, and/or defendant, “Doe’s” permission and/or control and, as and as an agent of the defendant, “Ford,” alias and/or defendant, “Doe,” the plaintiff, Andrea Jones, a minor, sustained injuries of body and mind, incurred expenses for medical care and attendance, and lost time and/or lost earning capacity from her usual employ.

WHEREFORE, the plaintiff, Theresa Terry as Parent and Next friend of Andrea Jones, a minor, demands that judgment be entered against the defendant, "Ford," alias, and/or defendant, "Doe," on Count III of his Complaint with interest and costs.

COUNT IV

18. The plaintiff repeats, re-alleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 17 of this Complaint.

19. The plaintiff, Theresa Terry, is the mother of the plaintiff, Andrea Jones, a minor, and the person entitled by law to the care, comfort, services, and lost of parents society of the plaintiff, Andrea Jones, a minor. iflJCCo~~yAtfQ..

20. As a result of the negligence and carelestIes~ o~-~,honda Araujo, alias, and/or defendant, "Doe," w~~'w~ ~&'~~ing defendant, "Ford's," alias, and/or defend ~"pp~s"veIcThle

no
Caui.
oumles of ~ &
Rristoi
jv -'-~'~.nce ~tJ~c-~!r
i~:~ ~

with permission of defendant, "Ford's," alias, and/or defendant, "Doe's" control and as defendant "Ford's," alias, and/or defendant, "Doe's" agent, the plaintiff, Andrea Jones, a minor, sustained the loss of the care, comfort, and loss of parental society of her daughter, the plaintiff, Andrea Jones, a minor.

WHEREFORE, the plaintiff, Theresa Terry, Individually demands judgment against the defendant, "Ford," alias, and/or defendant, "Doe," on Count IV of this Complaint, plus interest and costs.

THE PLAINTIFFS DEMMID A TRIAL BY JURY ON ALL COUNTS.

PLAINTIFFS,
By their attorneys,
Resmini Law Associates

Wayr4'G. Resmini, Esg. #6373
207 Waterman Street
Providence, RI 02906
(401) 751-6655
(401) a 751-6282 facsimile

Dated: July Lt~__, 2006

TUe Cony titt3St.

‘/ p Vj. <~~:;z~
c~ %~

~a1cc’ o.~ C,.sj’k c~
c’u)enor’ Court

1-;’T2t~es @2! fc~1t~er~e &
BI~StOI
.Ctrc’~ i-?IIC.u

# EXHIBIT B

**STATE OF RHODE ISLAND AND PRO** VTDENCE
**PLANTATIONS SUPERIOR COURT**

**[X] PROVIDENCE/BRISTOL ▯KENT [] WASHINGTON ▯NEWPORT**

CIVIL ACTION, FILE No. ***PC-U 6-3538***

***Theresa Teny as P.P.A. ofAndrea Jones, a Theresa*** }

Plaintiff }

} ***Summons***

*Ford Motor Credit C’ompany & Doe 1 Thru Doe 4, Inclusive* }

Defendant }

***To the above-named Defendant: Ford Motor Credit company; Agent CT Coiporation***

The above-named plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon *~ J~jyJ,Esq.#6373*

Plaintiffs attorney, whose address is ***Resudni Law Associates, 207 Waterman Street, Providence, Rhode Island 02906; (401) 751-6655***
an answer to the complaint which is herewith served upon you, within 20 days after service of this suninons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counter claim may related claim which you may have against the plaintiff,,pr you will thereafter be barred from making such claim in any other action.

CLERK

Dated: **..J&.5** ***2006*** (Seal of the Superior Court)

5-135 (REV.I0/00)

State of naode Island and Providence F~..~itations

SC

PROOF OF SERVICE

By delivering a copy of the summons and complaint to hinVher personally

By leaving a copy of the summons and complaint at his/her dwelling house,
(ADDRESS)
Then residing therein.

By leaving a copy of the summons and complaint at his usual place of abode,
then residing therein.
(ADDRESS)
,with a person of suitable age and discretion

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely *5* A

such agent being one designated by statute to receive service, further notice as the statute requires was given
follows:
Sheriffs Fees
Travel

I hereby certi~' that on the day of '3 Yi- I served a copy of this summons and a copy of the complaint received therewith upon

c/siP L.i ~....P

in the following manner:

with a person of **suitable age and discretion**

c~.-~- ~ LC'

ci~-i

c
ogeoa,~-
Ti '-J

$
Ls <
$
Service
"1 0

0
CD

CDL~~

~ a.

no
CD
rt
-I
Ct
CD
C)
H ~CD

C)

I

~.~
~..

n
CD
a 9

~ 0-n
0-na
0.0.
0- 0
— ~0
~
r~i
DO>
=. 0
=. to
- 'C
0 —
Ct ~

***p%g)***

C-. -.

Cc
Sr.& t ( ₀t--'ς 54D 1~'
r
2
p
t.J
C,)
C
c-4
S
(JJ
F-
C)
C)
-. to
—
— C/)
C
—ID
>
I
0
C,1
-C
-SI
0
'0
r
-~
~21
--S

Cathy J. **Agozino**
**Legal AdmlnI~lmIlvs Assistant**
LI hg e U a n
(313) 390.2458 —phone

(080) 652-4476—~x
c eo ~in a a rd Go ni

0

Ford Motor Credit Company
*C,*

July II, 2006
_t/ I
DELIVERED VIA FACSIMILE (401) 751-6282
NOTICE OF LAWSVIT PRlViL.EG~D AND QONFIPENTIAL
Wayne 0. Rosnilnl, Esq.
207 Waterman Street
Providence, RI 02906
***Re: Theresa** Thrry, **as PPA of Andrea Jonas, a minor end Theresa Tern,’, IndMdueily v.** Ford Motor Credit **Company and Doe I thai Doe 4, inclusive***

Dear Mr. Reernini,

We are In receipt of the Summons and ComplaInt regarding the above referenced matter. In order to identify our Interest In this matter, I would appreciate receiving a copy of the oollce recort and the Vehicle Identification Number, If possible.

To expedite this matter, please ***fax*** the pollee report and any other information you may have that would assist us in identifying our vehicle, to (888) 652-4476.
If our office can be of further assistance, please do not hesitate to contact us.
Sincerely,
Legal Administrative Assistant

A lo sC ., U I~ IL.

**VOLVO**
**JAGUAR**
a
CAPflAI.QflOUp

# EXHIBIT C
# EXHIBIT D

**STATE OF** RHODE ISLAND **SUPERIOR** COURT
**PROVIDENCE, SC**

| | | |
|---|---|---|
| **THERESA TERRY, AS P.P.A. OF** ANDREA JONES, A MENOR, & THERESA TERRY, INDIVIDUALLY, **Plaintiffs,** | ) | |
| **v.** | ) | CIVIL **ACTION NO. P.C. 06-3538** |
| **FORD MOTOR CREDIT** COMPANY, **ALIAS, DOE 1 THRU DOE 4,** **Defendants.** | ) | |

**STIPULATION TO EXTEI'jp** TIME **TO ANSWER OR OTHERWISE**
**RtSPONI) TO** rim PLAJNflF13'g **COMPLAINT**

**The plaintiff hereby agrees that Defendant Ford Motor Credit Company ("Ford") shall have up to** and **including Wednesday, August 9, 2006, to answer or otherwise respond to the** Plaintiffs **Complaint.**

**THERESA TERRY, AS P.P.A. OF** ANDREA **JONES, A MINOR, & THERESA TERRY,** INDIVJDIJALLY
**By their Attorneys,**
RESMINI **LAW ASSOCIATES**
**Wayne~** Resmini, E~q.1_ ~5y5
**207** Waferinan **Street**
**Providence, RI 02906**
**(401) 751-6655**

**FORD MOTOR CREDIT COMPANY**
**By its** ***Attorneys,***
**CAMPBELL CAMPBELL EDWAjUDS & CONROY**
**PROFESSIONAL CORPORATION**
**Adam A. Larson**
**One Constitutional** Plaza
**Boston, MA 02129**
**(617) 241-3000**

**CERTIFICATE OF SERVICE**

**J,** Adam A. Larson, **of Campbell Campbell Edwards & Conroy Professional** Corporation, attorney for Ford Motor Credit Company, hereby certify that on July_, 2006, a line **copy of the above document was served upon the attorney of record for the plaintiff by First Class Mail.**

Adam **A. Larson**

**CAMPBELL CAMPBELL EDWARDS & CONROY**
**PROFESSIONAL CORPORATION**
**TEL: 617-241-3000**
FAX: 617-241-5115

FACSIMILE **COVER SHEET**

**DATE:** **July 27, 2006**

**TO:** **Wayne G. Resmini**

FAX **NO.:** **401-751-6282**

**FROM:** **Adam A. Larson**

**CASE NO.; 888-705**

**RE:** **Stipulation of Extension**

**PAGES:** **4 (including cover sheet)**

COMMENTS~

**Please see attached.**

**THIS TELECOPY IS SUBJECT TO TIlE ATTORNEY-CLIENT PRIVILEGE ANI) CONTAINS** CONFIDENTIAL **INFORMATION FOR THE PERSON(S)** NAMED ABOVE. ANY **DISTRIBUTION, COPYING OR DISCLOSURE IS STRICTLY PROHIBITED. IF YOU HAVE RECEWED THIS TELECOPY IN ERROR, PLEASE NOTIFY** THE **SENDER IMMEDIATELY BY TELEPHONE AT THE** ABOVE **TELEPHONE NUMBER.**

E
1

U
V
~
/

L
J
U
q

CAMPBELL CAMPBELL EDWARDS & **COWp.oy** PROFESSIONAL Cflnrop.~T]o~q

ONE CONSTIflJTION PLAZA
**ThIRD PL~)R**
BOSTON, ***MA*** QZLI9
ThL~ **(617) 241 *2~Q***
**FAX: [OII) 241 5115**

**July 27, 2006**

**<u>Via Facsimile</u>**

**Wayne 0. Resmini, Esq.**
**Resmini Law Associates**
**207 Waterman Street**
**Providence, RI 02906**

**RE: Theresa** Terry **v. Ford Motor Credit Company Sup~rior Court of Rhode Island, CA No- 06-353 8**

**Dear Attorney Resrnini:**

**Thank you. Please do not hesitate to call with any questions.**

Very **truly yours,**

**Adam A. Larson**

**AAL/mrb**
**Enclosure**

**ADAM A. LARSON**

(617) 241.3001)

Please find enclosed a Stipulation to Extend Time to Answer or Otherwise Respond to the Plaintiff's Complaint. Kindly execute this stipulation and return it to me no later than Friday, so that I may Fedcx it to the court for filing by Monday.

# EXHIBIT E



**STATE OF RHODE ISLAND SUPERXOR COTJRT**
**PROVIDENCE, SC**

)
THERESA TERRY, AS P.P.A. **OF** )
ANDREA JONES, A MINOR, & )
THERESA TERRZ INDIVIDUALLY, )
**Plaintiffs~** )
v. ) CIVIL **ACTION NO. P.C. 06-3533**

**FOIW MOTOR** CREDrr COMPANY, )
**ALIAS,DOE1TJIIflJDoE4**
)
**Defendants.** )

STIPI)LATION **TO** EXTEND TIME **TO** ANSWER **OR OThERWISE**

<u>RESPONflO **rilE** PLAINTIFF'S **COMPLAINT**</u>

**The** plaintiff hereby agrees that Defendant Ford Motor Credit Company ("Ford") shall have tip to and including Wednesday, August 9, **2006. to** answer **or** otherwisc respond to the Plaintiffs Complaint

THERESA TERRY, **AS P.P.A. OF MWREA** JONES, A MINOR, & THERESA **TERRY,** INDiVIDUALLY
By **their** Attorneys,
RLESMIWI LAW ASSOCIAT53

**Wayneff** Resmini, sq. -~t
**207 W crmuzi** Street
Pro-viclenc; RI **02906**
(4oi) *751-6655*

**FOIC MOTOR CRfl~** COMPANY
**By** its Attorneys,
CAMflELL CAMPBELL EDWARDS & CONROY PROFBSSJONAj CORPORATION

Adam A. Larson di *71/ q*
One Constitutional Plaza
Boston, MA. 02129
**(617)** 241-3000

CRTICflE **Ot** **SERVICE**

**I,** Adam **A.** Larson, **of** Campbell Campbell ThJwards & Conro~rofessionaI Corpondon, attorney **for Ford Motor** Credit Company, hereby certify that **on** Juiy~ 2006, a true copy of the **above** document was served **upon the** attorney of record for the plaintiff by First Class Mail.

Adam A. Larson

# EXHIBIT F

**CAMPBELL CAMPBELL EDWARDS** & CONROY
**ONE** CONST111JTION PLAZA
**ThIRI) FLOOR**
BOSTON, MA 02129
**TEL- (617) 241 3C~0**
**FAX: (617) 241 5115**
ADAM A. LARSON
(617) 241 3036
**alarso n~campbe1l-triai-Iawyers.com**

VIA FEDERAL EXPRESS

**July28, 2006**

**Civil Clerk's Office Providence County Superior** Court
**250 Benefit** Street
**Providence, RI 02903**

**Re:** **Theresa** Terry, **et al. v. Ford Motor Credit Company**

Dear Sir/Madam:

**AAL/sct**

**Providence Superior** Court, Civil Action No.: PC2006-3538

**Enclosure(s)**

**cc:** Wayne G. Resmini, Esq.
**James M. Campbell, Esq.**

MASSACHUSETTS · NEW HAMPSHIRE · NEW JERSEY · PENNSYLVANIA · RHODE ISLAND
PROFESSIONAL CORPORATION
CAMPBELL
TRIAC LAWYERs

**Enclosed please** find a Stipulation to Extend Time to Answer or Otherwise Respond to the Plaintiff's Complaint in the above-referenced matter.

Thank you for your attention to this matter.

Very truly yours,

GONNE~TICUT · MAINE

~alljUj LdW **ASSOCIateS**

P
~

0
0
1

**Transaction** Report

Send

Transaction(s) completed

(FAX)401 751 6282

P ~Mod:

78.1211 00 7~

# RESMINI LAW ASSOCIATES

## *Facsimile Trunsmj-~ai Shee-t*

Date: 7/~jDJ~

Attrt:

Fax No,:

as **soon as** possible so **that we** cart check it for ***you***

CON~2DENT1ALn-Y NQTJ~

The docum~itz accomphnyirI~ Uth idecopy ***btn~~j~j~ t13fljpj)~*** ~ **from RES)vjfl'jj** i~4~j ASSQOA1~ WJijth **coMdwidnY or privileged. flm infarrni'iian [1]sintcid~d lobe (or thcu,e at the individual or cltitv** yr~rnrr1

Company:

**Frorru**

17 -.~-4) C)

Fax Mo.:

(401) 751-6232

Re:

**No. Pages** 5 (induding cover sMet)

If **you do riot teceive the indicated number of** pages, please call (401) 751-5655

# RESMINI LAW ASSOCIATES

## *Fucsimile Transmjftal Sheer*

Date:

Atth:

Company:

**Prom:**

Fax No:

ec P

Fax No:

**(401) 751-6282**

**as soon as possible so that we** can check it for you CONFfflENTIA~~q-y NOTI~

The documants accompanyir~g this telecopy fransmission contain injannabon from RESMINI LAW A55oci~r~s, which is confidenbat orprivilegeft The information is intended to be Ear the use of the individual or entity named on this bunranission sheeL (J you are not the intended redpient. be aware that any disdosure, copying, distribution o~- use of the contents of this telecopy information is prohibited If you have received this telecopy in en-or, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents ama cost to you.

207 WatermanStreet - Providence - RI 02906- 310 Wilbur Avenue - Swansea -Mp, 02777
RI (~0l) 751-6655 . MA (508) 32~O2O0 - Fax (~01) 751 -6282- Tall Free (888) RESM]frfl (888) 737-66641
Wayne C. Resmini, Esq

**Re:**

**Na Pages** 5~incduding cover sheet~

If **you do not receive the** indicated number of pages, please call (401) 751-6655

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**SUPERIOR COURT**
**CIVIL DOCKET SHEET**

**Case ID: PC-2005-3538** **THERESA TERRY V FORD MOTOR CREDIT COMPANY**

**Filing Date: 07-03-2006** **Case Type: PERSONAL INJURY**

**Case Status: CLOSED DURING DISCOVERY** **Status Date: 08-01-2006**

**Scheduled Events**

| Date | Event | Location |
|---|---|---|
| | Judge | |

**Prior Events**

| Date | Event | Location |
|---|---|---|
| | Judge | |

**Case Jacket**

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

**Docket Entry Information**

| Date | Description | Text |
|---|---|---|
| 07-03-2006 | COMPLAINT FILED | |
| 07-03-2006 | INFI1AL FILING FEE | |

07-03-2006 PaymentApplied A Paymentof-$16ooo~s made on rsceipt SCP229405.
07-06-2006 AMENDED COMPLAINT FILED
07-31-2006 STIPULA FILED.EXFEN OF TIME BY AGREEMENT OF PARTIES DEFT SHALL HAVE UP TO INCLUDING 08-09-06 TO ANSWER PLTF'S COMPLAINT.
08-01-2006 NOTICE OF REMOVAL
08-01-2006 CASE REMVD TO US DISTRICT CT CA 06 349S
08-01-2006 0TH DOC FILED DURING DISCOV

-t s-ut~ Copy
Mt~ J
Lt
SuieflOT ~
office of ~?~4
j~1ence &
*BTISW'*
counU~~
R

i.

RIJS/CXAREPC/CWRDKSCffLE O8-15-200611:59AM
Page 1 of 1

# EXHIBIT H

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL bOCKET SHEET

Case ID: PC-2006-3538 THERESA TERRY V FORD MOTOR CREDIT COMPANY
Filing Date: 07-03-2006 Case Type: PERSONAL INJURY
Case Status: CLOSED DURING DISCOVERY Status Date: 08-01-2006

Event E~ts L

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|

Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

~

| | |
|---|---|
| 07-03-2006 | COMPLAINT FILED |
| 07-03-2006 | INITIAL FILING FEE |
| 07-03-2006 | Payment Applied A Payment |

of -$160.00 was made on receipt SCP229405.

| | |
|---|---|
| 07-06-2006 | AMENDED COMPLAINT FILED |
| 08-01-2006 | NOTICE OF REMOVAL |
| 08-01-20p6 | CASE REMVD TO US DISTRICT CT |

CA 06349S

| | |
|---|---|
| 08-01-2006 | 0TH DOC FILED DURING DISCOV |

L%u

A-

ci S ~

p14— (7• t

/

08-01-2006 12:03 PM
Page 1 of 1

RIJS/CXAREPC/CWRDKSC/BOU

# EXHIBIT

# I

CAMPBELL CAMPBELL EDWARDS & CONROY
FRoFES5l0N~~ coRPORATIoN

NTHONY .1. 5BAaRA
ONE cONSTITUTION PLAZA
THIRD FLOOR
IIOSTON. MA 01129
TEL: (617)211 3000
FAX: (all) III 5115

A
(617) 241 3034
~

August 1, 2006

VIA HAND DELIVERY

**Civil Clerk**
**Providence County Superior** Court
250 Benefit Street
**Providence, RI 02903**

**Re: Theresa Terry, et al. v. Ford Motor Credit Company**

**Provi4ence Superior CourLCivilActionNo. PC2006-353~**

**Dear Sir/Madam:**

**I am removing the above-referenced case from Providence County**

**Superior Court to the United States District Court. Enclosed is a Notice of RemovalS Please also find enclosed a copy of the Notice of Removal (Federal), the original of which is filed with the Federal Court as indicated by the** filing **stamp-**

**Please docket the enclosed documents. After the enclosures are docketed, please provide** rue **with certified copies of the docket sheet** and **all pleadings** and **papers filed to date including the enclosed documents, together with a statement for the fees incurred in obtaining these** certified **copies, so that I may file them with the federal court.**

**Thank you for your attention to this matter.**

AnthonyJ.Sbarra

q A-;'.-

:~'~ ~-74

r
r
L
~

a
.

1 ~

y

Very truly yours,

**AJS/sct**
**Enclosure(s)**

**cc:** Wayne 0. Resmini, Esq. (via hand delivery) **Adam A. Larson, Esq.**

C

**STATE OF** RHODE IS LAND
SUPERIOR COURT PRO VIDENCE, SC.

THERESA TERRY, AS P.P.A. OF )
ANDREA JONES, A MINOR, & )
THERESA TERRy, INDr\TIIDUALLY, ) Plaintiffs, )
v. ) **CIVIL ACTION NO. PC200635 33**

)
**FORD MOTOR CREDIT COMPANY,** )
**ALIAS, DOE 1 THRU DOE 4,** )

)
**Defendants** )

)

**NOTICE OF REMOVAL**

**TO: Civil Clerk**
**Providence County Superior Court**
**250 Benefit Street,** 5th **Floor**
**Providenc; RI 02903**

Wayne *a* Resrnini, Esq.
• **Law Associates**
207 **Waterman Street**
**Providence, RI 02906**

**Please** take notice that the defendant, Ford Motor Credit Company, a Delaware **Co~oration with a principal place of business at Dearborn, Michigan, has this day filed a petition for removal pursuant to 28 U.S.C. §~ 1332, l~I and 1446, containing a statement of facts which entitled it to remove the case to the United States Dis~ct Court for the Dis~ct of**

Rhode Island, together with a copy of all pleadings in its possession.

-. rittt~3t
Ci
p f..f:~~~•f~
r I
in:

I-il
LVI _I -.-(I~

**Attached to this notice as <u>Exhibit A</u> is a** true **and accurate copy of** the petition for **removal.**

FORD MOTOR CREDIT COMPANY
By its Attorneys,
**CAMPBELL CAMPBELL EDWARDS & CONROY**
**PROFESSIONAL CORPORATION**

**Anthony J.** Sbarra, Jr. #73 07
**One Constitutional Plaza**
Boston, MA 02129
**(617) 241-3000**
Fax **(617) 241-5115**

## CERTIFICATE OF SERWCE

**I,** Anthony I. Sbarra, Jr., of Campbell Campbell Edwards & Conroy Professional **Corporation, attorney for Ford Motor Credit Company, hereby certify that on August!, 2006, a** true **copy of the above document was served upon the attorney of record for the** plaintiff by **hand deliveiy.** .

**Anthony I.** Sbarra, Jr.

ft.-.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C~A 06 3

THERESA TERRY, AS P.P.A. OF )

ii- 9 S

ANDREA JONES, A MThTOR, & )
THERESA TERRY, INDIVIDUALLY,
Plaintiffs,
v. ~

FORD MOTOR CREDIT COMPANY, )
ALIAS,DOE1TIIRUDOIE4, )
Defendants. )

**PETITION FOR REMOVAL**

**TO:** THE CHIEF JUDGE AND JUDGES **OF** TIlE UNIETED STATES **DISTRICT COURT FOR** TilE DISTRICT OF ERODE ISLAND

The defendant, Ford Motor Credit Company ("Ford") files this Petition for Removal of this action from the Trial Court, Superior Court Department, for the County of Providence, State of Rhode Island and Providence Plantations, to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. § § 1332, 1441 and 1446. In support of its Petition for Removal, Ford states as follows:

1. As it appears from the docket, files and records of the Trial Court, Superior Court Department, for the County of Providence, State of Rhode Island and Providence Plantations, Docket No. PC2006-3538, the plaintiff commenced a civil action by filing an Amended Complaint. A copy of the Summons and Complaint is annexed hereto as Exhibit A. On July 10, 2006, Ford received the Summons and Complaint via process server on CT Corporation in Providence, Rhode Island.

2. This is a personal injunj action in which the plaintiff Theresa Teny, individually and as parent and next friend of Andrea Jones, a minor, alleges that on or about September is, 2002, An~ea Jones sustained personal injuries when Ms. Jones was pushing her bicycle and was s~jck by a vehicle owned by Ford. (Ex. A, ¶~ 1, 2, 6-8). Ms. Te~i has also filed a loss of consortium claim (Ex A, ¶11 10-12). Therefore, due to the ~ injuries and plaintiff's loss of consortium claim, upon

infonnation and belief the amount in controversy exclusive of interest and costs, exceeds $75,000.

3. The plaintiff has alleged in her Complaint that she and her daughter reside in Columbus, Ohio (Ex. A, 1111 1, 2).

4. The defendant, Ford Motor Credit Company, is a Delaware Corporation with a principal place of business located in Dearborn, M.I.

5. Defendant Doe I tbn Doe 4 has only been identified as in some manner responsible for the events refened to in the Complaint and that allegedly caused damages to the plaintiff, and have only been given fictitious names at this time (Ex. A, ~(4). Pursuant to 28 U.S.C. § l441(a) for p~oses of removal, the citizenship of defendants sued under fictitious names shall be disregarded.

6. Jurisdiction in the Federal Court is based on complete diversity of citizenship be~een the plaintiff and the defendant pursuant to 28 U.S.C. § 1332. Upon infom~ation and belief, the amount in controversy exceeds, exclusive of interests and costs, seventy_five~j10~5~0~ dollars (575,000)

7. TMs petition for removal is filed within 30 days of receipt of the Summons and Complaint by Ford.



8. A stamped copy of this petition for removal will be filed with the Superior Court.

WHEREFORE, Ford prays for removal of the above captioned matter from the Trial Court, Superior Court Department for the County of Providence, State of Rhode Island and Providence Plantations to the United States District Court for the District of Rhode Island.

Dated: August! , 2006

FORD MOTOR CREDIT COMPANY,
By its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION
Anthony J. Sbarra, Jr. #7307

One Constitutional Plaza
Boston, MA 02129
(617) 241-3000
Fax(617)241-5115

**CERTIFICATE OF SERYTCE**

I, Anthony J. Sbarra, of Campbell Campbell Edwards & Conroy Professional Corporation, attorney for Ford Motom Credit Company, hereby certify that on August ‘,2006, a true copy of the above document was served on t e attorney f record for the plaintiff by hand delivery.

~ ~

Anthony I. Sbarra



STATE OF RHODE ISLj~jj~j PROVIDENCE SC.

Andrea Jones, a Minor & Theresa Terry, Individually
Plaintiff5
v.
Ford Motor Credit Company, alias, Doe 1 Thru Doe 4, Inclusive
Defendants
)

C. A. NO. P.C 06-3535

The plaintiff, Andrea Jones, a minor, resided with her mother plaintiff, Theresa Ter~ in Co1u~us in the State of Ohio. This claim for th Plaintiff Andrea Jones, a minor is being brought by Plaintiff, Theresa Ter~r as Parent and Next Friend of Andrea Jones, a minor.

3. Upon infonation and beliet Defendant Ford Motor Credit, Company (hereinafter "Ford") is a Delaware Co~oration with a usual place of business located at 135o I Street, Suite loon Washington DC 200o~ and American Road, Dearhoru MI and is a merchant and license to business in Rhode Island.

Upon info~ation and belief defendant, Doe 1 thnj Doe 4, inclusive, (hereinafter "Doe") the true names and capacities whether individual co~orate or otherwise, of the named herein as Does i Thnj Doe 4, Inclusive are unlcno~ to the plaintiff at the present *time*, and therefore the plaintiff, sues said defendants by such fictitious names Plaintiff is info~ed and believe and therefore allege that each of the defendant designat~~ herein by fictitious names is in 5ome manner responsible for the events an happening herein referred to, and caused damages Proximately and foreseeable hereby to the plaintiff as hereinafter alleged Plaintiffs will ask leave of this court to amend this complaint when the *true* names and capacities of the "Doe" defendant (s)ha been ascertained

1iU~ &.G~ C:-. ~•i'T'-~s~

5. The plaintiffs damages are sufficient to confer Jurisdiction an the Superior Court

/

•7 SUPERIOR CO~T
~AIn

1. Plaintiff, Theresa Ter~, Individually, residing in Coluntbus, State of Ohio.

2.

is an individual

4.

;-;~-'J~ 2: J *b*

;$yo~::not C:ourt ~c F-c~d~.r:.ce & Bri,st~.

:,%..,~.t.. *Niinri,* . iul;:~nd

**COUNT I**

6. On or about September 15, 2002, plaintiff, Andrea Jones was a pedestrian pushing her bicycle on Appian Way at or near the intersection with Anchor Avenue in Providence, Rhode Island.

7. At the same time and place, Rhonda Araujo, alias, and/or the defendant, "Doe" was operating a motor vehicle owned by defendant, "Ford," alias, and/or defendant, "Doe," and leased to the City of Providence, Rhode Island, southbound on Anchor Avenue at or near the intersection with Appian Way in the City of Providence, in the State of Rhode Island.

S. The defendant, “Doe” so negligently operated defendant, “Ford’s,” alias, and/or defendant, “Doe” automobile as to cause it to strike the pedestrian, the plaintiff, Andrea Jones, a minor.

9. As a result of the negligence and carelessness of Rhonda Araujo, alias, and/or defendant, “Doe” the plaintiff, Andrea Jones, a minor, sustained injuries of body and mind, incurred expenses for medical care and attendance, and lost time and/or lost earning, capacity from her usual employ.

WHEREFORE, the plaintiff, Theresa Terry, as parent and next friend of plaintiff, Andrea Jones, a minor demands judgment against defendant, “Doe” on Count I, plus interest and costs of this action.

COUNT II

10. The plaintiff repeats, re-alleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs **1** through *9* of this Complaint.

1].. The plaintiff, Theresa Terry, is the mother of the plaintiff, Andrea Jones, a minor, and the person entitled by law to the and lost of parental society of the plaintiff, Andrea Jones. a minor.

12. As a result of the negligence of the Rhonda Araujo, alias, and/or defendant, “Doe” the plaintiff, Theresa Terry, sustained the loss of the care, comfort, and parental society of her daughter, plaintiff, Andrea Jones, a minor.

WHEREFORE, the plaintiff, Theresa Terry, demands judgment on Count II against defendant, “Doe,” plus interest and costs of this action.

COIThTT III

13. The plaintiff repeats, re-alleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 12 of this Complaint.

14. On or about September 15, 2002, the defendant, “Ford,” alias, and/or defendant, “Doe,” was the registered owner of the vehicle operated by Rhonda Araujo, alias, and/or defendant, “Doe” which was involved in a collision with the plaintiff, Andrea Jones, a minor.

15. At the time of the collision between the vehicle operated by Rhonda Araujo, alias, and/or defendant, “Doe” and the pedestrian plaintiff, Andrea Jones, a minor, and the Rhonda Araujo, alias, and/or defendant, “Doe” the Rhonda Araujo, alias, and/or defendant, “Doe,” was operating defendant, “Ford’s,” alias, and/or defendant, “Doe’s” vehicle with the permission of Defendant, “Ford,” alias, and/or defendant, “Doe.”

16. At the time of the collision between a vehicle operated by the

Plionda Araujo, alias, and/or defendant, “Doe” the pedestrian plaintiff, Andrea Jones, a minor, and Rhonda Araujo, alias, and/or defendant, “Doe,” Rhonda Araujo, alias, and/or defendant, “Doe,” was operating defendant, “Ford’s,” alias, and/or defendant, “Doe’s” vehicle with permission and as an agent of the defendant, “Ford,” alias, and/or defendant, “Doe.”

17. As a result of the negligence and carelessness of Rhonda Araujo, alias, and/or defendant, “Doe,” who was operating defendant, “Ford’s,” alias, and/or defendant, defendant, “Doe’s” vehicle with defendant, “Ford’s,” alias, and/or defendant, “Doe’s” permission and/or control and, as anft as an agent of the defendant, “Ford,” alias and/or defendant, “Doe,” the plaintiff, Andrea Jones, a minor, sustained injuries of body and mind, incurred expenses for medical care and attendance, and lost time and/or lost earning capacity from her usual employ.

WHEREFORE, the plaintiff, Theresa Terry as Parent and Next friend of Andrea Jones, a minor, demands that judgment be entered against the defendant, “Ford,” alias, and/or defendant, “Doe,” on Count III of his Complaint with interest and costs.

COUNT IV

18. The plaintiff repeats, re-alleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 •through 17 of this Complaint.

19. The plaintiff, Theresa Terry, is the mother of the plaintiff, Andrea Jones, a minor, and the person entitled by law to the care, comfort, services, and lost of parents society of the plaintiff, Andrea Jones, a minor.

20. As a result of the negligence and carelessness of Rhonda AraujO, alias, and/or defendant, “Doe,” who was operating defendant, “Ford’s,” alias, and/or defendant, “Doe’s” vehicle

with permission of defendant “Ford’s,” alias, and/or defendant, “Doe’s” control and as defendant “Ford’s,” alias,

and/or defendant “Doe’s” agent, the plaintiff, Andrea Jones, a minor, sustained the loss of the care comfort, and loss of

a minor

parental society of her daught~~ the plaintiff, Andrea Jones,

WHEREFORE the plaintiff Theresa Terry Individually demands judgment against the defendant “Ford,” alias and/or defendant, “Doe,” on Co~t IV of this Complaint plus interest and costs.

THE PLAINTIFFS DEM~i2 A TRIAL BY JURy ON ALL COrJfl~

PLAINTIFFS

By their attorneys, Resmini Law Associates

Waw G. Re

Providence RI 02905
(401) 751-6555
(401) a 751-6282 facsii-~~jj~

Dated: July 1-5, 2OQ~

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC.

Theresa Terry, as P.P.A. of Andrea Jones, a Minor, & Theresa Terry, Individually,
Plaintiffs

C. A. NO. a6f551

Ford Motor Credit Company, )
alias, R1-ionda Araujo, alias, &)
Doe 1 Thru Doe 4, Inclusive, ) // ,7~ n Defendants ) ,r- Cr

COMPLAINT f'nwiden::~. Rhocie island

1. Plaintiff, Theresa Terry, Individually, is an individual residing in Columbus, State of Ohio.

2. The plaintiff, Andrea Jones, a minor, resided with her mother plaintiff, Theresa Terry in Columbus, in the State of Ohio. This claim for th Plaintiff, Andrea Jones, a minor, is being brought by Plaintiff, Theresa Terry as Parent and Next Friend of Andrea Jones, a minor.

3. Upon information and belief, Defendant, Rhonda Araujo, alias, is a resident of Providence, Rhode Island.

4. Upon information and belief, Defendant, Ford Motor Credit, Company (hereinafter, "Ford") is a Delaware Corporation with a usual place of business located at 1350 I Street, NW, Suite 1000 Washington, DC 20005 and I Ame can Road, Dearborn NI and is a merchant and license to business in Rhode Island. operating on

S. Upon information and belief, defendant, Doe 1 thru Doe 4, inclusive, (hereinafter, "Doe") the true names and capacities, whether individual, corporate, or otherwise, of the named herein as Does 1 Thru Doe 4, Inclusive are unknown to the plaintiff at the present time, and therefore the

plaintiff, sues said defendants by such fictitious names. Plaintiff is informed and believe and therefore allege that each of the defendant designated herein by fictitious names is in some manner responsible for the events an happening herein referred to, and caused damages proximately and foreseeable hereby to the plaintiff as hereinafter alleged. Plaintiffs will ask leave of this court to amend this complaint when the true names and capacities of the "Doe" defendant (s)have

"'I—2 P t~:

been ascertained.

6. The plaintiffs damages are sufficient to confer jurisdiction in the Superior Court.

COUNT I

7. On or about September 15, 2002, plaintiff, Andrea Jones was a pedestrian pushing her bicycle on Appian Way at or near the intersection with Anchor Avenue in Providence, Rhode Island.

8. At the same time and place, the defendant, Rhonda Araujo, alias, and/or defendant, "Doe" was operating a motor vehicle owned by defendant, Ford, alias, and/or defendant, "Doe," and leased to the City of Providence, Susan Smith, southbound on Anchor Avenue at or near the intersection with Appian Way in the City of Providence, in the State of Rhode Island.

9. The defendant, Rhonda Araujo, alias, and/or defendant, "Doe" so negligently operated defendant, "Ford's," alias, and/or defendant, "Doe" automobile as to cause it to strike the pedestrian, the plaintiff, Andrea Jones, a minor.

10. As a result of the negligence and carelessness of the defendant, Rhonda Araujo, alias, and/or defendant, "Doe" the plaintiff, Andrea Jones, a minor, sustained injuries of body and mind, incurred expenses for medical care and attendance, and lost time and/or lost earning capacity from her usual employ.

WHEREFORE, the plaintiff, Theresa Terry, as parent and next friend of plaintiff, Andrea Jones, a minor demands judgment against the defendant, Rhonda Araujo, alias, and/or defendant, "Doe" on Count I, plus interest and costs of this action.

COUNT II

11. The plaintiff repeats, re-alleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 10 of this Complaint.

12. The plaintiff, Theresa Terry, is the mother of the plaintiff, Andrea Jones, a minor, and the person entitled by law to the and lost of parental society of the plaintiff, Andrea Jones. a minor.

13. As a result of the negligence of the defendant, Rhonda Araujo, alias, and/or defendant, "Doe" the plaintiff, Theresa Terry, sustained the loss of the care, comfort, and parental society of her daughter, plaintiff, Andrea Jones, a minor.

WHEREFORE, the plaintiff, Theresa Terry, demands judgment on Count II against the defendant, Rhonda Araujo, alias, and/or defendant, "Doe," plus interest and costs of this action.

COUNT III

14. The plaintiff repeats, re-alleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 13 of this Complaint.

15. On br about September 15, 2002, the defendant, "Ford," alias, and/or defendant, "Doe," was the registered owner of the vehicle operated by defendant, Rhonda Araujo, alias, and/or defendant, "Doe" which was involved in a collision with the plaintiff, Andrea Jones, a minor.

16. At the time of the collision between the vehicle operated by the defendant, Rhonda Araujo, alias, and/or defendant, "Doe" and the pedestrian plaintiff, Andrea Jones, a minor, and the defendant, Rhonda Araujo, alias, and/or defendant "Doe" the defendant Rhonda Araujo, alias, and/or defendant, "Doe," was operating defendant, "Ford's," alias, and/or defendant, "Doe's" vehicle with the peflission of Defendant Ford, alias, and/or defendant, "Doe."

17. At the time of the collision between vehicle Operated by the defendant, Rhonda Araujo, alias, and/or defendant, "Doe" the pedestrian plaintiff, Andrea Jones, a minor, and the defendant, Rhonda Araujo, alias, and/or defendant, "Doe," the defendant Rhonda Araujo, alias, and/or defendant "Doe," was operating defendant, "Ford's," alias, and/or defendant, "Doe's" vehicle withe permission and as •an agent of the defendant Ford, alias, and/or defendant, "Doe."

18. As a result of the negligence and carelessness of the defendant, Rhonda Araujo, alias, and/or defendant, "Doe," who was operating defendant, "Ford's," alias, and/or defendant, defendant "Doe's" vehicle with defendant "Ford's," alias, and/or defendant, "Doe's" permission and/or control and, as and as an agent of the defendant, Ford, alias and/or defendant, "Doe," the plaintiff Andrea Jones, a minor, sustained injuries of body and mind, incurred expenses for medical care and attendance, and lost time and/or lost earning capacity from her usual employ.

WHEREFORE, the plaintiff, Theresa Terry as Parent and Next friend of Andrea Jones, a minor, demands that judgment be entered against the defendant, "Ford," alias, and/or defendant "Doe," on Count III of his Complaint with interest and costs.

COUNT IV

19. The plaintiff repeats, re-alleges and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 18 of this Complaint.

20. The plaintiff, Theresa Terry, is the mother of the plaintiff, Andrea Jones, a minor, and the person entitled by law to the care, comfort, services, and lost of parents society of the plaintiff, Andrea Jones, a minor.

21. As a result of the negligence and carelessness of the defendant, Rhonda Araujo, alias, and/or defendant, "Doe," who was operating defendant, "Ford's," alias, and/or defendant, "Doe's" vehicle with permission of defendant, "Ford's," alias, and/or defendant, "Doe's" control and as defendant "Ford's," alias, and/or defendant, "Doe's" agent, the plaintiff, Andrea Jones, a

minor, sustained the loss of the care, comfort, and loss of parental society of her daughter, the plaintiff, Andrea Jones, a minor.

WHEREFORE, the plaintiff, Theresa Terry, Individually demands judgment against the defendant, “Ford,” alias, and/or defendant, “Doe,” on Count IV of this Complaint, plus interest and costs.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

PLAINTIFFS, By their attorneys, Resmini Law Associates

Wayne/~.”Re ni, Esq. #6373
207 Vaferman Street
Providence, RI 02906
(401) 751-6655
(401) a 751-6282 facsimile

Dated: June~?..-~’ 2006

SUPERIOR COURT

STATE OF RHODE IsLMm PROVIDENCE, SC.
Theresa Terry, as P.P.A. of Andrea Jones, a Minor, & Theresa Terry, Individually,
plaintiffs

v.

Ford Motor Credit, alias, Rhonda Araujo, alias, & Doe 1 Thru Doe 4, Inclusive,
Defendants

**C. A. NO.**

COMPLAINT

1. Plaintiff, Theresa Terry, Individually, residing in Columbus, Ohio.
is an individual

2. The plaintiff, Andrea Jones, a minor, resided with her mother Theresa Terry in Columbus, Ohio.

3. Upon information and belief, Defendant, Rhonda Araujo, alias, is a resident of providence, Rhode Island.

4. Upon information and belief, Defendant, Ford Motor Credit, Inc. is a-corporation and owed the vehicle Rhoda Araujo was operating on

S. Upon information and belief, defendant, Doe 1 thru Doe 4, inclusive, (hereinafter, “Doe”) the true names and capaci€ies, whether individual, corporate, or otherwise, of the named herein as Does 1 Thru Doe 4, Inclusive are unknown to the plaintiff at the present time, and therefore the plaintiff, sues said defendants by such fictitious names. Plaintiff is informed and believe and therefore allege that each of the defendant designated herein by fictitious names is in some manner responsible for the events an happening herein referred to, and caused damages proximately and foreseeable hereby to the plaintiff as hereinafter alleged. Plaintiffs wi1~1 ask leave of this court to amend this complaint when the true nameè and capacities of the “Doe” de~endànt(sLi~afJ.~?. been ascertained.

6 The plaintiffs damages are sufficient to confer jurisdiction in the Superior Court

COUNT I

7. On or about September 15, 2002, plaintiff, Andrea Jones was a pedestrian pushing her bicycle on Appian Way at or near the intersection with Anchor Avenue in Providence, Rhode Island.

8. At the same time and place, the defendant, Rhonda Araujo, alias, and/or defendant, “Doe” was operating a motor vehicle owned by defendant Ford, alias, and/or defendant “Doe,” and leased to the City of Providence, Susan Smith, sout~ound on Anchor Avenue at or near the intersection with Appian Way in the City of Providence, in the State of Rhode Island.

9. The defendant, Rhonda Araujo, alias, and/or defendant, “Doe” so negligently operated defendant, “Ford’s,” alias, and/or defendant, “Doe” automobile as to cause it to strike the pedestrian the plaintiff, Andrea Jones, a minor.

10. As a result of the negligence and carelessness of the defendant, Rhonda Araujo, alias, and/or defendant “Doe” the plaintiff An~ea Jones, a minor, sustained injuries of body and mind, incurred expenses for medical care and attendance, and lost time and/or lost earning capacity from her usual employ.

WBEREFOP~ the plaintiff, Theresa Terry, as parent and next friend of plaintiff, Andrea Jones, a minor demands judgment against the defendant, Rhonda Araujo, alias, and/or defendant, “Doe” on Count I, plus interest and costs of this action.

COUNT II

11. The plaintiff repeats, re-alleges and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through io of this Complaint.

12. The plaintiff, Theresa Terry, is the mother of the plaintiff Andrea Jones, a minor, and the person entitled by law to the and lost of parental society of the plaintiff, Andrea Jones. a minor.

13. As a result of the negligence of the defendant, Rhonda Araujo, alias, and/or defendant, “Doe” the plaintiff Theresa Terry, sustained the loss of the care, comfort, and parental society of her daughter, plaintiff, Andrea Jones, a minor.

WHEREFORE, the plaintiff, Theresa Terry, demands jud~men~ on Count II against the defendant, Rhonda Araujo, alias, and/or defendant, “Doe,” plus interest and costs of this action.

COUNT III

14. The plaintiff repeats, re-alleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 13 of this Complaint.

15. On or about September 15, 2002, the defendant “Ford,” alias, and/or defendant “Doe,” was the registe~~~ owner of the vehicle operated by defendant, Rhonda Araujo, alias, and/or defendant, “Doe” which was involved in a collision with the plaintiff, Andrea Jones a minor.

16. At the time of the collision between the vehicle operated by the defendant, Rhonda Araujo alias, and/or defendant “Doe” and the pedestrian plaintiff, Andrea Jones, a minor, and the defendant, Rhonda Araujo, alias, and/or defendant, “Doe” the defendant, Rhonda Araujo, alias, and/or defendant, “Doe,” was operating defendant, “Ford’s,” alias, and/or defendant, “Doe’s” vehicle with the permission of Defendant Ford, alias, and/or defendant, “Doe.”

17. At the time of the collision between vehicle operated by the defendant, Rhonda Araujo alias, and/or defendant, “Doe” the pedestrian plaintiff, Andrea Jones, a minor, and the defendant, Rhonda Araujo alias, and/or defendant, “Doe,” the defendant, Rhonda Araujo, alias, and/or defendant, “Doe,” was operating defendant “Ford’s,” alias, and/or defendant, “Doe’s” vehicle withe permission and as an agent of the defendant Ford, alias, and/or defendant “Doe.”

18. As a result of the negligence and carelessness of the defendant, Rhonda Araujo alias, and/or defendant, “Doe,” who was operating defendant, “Ford’s,” alias, and/or defendant, defendant, “Doe’s” vehicle with defendant, “Ford’s,” alias, and/or defendant, “Doe’s” permission and/or control and, as and as an agent of the defendant, Ford, alias and/or defendant, “Doe,” the plaintiff Andrea Jones, a minor, sustained injuries of body and mind, incurred expenses for medical care and attendance, and lost time and/or lost earning capacity from her usual employ.

~iEREFORE the plaintiff, Theresa Terry as Parent and Next friend of An~ea Jones, a minor, demands that judgment be entered against the defendant “Ford,” alias, and/or defendant “Doe,” on Count III of his Complaint with interest and costs.

COUNT IV

19. The plaintiff repeats, re-alleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs lthrough 18 of this Complaint.

20. The Plaintiff, Theresa Terry, is the mother of the Plaintiff, Andrea Jones, a minor, and the person entitled by law to the

care, comfort, senices, and lost of parents society of the plaintiff, Andrea Jones, a minor.

21. As a result of the negligence and carelessness of the defendant, Rhonda Araujo, alias, and/or defendant, “Doe,” who was operating defendant, “Ford’s,” alias, and/or defendant, “Doe’s” vehicle with permission of defendant, “Ford’s,” alias, and/or defendant, “Doe’s” control and as defendant “Ford’s,” alias, and/or defendant, “Doe’s” agent, the plaintiff, Andrea Jones, a minor, sustained the loss of the care, comfort, and loss of parental society of her daughter, the plaintiff, Andrea Jones, a minor.

WHEREFORE, the plaintiff, Theresa Terry, Individually demands judgment against the defendant, “Ford,” alias, and/or defendant, “Doe,” on Count Ill of this Complaint, plus interest and costs.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

PLAINTIFFS,
By their attorneys,
Resmini Law Associates

Way4 G. Resmini, Esq. #6373
2071/Waterman Street
Providence, RI 02906
(401) 751-6655
(401) 751-6282 facsimile

Dated: JuneE~, 2006

STATE **OF .~t-1ODE** ISLAND **SUPERIOR COURT**
**Case # (Filled in by Clerks Office)**

**This form must be lied with each original document that commences a civil proceeding in the Clerk’s Office (R.P.3.1 1). If the case is a District Court appeal, the form must be flied with the appeal in the District Court and will be transferred with other documents to the Superior Court.**

| **PLAINTIFFS:** | **DEFENDANTS:** |
|---|---|
| Theresa Terry as P.P.AI of Andrea Jones, a Minor & Andrea Jones, Individually | Ford Motor Credit Company, alias, Rhonda Araujo, alias, & Doe 1 Thru Doe 4, Inclusive |

**NATURE OF PROCEEDING Check the applicable case type under the main categories listed below (Check One Only)**

**District court Appeal yes (Check type below)** **CIVIL ACTIONS**

L **AGA Agency appeal** El **DPC Denial of probate claim** 0 **P1*1 Promissory note** L **ALA Alienation of affection** 0 **EXT Excessive tax** 0 **PDM Property damage** L **ANT Anti-trust** El **INR Injunctive relief** 0 **PD\~ Property damage-vehicle** L **ASB Assault and battery** El **1PL Interpleader**

El RLP Real PropertyEl BKA Book account El LIB Libel/slander El RIC Reinstate charterEl CLA Common law assignment El MLE Malpractice/legal El DIN Recovery of damages/insur.El CLL Common law lien El MME Malpractice/medical El ROF Recovery of fundsEl CON Contract El MOT Malpractice/other El WOR Replevin, writ ofEl CNV Conversion El WOM Mandamus, writ of Ll SPP Specific performanceEl CRC Criminal conversation El PRT Partition El TCO Title clearing (other than tax titleEl dC Criminal mi compensation El PER Personal injury El TAE Trespass and ejectmentEl DOJ Debt on judgment El DV Personal inj/property dam-vehicle El TRA Trustee/accountingEl DIP Deceptive trade practice El PIV Personal injury-vehicle El ICT Trustee/appt convey title [~ DEJ Declaratory judgment El PRL Product liability El UNM Uninsured motorist El WRO Wrongful death

El Other than above (specify type):

**MISCELLANEOUS PETITIONS**

El ARA Arbitration awardEl CAR Arbitration/cqnfirm El TLFForeclosure/tax lien El PFI Petition for immunityEl RTA Arbitration/referral El FOC Forfeiture of charter El PIN Pet for inventory (wire tap)El VAR Arbitration/ vacate El GJI Grand Jury investigation El PFR Petition for reviewEl AOD Assessment of damages El HACHabeas corpus El PTD Pet to take deposition

El CND Condemnation El MAW Material witness El PCR Post conviction relief

El CFC Confirm compromise El MEL Mechanics lien El REC Receivership

El DOC Dissolution of corp. El 05W Out of state witness El R5A ~uie.5A petition

El EDP End partnership El PFS Perform surgery ElSrbLOPY mi~'orthring (tax title)

El FRR Foreclosure of right of El PFC Petition for constable El AqI ~rust~d7appoiQtment of redemption El PTE Petition to expunge El ~J ,Wr4~e/~c~Jtf~tion of

El Other than above (specify type): El(Ab5

Tru~teelsdcC~s*sor

r~.~~rinr(f)~!1i

<u>Is this a case that may require a trial for resolution</u>?

(attorney name) ,_p /

Wayne G. Resmini, ~sq.#6~77///

prose : ~L~D

5—223 1/94 -:'‘:;-: -. ,,-:;, ‘i..

'Ti~

CIVIL

;ASE COVER SKEET

flWlL Will

Other than above (specify type):

LI TRS Trust

**PROBATE APPEALS**
L **GRD Guardianship**
—-,~,n.

~N
:~m~n~dnnce &

Brist&

?C Name

**chanoe~**

f~'j yes L no if yes: [1 iurv or 0 non-jury
(date)
--:1-

1~i~ ~€ILI

j~.Cl. :~zi

.~it?i

Try.! c-red

I_It

—i

'-:1 f- -i

Eli 0 I_WI -c

FIRE' ilOTOF: CR
1. Et~i~ ~il~l
:i.IZL, k~@

I

C—'
I 60,
(ZI. (?IIZi
1 E~tZl. ~!IIZI
I 5121, O'Z'

# *EXHIBIT*

*0*•

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**SUPERIOR COURT**
**CIVIL DOCKET SHEET**

~D:pC2o063538
**Filing** Date: **07-03~2006** **Case Type: PERSONAL INJURY**

Case Status: **CLOSED DURINGDISCOVERY** **Status Date: 08-01-2006**

**~duIed Events**

**Date Event Localion**
**Judge**

**Prior Events**

**Date Event Location Judge**

Case Jacket Commeni~rtext

**~escnpflonDoCketEntry~formation**

**07-03-2006** **COMPLAINT FILED**
**07-03-2006** **INITIAL FILING FEE**
**07-03-2006** PaymentAppfled **A Payment of-$160,00**
was made on receiptSCp~g4o5
**07-06-2006** **AMENDED COMPLAINT FILED**
**07-31-2006** **STIpULA FILED,E)CEN OF TIME**
**BYAGREEMENT OF PARTIES DE~ SHALL HAVE UP TO**
**08-01-2006** **NOTICE OF REMOVAL**
**INCLUDING 08-09-06 TO ANSWER**
**PLTF'S COMPLAINT**
**08-01-2006** **CASE REMVD TO US DISTRICT CT**
**CA 06 349S**
**08-01-2006** **0TH DOC FILED DURING DISCOV**

iiu'~ Copy i~ttCS~
!Z4r ck

~iñce01 Clerk
o3SU~fl0r

e Rheic IS~
**Page**

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPOMTION

**ONE** cowsTmJTlow PLAzA

ThIRD FL~R
BOSTON, **MA 02129**
ThL (617) 241 **3000**

FAX (617) 241 **5115**

August **1, 2006**

VIA HAI’41D **DELI** \r.ERY

Civil Clerk
Providence County Superior Court
250 Benefit Street
Providence, RI 02903

Re: Theresa Terry, **et a!. v.** Ford Motor Credit Company ~ Court, **Civil** Action No.: PC2006-353 8

Dear Sir/Madani:

Thank you **for** your attention to this matter.

Vexy truly yours,

Anthony S. Sbarra

ASS/sct

**Enclosure(s)** **.i rue** Copy Att85.

**Cc:** Wayiie 0. Resrnini, Esq. **(via** hand delivery)
Adam A. Larson, Esq. 4 ?Jk~4' *4*

/

J

ANTHONY J. SBARJL&
(617) 241 3034
asbarrn@camp b

*I* am removing the above~referefIced case from Providenc~Co~~, Superior Court to the United States District Court. Enclosed is a Notice of Removal. Please also find enclosed a copy of the Notice of Removal (Federal), the original of which is filed with the Federal Court as indicated by the filing stamp.

Please docket the enclosed documen~ After the enclosures are docketed, please provide **the** with certified copies of the docket sheet and all pleadings and papers filed to date including the enclosed documents, together with a statement for the fees incurred in obtaining these certified Copies, so that 11 may file them with the federal court.

Offi~~ of O~yjr Di
Superior Coun
Couj~tj~5 OfPra?iderce & Bristoi

F'Yjv.~t~~~ Rl~0j_j5'1~

NT

ñR'~ijflt
ii ~ Ra~i Er: ro RD Non] F C P
141 iT.ñl. ILl HG FE 1.FJØ,,
~apv ~:ct~s
I-~r~: s~nt B:).lnr' I (~i7l~ 0121
lEO,,
t1~. l~-a~~ j'u~ c~

rc~-nc:cey ic.pe

I C-.'21. 00

INk ~I0

¡rue Copy Attest

A2
s~.
Office of CJ&i'k
o~ Superior Court
CountiE's of Fr;~-
'iderce & l3rjstoi
Pr~ .dtyjee
flhc;.J-
Jz~qr~

C
C
C
C
C
C
C

C
C
C
CIC
DOJ
DTP
DEJ

**STATE Op A~t-IODE ISLAND**
**SUPERIOR COURT**

Denial of probate claim
Excessive tax
Injunctive relief
Interplea~~~
Libel/slander
Malpractice/legal
Malpraclicefifiedical
Malpractice/other
Mandamus, writ of
Partition

O
O PDM
o
O
o
o DIN
o
o WDR
o
o
O
O
O
O UNM
O WRD

**CIVIl**
**;ASE COVER SHEET**

Pro
mis
sor
y
not
e
Pro
pert

**y**
**da**
**ma**
**ge**
**Pro**
**pert**
**y ~**
**Rea**
**l**
**Pro**
**pert**
**y**
**Rei**
**nst**
**ate**
**cha**
**rter**
**Rec**
**ove**
**r,2,**
**of**
**da**
**ma**
**ges**
**/~~5**
**~~**
**Rec**
**ove**
**ry**
**of**
**fun**
**ds**
**Rep**
**levi**
**n**
**writ**
**of**
Spe
cific
perf
orm
anc
e
**flUe**
**clea**
**ring**
**(oth**
**er**
**tha**
**n**
**tax**
**title**
**Tres**
**pass**
**and**

eject
men
t
**Twst**
**ee/ac**
**coun**
**tlng**
**Twst**
**ee/a**
**ppt**
**conv**
**ey**
**titl**
**e**
**Unin**
**sure**
**d**
**moto**
**rist**
**Wron**
**gful**
**deat**
**h**

**Case** #
**(Filled in** by
Clerk's
**Office)**

**This form must be filed with each original document that commences a civil proceeding in the Clerk's O~ce (R.P.3.I I). If the case is a**
**Su erlor Court.**
**District Court appeal the form must be filed with the appeal in the District Court and will be transferred with other documents to the**

**PLAINTIFFS:**
***Theresa*** Tern$_1$ as ~.P.AI of Andrea Jones, a Company, alias, Rhonda
***Minor*** & Andrea Jones, Individually Doe 4, InClusive

**DEFENDANTS:**
Ford Motor Credit
Araujo, alias, & Doe ***1*** ThrU

**NATURE OF PROCEEDING . Check the a licable case t e under the main cate odes listed below**

**Check One Onl**

C **AcM**
CALA
C **ANT**
C
OHM

CCLA
C CLL
C CON
C CNV
C CRC

Agency appeal
Alienation of affection
Anti—tnj5~
Assault and battery
Book account
Common law assignm~0~
Common law lien
Contract
Conver~can
Criminal conversation

Cdminaj inj compensation
Debt on Judgment
Deceptive trade practice
Declaratory judgment

O DPC
Oecr
O
O
o LIe
O
O
O
O WOM
O
o PER
O
o
o

C Other than above (specijy type):

Personal injury
Personal inj/propei-ty dam~vehicle
Personal injury-ve~j0~~
Product liability

~LLANEOuS PETITION

ARA Arbitration award
CAR Arbitration/confi,.m
RTA Arbitration/refei,.al

VAR Arbitration/ vacate
ADD Assessment of damages
CND Condemnation
CFC Confir-ni compromise
DOC Dissolution of corp.
EDP End Partnership
FRR Foreclosure of right of redemption
Other than above (specify type):

0
0
0
0
0
0
0
0
0
0
TLF
FOC
GJI
HAC
MAW
MEL
05W
PFS
PFC
PTE

Foreclosure/tax lien
Forfeiture of charter
Grand Jury investigation
Habeas corpus
Material witness
Mechani~ lien
Out of state witness
Perform surgery
Petition for constable
Petition to expunge

o
O PIN
O PFR
O
O
O

O RSA

O TCL

O

O DOT

O ADS

**Petition for immunity**
**Pet for inventory (wire tap)**
**Petition for review**
**Pet to take deposij~0~**
**Post conviction relief**
**Receiversnip**
**Rule LA petition**
**Title clearing (tax title)**
**Trustee/appointment of**
**Trustee/declinati of**
**Trustee/successor**

~will c TR S P RO BA TE AP P EA L5

Trust c GRD Guardianship

Wayne G. Resmin; Esq. #637:

CL EL

c NAC Name change

2i~lll .II;L -.3 P 2: 2u

COUnties of PrJidepce & Bris~i

L E~s1 rr0 4v aau~psr1

'~ ayJ3 .flJd-~

~.lflo3 JQT T -OCn— EQ :j~r. ~

4- . _

2'

-2 ~-Z

C

anjy

C~1 :JI ri?

'v /

_~i-ID~ li~iL!2

906z0 fli 'QOIIOpLtoJj JQOITS uUwla3~j~ ~

5 O3BTOossy &grj

bsa 'fu~~0

£O6~g fl~

l~~Jd ~C ~ oc~

ho3 lOtlgcfrjg Jc3~fl10J 2 OUapTAold

)flQ(Q 1!A!3

(

‘SlRI~puaja~

(

aoa rnrr~i I ao~ ‘svyry AP’WJIWOD lIcJa>jj ~IOIOT&J ffao&

(

(

‘~JW~pqj

‘A}flr~ Ysauagi

~ ‘UOMIIJAJ y ‘S~[Moi’ YauqMy SY ‘AUJax vsa_j~11~1

(

~?~‘003)JonIaains

cr&vq~j dao~ dO alyj5

at s~rnp~a1d [rsjo Adoo u ~°q3oWo~ apo~

J0 ;a~~ ~ aoj ~no3 ~ sa4~3g PQJTU~ aq~ o~ as~ ~ QA0W01 o~ P°f1~UO qo~t s~o~3

JO 3UQ~~g35 E 8~~3flo~ ~ P~ ~ c~EET §~ DS~ ~ 03 3U~ns~J fBAOflaj JOJ U013173d

U P°@AEp S~3 s~q ‘~~°!}V CflIOq~3~32 SSOWsnq;o OQUId fEthO~dE qt UOI3elothoj

‘A~dmo3 4!P~lj 103°fl Plod t3~PUaJop ~ 3E~~ ~ ~

(

:01

(

SESC-90013j ‘oN MOjijy rIJjuJ

‘Os

‘It

/

$/1

L-~1 ~j~Ot1~

-_S~ aaJ~nLnJd

thi0 roars TQ ~~~(9jo aawQ

'SO7irj ~ccfo3 an~ r

.~1 'UUEqg ~ icuoq3n-~

'XIaAq
ap

'°J P1OOa~jo Aauiou~ ~ Uod~ P~~as ~M3Uaamoop 2AOqn Q~J0 £doo3~
U ~ 'T3sn8ny no ~woa Aqaigq cA~dmoD ~Ol3JO;ow ~10d loj Aoaxo~ 'Uo~wlotho3
1Un0Jssajo1~ Ao~o3 ~ SPflMpa lpqdmUJ 1I~qdwB3J0 "sr ~fl~qg ~ Anoq~~ ~

OOcJg-Jfr~ (L19)
6flg~j ypy 'no3soa
aZUki IBtIot3njqgao3 an0 .

TVNOISSEJO_IJ

~5 S fffVAtcJa

53! Au

*IIG?>J~*

iUAOuiaj
IOJ U0fli;~ ~q1jo Adoa ~3emo3U ~ ~ s~ arn1~ 51q3 03 PGflOU~y
J-)U~j) "td
~ x~r:;---j: 'A~IJO Sat~uno:—J
flfl03 JOuaCnq r3 :-htD[-j Jo ~D9JQ

~se~rvr4cdon an,jy
\ r~ ‘~ N I £ IL ‘~C I
UflOQ ~o~.iacin5’ ***~‘~13*** *11~*

2~

aru r

‘P’-’~i~I apoq~j ‘aouapiAo1~ ui uoi3miothoj 13 ~o nAjas ssaooid mA

3rnBJdmoJ pae souiurns aq3 pQAI0301 **plod** *‘900z* co1 ~I~f U~ ‘y 3Tqupc~ **SE o;aiaq**

paxauu~ Si 4aiEIduloG puE suounung aq~jo Acloa y **lulEidmoG papuauw** TIE

Aq U01332 **ITA~a** B paauaunnoo jjimEid 241 *‘s* £cE-9oo~3a **‘ON 30)JOOfl** ‘suoI3l33uq~J

aouapiAold pT~IE P~ISI Q~Ot~JJO 2JEl5 ‘QOT1apTA01~jJo ATUflOD 241 ioj ‘3U21.U]JUJQQ

jmoj iouaclng ‘pnoj ptu~ atçjjo spiooar pa~ sa~g ‘~a~oop atjj moij snaddc i~ sy ‘I

**SfrtOH0J SE S2~33S**
**PlOd ‘[BAOW2}J**

**IO,J U0 3°d** ~1!Jo ~ioddns ~‘l ‘91*1 p~ n*i ‘z€u §~ ‘a’sn g~ 03 3nEnsInd ‘ptr~s~ apot~j **JO** 1OU1SIG **241 .IOJ** ~.mo3 13I~LI5KE 501D35 p3411ufl 043 03 ‘SU0I3BTTLBId **ooUopTAoJd** Pt1~ P~I~J opot~jo Owls **~Q3U~pT~J~** JO **A311n03 044 IOJ cTu2w;IEdOG** ~moj **iouadug** ‘llflOJ iE!~1 241 mo~ **11013DB** STI[j

jo 3BAOW0~J 10J uoflqo~J STtfl **sa[g** (~~pxoj,,) Aucdmoj **1T~013 I~3~JAJ p~J ‘TUBpuQJOp** OUJ,

(IMV’ISI auomi ao **IDflLLSiff MILL 11041111103 LLDIITLSI(E**
snyis CIaLINa *an* io saoans ([NV *aoaar* ~amD ~n

**TVAO)NaU 1104 NOIILL5Id**

( 's)uupuaja([

(

( ᵗp aoa rnmi T

aoa 'svnv

-I--– ___

( 'AMYJIWOD **iiaauo**

**11010N ([1104**

**'ON NOTIJY ~llAT3**

( 'A

( 'sjjqimqj

'ATWIIffLMcIMI *'nun*

YS~1IU~IILL

~s' 'uoi~.uw v

'sat.ior va~TaMv

*S* 6 $t_1$ *C* 90

( **40 'Y'd'd SY 'A_T_Ifl**

awv'lsi aaomii io **iomasrn**

**LLUBOD IDJulSltl S~LLY1S U~LLJNfl**

UbLsi **rrOt/_~l d3tflp:~rid**

2~ aJtJapL -~$^1$d Jo SE!puno$_3$

3-mo$_3$ **J0L1~th-~ r-~ ~ JO $^0$3UJ$_0$**

t-~--: ~ ~

$_1$S~

~SO~ *sciob* etu r **'Plod Aq**

luTBfduloj

~UB suoumrng alp JO lcJ!aoalJo ~'~P OE tU43tAt po[rj **Si [EAOUIQJ IOJ floirnod** $^5$F141 *'L* (ooo'c[~) $^{5\sim}$1Iop PUESU043_aAg_AIuoAos '54503

**pUB S4Sala~u~j~ OATSflIoyo 'Spaaoxo ASlaAolTnoo II!** 3UIIOTJJE **0113 'Jaijoq ~UE UOTTBTTIIOJIJJ**

**uod~** '~E~J *§* **'j'g~-i g~ o~** 4ucnsjnd ITiuptIajop amp pus Jjqutujd amp uaaM-40q

**thqsuozT4ja jo A1ISIOAIp o)afclmoo no pasuq Si Jnoj JBJOpa$_4$ 043** m noqoipsflnç '9 **'P0plE~alSrp aq** J[5145 **SOUflu SROT3TPg lOptin**

**pans S3uEpuoJapjo diqsaazqja** Otfl **'IEAOWQJJ0 Sasothud zoj** '(n)j1*j *§* ~ g~ o~

3tIBflSlnj *'ffl~* **'y 'xai)** OtflT4 ~ 32 SamBa **SnOtmog U0AT~ uaaq** Aitto **OAE4 pus** ~unhr~rd

**0141 03 So~smBp pastiso AJpa2a$_1$JB 3E44 pu-u** 4u1u$_1$dm0$_3$ **aq~ rn 04 panajai S3naAa 0113 loJ**

**ajqisuodsaj** lonuEm **amos mu SE pog13uopi uaaq Ajuo** SBIJ **47 0o~j Ul~3** J **0o~j 4Uupuop~** *'C*

'I'JN **'moqlBaq tim pa~~oo~ Ssarnsnqjo aOBfd** juthocud

**B** 44!'~' 'tTot3UlothoJ OltMBIaa **U Si** 'AtIEthUoQ T!P013 [1]**03oW** W°d **'lUBpuaJop** 0141 17

*'(z* 'i *IbIb* **'y 'x~)** otq~ 'snqumJo$_3$

**mu apisax la4q8rtBp 1014 pUB O4S ~tp 2U1E[dm0$_3$ 124 UI p0~aj~~** SUqJJqrnBJcJ °4I t

*000'cLs* **Spoaoxo 'sjsoo** pu-u

**450103111 Jo aAisnJaxo 'AslaAoJuoo 111 )ttflOmB 0144 'JOT jaq pus UOT4Etmopj** uodn 'uffulo WflTl4oSfloaJo SSOJ 5JJ13n!EJd pnu sannirn sJJI4umIcJo$_4$3Jo ~c3U0A0S **p0~0fl2 Otj4 03**

**anp 'alojaloqj** 'ftj -oj J~1~ **'y x~) mmp mniposaoo jo SSO$_1$ B pajg os~u 5E14 ztha$_1$** *'~n*

'(2-9 c~ **~ 'y 'xa)** woj Aq pOuMo **OjOT4OA B Aq 3j3fl135 SEAt pUB** OIoAoiq **104** &rrqsnd **SEAt SOUOf** 'SJA~ U0qM Saunfrn JUttoslod pornB4Sns SOUOf UalpUy ~ 'çj Jaqma3dog

lfloqB io Uo 3243 **S0~0JJU '10mm** 'SOUOf BOiptiyJo **pflatg flail puB** itTalEd SB

**puB** AflBflpTAiprfl 'ALTO$_1$ 25210111 JJT3tITEICI 043 tjOIl[M tIm **1101302** AInIUT **IBUOSIOd B ~**

***~ta ‘z***

U b’SJ -~j’O1[H aDU~P’~~~’Aci E

~O1St1H ~ **B)Uaptc~’J~JO** ~ai~Wto3

UflOQ ~ouac~n~ to ~1~³1DJ⁰ **~°gJo**

~

*1*-~ a

isa’q~ Ado~ BRIm

BnEqg f Aaotpuy

**‘AIOAT1**
**Op p~q**

AqJJmJrnBjd **044 IOJ piooa4 AamoiLiB 0** 3 no **pOAJOS SUM 3110 Umnoop OAoqB** atp **jo Adoo 0~3 B**

‘900Z’ 3Sn&ty **nO 3B41 ~Jwao Aqozatj ‘Auudmo3 4ip013 lOlow** P¹°d **IOJ AOUIO13B ‘UOT4BIOthO3**
/ TBaorssoJola **Aonoj ~ Sp~MpJ IIoqdm~a j~aqdmBJ p ~~qg** ‘f Auoq;~ ‘j

~DJA~J~s ±10 aIvDJalI11aD

*circ-j*g* (L19) ~d
000C-Ifl (Lid)
6ZffO 1/~AJ ‘U04so~
²~1d IUaognJ14suoj **0U~**
*LOELS#* **‘If ‘ELlsqg** ‘rAuotpuy

NOIIY}IOJ>Jo3 *TVNOIS* Sadoud
**A0111403**
~s’ scnIvAAaa TJaEJWvJ *‘nuawjyj*
**‘sicamo~y Sn** Aq

**ANVdHAJQJ** 11G91>J3 ~I01O}’J ~fflOd

9001 isn2ny :pa4Bç[

‘pUBfsJ OpOtpjjo lOUTsTçj 044 IOJ llflOj JOLtjSiQ 503B35 po4rnfl 0144 04 SUOtlUJtlDId OOn0P!AOld

puB PUBISI 0POt[>JJo 04B45 ‘aouOpiAoIdJo A3tfl10$_3$ 041 IOJ 31101141Bdo(J pnoj iouadng ‘iznoj IBJkL 044 UI0,~ IO13BUI ponoT3cIBo QAOqB OtjlJo [EAOmaT loJ SARId P~°d ‘anojallauM ‘p1103 louadng 043 qilAt pajg aq j[IM IAomat IOJ U0i4i40d Sflp JO Adoo padm$_4$S y

Q~ :~ d q—1nrq~c?

t.b~Sy :roqa aouç’ ,“&~

~O1~Jh ~--13 IJJ~ )I)LmOJ NY ) –

mlflO3.iG~.19C~!l~ tQ ~3~~U’° IDL4IO

‘rnorj iht~adn$_3$ 9!fl UT uOT~JtpsT1n[

¶~~Jlb$.t.tJ ~“cr7

V ~ /2t94U00 0~ ~tI9tDTflttS 91E saSQUrcp 544T1U1OTd amp; -S

8RIT ‘p3UT~i33su tiaaq

aAuq(s)~uPpua4ap „30fl~ amp 40 sai;ioedeo ptre saursu an1~

3Lfl U914M 1t1TufdWoD Sflp ptiaure o; 4111OD 5TT44 jo 9A23T

3[S2 I1TM sJ;t;ureTd Pa6aT1u 1a~48UT3134 S~ IITUTPId amp oi Aqaxaq

3~qua3saio; pup ATa~umTxo1d saBum-ep

~9Sfl8D p118 ‘O~ ~3fl349Ll Uç31914 Eutuaddumj tre sqnaAa amp 103 a~qtsuodsax IaUUuUJ

311105 ci ST saur8u snoT~t~ot4 Aq uçaxamj

pa~euEisap ~uPpuaap amp 40 mpea quqj ~ aio;aiamp ptre 9A3fl3~ pile pauuto;u-c ~‘r

43T1UT-ela ‘sauremt Bfl°TTfl3TJ

mjons Aq s~uepuaap pius sans ‘;;-riu-rerd amp aio;a.xamp p~ ~ quasaid amp qu JJ-

t~u-tw{d amp o~ uMou3ftm

are aAT5n[DU~ ‘fr aoct rLImLi 1 Saofl Sfl UT313T~I p91118!! amp ;o

‘as’çMxampo 10 ‘GTeIOdIOZ) ‘IflptATpUT iampaq~ ‘53T113d20

p112 saureu 3111 9Tfl („30a~~ ‘Ia;JPtItalamJ) ‘3ATSUIOUT

‘t aoa n.np I aoa ‘;uupuajap ‘ja-qaq pile !IOt~elu2zo4uT miod~

‘puu~s~ ~P~~Df ‘lT ssatxisnq o; aSUaDIT ~t18 tIPqOIaffl P

pire iw uioqreaa ‘po’g UEDTI3U1y pue 50001 OCr ‘noqEunJsP~ 0001

a4Tns ‘~A~ ‘;aa1q~ I OSET ; pa;coo~ ssau’çsnq jo aaejd rensn u

14TFM uoTqulodloo areMPlaG -e ~T (,,plod$_1$. ‘xa;Juuianmj)

Atredmoj ‘3TP~O io;or~~r PlOd :1uupU34aa ‘49~13q pile txot~iano;ui uodj~ ‘C

‘lotlu ‘sauop ua,xpuy

30

pUailg XG~ pile quarea su Anaj usaxaq~ ‘;JT;UT-eIa Aq qmjflnoiq Btnaq ~T ‘lomi’tUi P ‘SGUOf EDIPTW ‘iutp~ tfl 104 111TP10 STIJJJ ‘°T140 4° a:12’;s amp u-~ ‘snquin~oj u-j: Anai usaiaqi ‘34TUTuId zampom .134 mpTM pap’csa,x ‘~outui u ‘sauop ea.xprrj ‘4;t;UtuJd amp;

‘OttlO 40 a~e;s ‘snqmn~oj trr £UTPTS3I

LS11PTATPUT 118 $^5$T ‘Atiunp’ctvcpui ‘JCtLtaJ; QS313q~ ‘;;T;~-’T~1a ‘1

INIV'IdWOD aacmawv

s;uepua;aa
'aAT
SnTO
UI
't~ ~°a run~rI I 30~
'SPtTP
'AUethUO0 ;YP~-'o 10;Ow
PlOd

BESE-90 'Yd 'ON 'V -O (

S33'U'PIa
'Aiiunpntpui 'A~InI P9913141
~'10Ut~J P '53U0f uaxpU~
**40 'v-a-a:** s-e *'Anal* P931341
'OS

'ffONJGIAONa

iacioo HDflI~ans cir~iv'isi aao~~ dO

L-t~sf -['OLj~j aJU2p~Cld
2~' ~ tJ3iL.~Jdrn 501-moP-

l~flO3Juua~ng ic':jr3Joa~r0 ';UtPTdmoo 91143 30 11 14~fl01143 i
~ 1T3143 u~ o;alaq tplOj
335 31 9P 9311913431
Aq ~si~od~oa~q PUP 'saSeTTP-al 'sveadal 34T;ufetd ~141 EI
iii
nmnoo

U0fl32

5T143 40 93903 pUP 393133U1 sn1d ,,'a0a~, ';trepm~a;ap 39U1P52 ji
3tmoj 'lb ;uaumbpnL spuauap *'Anai* P9319141 '4413UTP1d amp '3)JiJfl?flpJ4

'IbUlul P 'SaUOf E31~U~ '34T3UTPId 'xaqqEn-ep iamj 40 A;atoos
TP;ua1Pd pue '3.xomoD '3183 amp ;o 9901 3143 paUlP4sns *'Anai* 5319141 '44T3UTPId
3143 ,,aoa~, '3t~2~U943~ 10/pile '~TI 'o[nPly PpUo14~>J 3143 30 aouaEiybau
3143 40 3111931 P sY -fl

'lOUTUI P
'SaUof palpmnf '44T3UIPId 3143 40 A;aioos IP3U3IPd 40 3901 pUP 3143 03 MPI Aq
P9TTflU3 uosiad amp pue 'lotnui P 'saUof PGlptnf '34T3UTPId amp 40 131430th ~ 9T
'AllaI P931341 '4TflUTPTd 3T4J 'II

3UteTdwoo ~T143 30 6 mjbtLolmp I
sqd~i5-eip,j Aqaitqua 11314; Ut o;anq 143104 338 31 SP 33U313331 Aq 93;eIodIOotn
PUP 'S9EaflP-31 's;Padal 44TUTPId 9141 '01

II

.
L
t

~
~
0
D

U0
13
3P

~T143 **40 83803** pile ;59133U' snTd 'I **3t1fl03 '0 ~ '3UPpU333p 3SU1PBP 3UaUlSpflC sp~euiap lOUtlil P '93U02 paIpw '4TnuTPId 30**

**P113114 33(311 pUP 3ualpd** se **'A1131 P8313141 '44T;UTPTd amp** ~

'Aotdma **TP11S11** *1314* **111014** A;topdp~ EUTUIP3 **3801** io/pu **3111133801 pUP '3DUPpU333P ~UP 3183** IPOTP3m **103 939U3C1X3**

**paLuznDUt 'pctux puP Apoq 40 5311t1[IUI paUlP;sns 'iouttu** p **'sailor PaIptIv '4413ure1d 3143 ,,aoCJ~, '3UPpU34ap 10/PUP 'aer{P 'o[nPly ~ptiompi 40 593U993I31P3 pUP 331133115311 9143 40 3111831 P S~** '6

**'bull P '93U0f**

**P31Ptw** '34T3UTPId **9143 'UPTlsapad 3143 3NT139 o;** 3T **3SttPD**
**03 se arçqouio;ne ,,ao~ '3mrepUaJap .10/PUP** '~~T't **,,'9iP1od~~**
**'3UPpU343p p33P1ado $A_1$3uaETJSaU 09 ,,a0fl~ '3UPpU343p 3141** '8

**'PUPISI apOtpJ JO 33P35 3143 111 '33U3pTA01a 3°**

*A;ij* **amp cc APM** up-cddy **mptmU01333s133111 amp IP3U 10 38 3TIU3Ay lOq3Uy U0 pUnoqq;nos 'pUPISI [3]P014M '33U3ptAO1d 40** *A;tj* **9143 03**

**~ ~UP ,,'30a~, '3UPpU9;ap 10/PUP 'SPTIP ,,'pI0fi~ '3uPpUaap Aq pau~o 3131143A 1030111 P 5U13P13d0 8PM ,,3oa~, '3mrepUa4ap amp 10/pup 'seTIP 'OCnPly PPU0tf~ 'aop$_1$d ~UP 911113 3WP9 3143** 3V

**'pUP~si 3~0tflj '93U9P1A01d Ut 9flU3A~ lOmJ3Uy 14IM UO'C3398133U1 9143 1P9U 10 ~e AeM Uelddy 'lb aijoAatq 1314 EU1mt9nd UP~13s3pad P 9PM S3UOf ea1pi~ 'JJI3UTPId** '~o0g 'ci **19q!u3;das inoqe 10 Uo** *'9*

**I**
.Llln
oo

**)U333p 10/pUP** '~~T1P **,J'5IP1Od~, '3UPPtl3J3p ,,'30a~~ '3tIPpU3Jap 10/pUe ~ 'bCnPl-v [8]3131P3 pUP 33tI351I53u at_P 30 3111991 P ~**

**LtOUtuj p 'SaUop Palptxy '43T3UTP1d 3143 40** A;atoo$_5$ **9U31Pd 40 39bf ~UP '893tp~~ '3103wb3 '31P3**

**31(3 03 MPf Aq** $P^3$13T;U3 **U0913d 9143 PUP '10111w e 'S3tIbr P31pUv '3TtITPId 3143 40 l3143ow** 343 **91** *'All3$_1$* **P591341 '3flUTP1d** ~141 'St

**3UlP$_1$dwoj** ~T143 **40** ~I **145no1$_{143}$** I **sqde1sPlPd A3311$_3$U$_3$ 113143 Ut 0331314 143104 338 41 SP 33U9133$_1$ Aq S33P10th03UI PUP '~~[5]3t1P31 '83P3d3$_1$ 3313U1PId** ~141 '81

Al
1&floo

'9;soo p~ 393133111 143tM 3UIPydmoj 9T14 ;°
III 3mmoj U0 ,,'30a~~ '3t12PU3$_3$p 10/pup 'spt~p ~ '3UPPU3;ap 914 SUtp5p
PGI33U3 aq lU3lnEpn[ 3P143 SpUPm3p '10111w p 'sailor P3lptmj 30

PU3T14 3$^{3(3}$N PUP U3IPa 9P Ang$_1$ P8313141 '33TIUTPTd 3143 'a~IOga~raHj4

'Aoldwa lJPnsn 1314 wo,x;

A;topdp$_3$ SU~EU1p$_3$ 3801 10/pup ~ 3SOf ~mtp '33UPpU3;;p pUP 3183 IP3Tpaw 104 S39U3dxa P311113u1 'pUtni pUp Apoq 30 931111 CUt P3UTP39nS 'bOUrn P 'S3UOf P3lpuy '33I3U1PId 314; ,,'3o~ 'IUPPU343p 10/PUP SPTTP ,,'pl0d~~ 'IUPpU9;3p 3143 30 3U35p mm SP PUP SP 'pile fOl;u03 10/pup Uo19s1~ad ~s,aoa~~ '3UPpua;ap 10/pup 'sp~~p i,'9,P10g$_1$.
'3UPpUa;ap 1431M 3131149A ~ 'lUPpUa$_4$ap '3UPpU9;ap 10/pup '~-err~ ,~'8~p1og~, '3UPPU$_{343}$p SUI;P13do 3PM 014M ,,'3o~ 'UPpU33p 10/pup 'SPljp 'oCnp~ PpUO14H 40 993U933$_1$3$_1$p$_3$ pUp 33U351153u amp 40 3111831 P

~'30a~~
'UPpU33p 10/pUp '8Pt1p ,,'p10g~ '3UPPU9$_3$p 9143 30 3U33p UP Sp pUP U0t991uj~3~ 14TM 3131149A ~ 'UepUa;ap 10/pup '9PIIP n'5P1og~~ '3UPpU3J3p 51113pl9d0 8PM ,,'3ba~~ 'UPpUa;ap lb/pile '3P1$_1$p 'oCnp~ PpUotpj ,,'a0a~~ 'UPpUaap 10/pUp

'~PT1P 'oCnp~ PpUompj pU '10111w P 'SaUor P91p~ '331;U1pId UP1I;83p$_9$d 34 "30c1a '3tIPpfl33p lb/pup '5PTI 'OCRPIy PPUOTflJ 31.13 Aq P3Pl3do 31°T143A P U39M;3q '01811103 314; 30 3fflt3 amp ;y

'3UPpU3;ap 10/pup 'SP1$_1$p ,,'pio~ '3UPpU9J3a 40 U0159t~3d 914; 141M 3t31q3A ,,5,3o~ 'UPpUaap lb/PUP '9Pi~p ~~'9,p10d~~ '3UPpU349p £U1;plado 9PM ,,'3oa$_{11}$ '3tIPpU3;ap 10/pUp 'SPtIp 'oCnP1y Ppu~~ 314; ,,3o~ '3UPpu3ap 10/pup 'slyp 'oCnp~ PpUbmJ~ 3143 puP '1oU~~ P 'satlor P31pU~ '331;U1p$_1$d UPI1;sapad 3143 pUP ,,3oa$_{1\sim}$ '3UPpU3$_3$p 10/pUp '~TI~ 'OCnpiy PpUotpj Aq P33P13do 3131143A 3143 U33M;3q U019T$_{1103}$ 3143 40 3U11; 3143 3y

'10111w -P 'Sauor Palptxy
'33t;U1p$_1$d 314; ~ U0191$_{1103}$ P UT paAIoAUt 9PM 143T14M ~ 'UPpua$_3$p JO/pup 'snip 'o[nPby PpU0~J Aq P33Pladb 3I3143A 3143 30 13w~o P319391531 343 SM ,,'a0~ 'lUPptI3;$_3$p 10/pUp 'SPt$_1$p ,,'P10d~~ 'UPpUaap 3143 '~QQ~ 'ci 13~ij3$_{3\sim3}$g noqp 10 UO
0

L
I

‘
9
1

‘S
t

U 1~rsJ ~i~°fei BJuip
5~ BflB~t “J ~3
uno3 JOUac~nq ~o }~J:~--~ Jo auqj0

,~r *-‘-“~j4~ ~
~ c~’~&? JI
*ii*

‘13~~y Ado~ :‘-ni r
~IT~T83~ 1819-ISL P (tot’)
**5599-ISL** (tot)
. 90610 lU **‘33U3p1AOJa 3a3133 UPU1I3PØ~** L01
**ELE9# ‘bs~** ‘T’lT4~Q3U DI~IAPM

**S3PT3088y MP’~** TUTWS3H **‘9A3Uxo3;p 113143** *Aa*

‘SdaIINIVqd
9001 . A~np :pa;pa
**‘SINIlOO ‘I’IV** NO fluE’ XE ‘lYnhI V **GbwNacj SddflNIvrIa aHI**

**93803 ~UP 399133U1 sn~d ‘UIPIdUIQQ** ~T14 **40** Al **U1103 110 ,,‘30(j~, ‘3UepU33ap Io/ptre ‘SettP ,,‘p10d~~ ‘3UPpU333p 3143 SUIPSP 3U3lflSpnC 9pUPW3p ATIP11p1A-rpUI ‘LIla1 ~~91~141** ‘44T;UTPId 3143 ‘~ffMOd~EKHM

**‘IOUIW P**
**‘89U0f P3lpUy ‘3413U1PId amp ‘193145nPp 1314 40 A;a-toos IP3U3IPd 30 9901 ~UP ‘103W03 ‘91P3 314340 8SO~ 3tp p3UtP39ns ‘10111111 P ‘SaUOf P3IPUV ‘341;UTPId 3143**

**‘3il3€P** ~ **‘UPpU343p 10/PUP** ‘~~1I~ **,,‘9,p10~~ UPpU33p 5P ~UP Ibl1U03 ~ ‘4UPpUa39p Ic/pUP ‘9Pt~P ,,‘51pI0ff~~ ‘UPpU3J3p 30 UOlS9tunad 143çM**
to3l~t.1a *~irr3~%~-J oocnptrAd* *t~* ci L *ill*
1-11103 **~ ~ ~‘jjC soI:Itmo3** ,Y
LI -N-4DJOaJwo
**~ ~ 3143 JO 9a~c3t3PdP3 ~UP S3UIPU 31111 ~mpy tI~m(M~4~UTP1dul03 91143 ~U3U1P**

03 311103 ~1143 30 3AP31

3{9P' hIM t~3311ml1P1d 'paSalIP 1333PU131a14 ~ 331U1P1d Aqa~mj 3~~P3993104 PUP
Ata;etulxold sabpwpp

~3SflP3 ~UP 'bD, ~31Th331 U131314 SUtm!9ddPq UP S0~U3A3 3143 104 3~q1sUods31
I9UUPUI 911105 UI ~1 S3IUPU Sf01313314 Aq U131314
paqPUEIsap 3UP~U333~ 3143 40 t(3P9 3P1.fl ~ 9103913143 ~UP ana1~aq ~UP
p9Ullb4Ut ~1 J4IUIPIa 'S3UIPU 81101114314
143119 Aq SUP~U339~ ~1P9 93118 '33IUIPId 3144 310431314; ~UP '3ffl1
3U3sald 344 4P JJIUIPId 3143 03 UMOU3jUU
31P 3At811'{OUI 't' 30cr 111141 I 530C SP U191314 ~9lllPU 3mp 40

'351M131430 lb '33PI0d103 'lenpIAlpUt 19~314M '93113edP3 ~UP 53UIPU *31113*
*3143* (,,30cr~, '133PU131314) '3A1911I3U1
't 30cr fl1t~P I 30fl 'UPpU333p '431~9q ~UP tIbI3PlUlb4UI UOdfl '5

U0 SUl3P13do
'p118191 3p014)J UI 989U15fl~ 03 38113311 ~UP 4UP14313W P
~UP IN U10~1P3G 'pPO?J UP3II3Wy pup 50001 ocr 'UOSUI148PM 0001
~4T~S *'f~JJ* '333133 I OSEI P P~4°°I 883U~9f~ 30 a3P1d rensu ~
141M U01P10d103 9IPMPI9Cr P 91 (,,pI0d~~ '1a3PU131314) Auedmoj
"31P310 1030W pio~ '3UPpU343a '33'fl3q pUP UOIPULIO4UI UOdfl,

'pUPISI 3pOtpj '33U3p1A01d 30 3fl3p1931 P
'~~11~ 'oCnPly pptiompj ';mrepU3Ja~ '331~3q PUP UOI1PUJIO4UI Ubdfl

'lOUIl,l p 'sailor P31~U~ 40
pU3l1d ~ PUP 3tI3lPd 8P LI131 P8313141 'JJI;UTPIa Aq 314EnOlq 5U~aq 81 '10111111
P '83U0[' ealpmf 'JJI3UIPId 143 103 1111PI3 ~J'-T1 '01140 30 33P3 3143 Ut
'8flCTJllflIbJ UI A1131 P8313141 '44I3U1PId 13mpOUl 1314 143}M P3P1991 'IOUIIU P
'83U0~ P31~U~ 'JIUIPId 3141 '1

'01140 40 3P33. 'snquarr[o3 UI 5U'çp~s31

IPIIPIAIPUI UP ~1 'ATIPIIPIAIPUI 'A1131 P5313141 'IUIPId '1

INIV'ldNOO

**5UPPU333Cr**
'3AI511I3UI 'fr ~ 111141 1 **30Cr**
(~ '~11 '0[flPly QpUO14)J

'~~1I~

'AUPdmoQ 11P310 **1040W plod**
'A

8431U1PId
'ATIPnPIAIPUI 'Allal P8313141
~ '1bUt3q P '83Ub,['

**P3I~U~ 30 'lVcFd SP 'A113J, P8323141**

'OS '~ON~Crfl0Ud
IHL103 HorH~ans CNW'ISI ~C0HH dO ~1V1S

e *PLcd~* fl~ctr1ø~) 1m03 **Jouac1n~** ~ ~i~O ~°

'~~1t~ **'o~npiy PpUompj 'lUPptIa43p** 3141 qstitebe II
**3UtLb~~1fl~3u1~(n[ SpUPtu3p 'A113₁ P9313141** '331U1P1d 3141 '{~I0daèflHk4

**'93U0~ P31p~j '441;UIP₁d '13445flPp** *1314* **30**

**A;atoos IP4U3IPd ~UP '310411103 '31P3 343 30 8901** 3144 **p3UtP48ns 'LIla₁ P831341** '341IUIP1d 34 **~ 'q~~puaap 10/pUP 'sP-qp 'oCnpiy pp~ompj '3UPpII3;ap** 3144 **40 331135115311 343 40 InSaI P 8~** 'El

**'10111W P**
**'93Ubr P3lpmf** '331UIP1d 3143 **30 A;3'toos bPlfl3lPd** 4° 4~°b **~UE** 3144 **03 MP'{** Aq **p31414113 U0813d amp pUP 'loUlmu ~ 'sailor P3lpUy**

'44ItUIPbd **344 30 13144Dm** 344 ~1 *'A113J*, **P9313th** '3314U1Phd 3141

**'3U1P₁dIUb₃** 9J144 **30 01 145110144** 1
**814dP15p1Pa A;a1-r;113 1134; UI 0431314 mp104 438 41 Sp 33U313331**
Aq **8aP1Odlb3Ut PUP 'S3S3hbP-a1 '8483d31 4414UIP1d** 9111 'lb

II

J.Nfl03

**U01;3p 81143** 3~ **84803 ~U8 393133111 Snbd** 'I **3UflOQ**
**110 ,,30~ '4UPpU343p 10/pup '8Pt'{P 'OC11P1y PpUbmpj ';UPpm!333p**
344 **4SUIPEp 4U3muSpnC ~~UPUl3p lOUttu P 'SaUop PalptIy '3413U1P₁d ;o pU3I13 4X3U pire 4U31Qd s-e 'LIla₁ P8313141** 'J4I3UTPbd 3144 'a~Odae~~p~

. AoTduié

~ ***1314*** **U1013 Aqtoedpo** Lmnu,xpa **4801 10/pUP amt; 3801** PuP
**'33UPpU33p ~UP 31P3** b°1P3111 **103 S38U3dX3 p3flfl3UI 'pU'rlU pUP**
Apoq **40 931111CU1 p3U'çP48n8 'IOUIUT P '93U0f P31pUy** 'J3I4UlPbd
**3144 ,,30~, '4UPpU343p 10/PUP** '~'~1IP **'OCflPIy PpUompj '3UPpUG;3p**
3144 **30 993U583'f31P3 pUP** a3U3s-cIsamI 3144 **30 4111831 P 8~** 'O~

**IOUIU1 P '93U0~ P3IPUV'** '4314U1PId **amp 'UPt1qs3p3d**

344 3311148 **04 31 asneo 04 SP 3~Iqou1o4np „3b~ '4UPpU34ap xo/prre '8P11P „'SplOd,t '4UPpU3J3p p34813(50 A14U351-ES3U os**

~ '3UPpU333p 10/pile 'SPIIP 'oCtLPly PPUOT4)J '3UPpU343p 3141 '6

P~1SI 3pO14)J 30 33P43 3143 UI '33U3pIA01a 40 A4IJ 3144 UI APM upiddy 431M
U0t3338134U1 3144 IP3U 10 4P 3flU3Ay l01431W 110 PU11OC[441109 '14311115 1188113 '33t13p1Ab1a 30

A41 3 344 04 ~ ~UP „'30(]~ '4TIPpU333p 10/pup 'SPTTP 'Plod '4UPpU333p Aq pati~o 3b31143A 1040W p
5U14e13d0 8PM „3o~, 'lUPpua3p 10/pUP 'spt~ 'o~nply PpUot~ '3UPpU3J3p 3144 ~ PUP 3111; 31BPS 3144 3~
'8

'pUP~9{ 3~0tflJ 'a3U3pIAO1a Ut 311U3Ay 10143m11j' 143JM U0143a813;Ur
343 1P311 10 4P AeM UPIddy U0 aI3A3Iq 1314 SUnJsnd UP11393p3d
P 8PM SaUor PalpTJV' 'TUIPbd '1001 '51 13qu1aqd3~ 311bqP 10 UO -t

I
1N11
03

lflbJ 10113(5113 344 UI Ub133~tps11nC
134U03 04 411313133118 alP sa5euipp 94414U1PId 341 '9

'P3U1P41335p uaaq

L'W~!.'B 2~1 eupL,-cwj jo sa~uno5

;ano JoLtadrig ~o ~jn~j jo aogj~

~t-s~

c :P:~1? p

~i .4UtPtdlUOJ 5}143 30 81 1451101144 1

514dP15~P7 4~ 113144 Ut 0431914 144103 4~9 41 9P 33U3l~43l
Aq sa4Plodlo3txt ~UP 'S3SatbP-31 '94Padal J14UIPbd 3141 '81
Al
flQflOO
'94903 ~UP 483133Ut 1431M 4111Ebd1100
~114 40
III 4111103 U0 ~ '4UPpU343p 10/puP '~~1'f „'p10d~~ '3UPpU33Gp 3144
49UIPSP ~3I34U3 aq 4UaUtSpnr 4P144 8~UP1113P 'bUll! P '93U0~ P3l~UV 40
pUalI; 4~~N ~UP 4U31Pd Se *Anai* Psalamp; 'flI3UIPId 3144 'aH0daa~HM

'Aoidmua ~ 1314 11013 A4t3Pde3 SUIUIP3 4801
10/pUP 31114 4801 ~UP '3311PpU334P ~UP 31P3 IP3Ipam 104 83SU3dX3 p311fl3U1 'PUll]! ~UP Apoq
40 8311fl[111 ~ '10U1111 P '83U0f Palptrvz '4413U1P1d 3144 „'30J~, '4UPpU3ap 10/PUP ~
'plod '4UPpU343p 3144 30 4U3SP 118 SP ~UP Se 'pUP 1014U03 10/PUP UOI8SIULI9d
,,9,30cr~, '3UPpU343p 10/pUP 'SPI'[P „'8ip10d~~ '4UPpUa;ap 144fM 3131143A „8,30a~,
'3uPpU3Jap '4UPpU343p 10/pUP '8PIIP „'sp10~~, '-3mIPpU33ap SUI;Plado 8PM 04th „'90[]~~ '4UPpU34ap
10/pt-P 's~~ 'oCaply P~U0~fl '-4UPpU34ap
3144 30 883U883131P3 ~UP 33U351b53U 3144 30 4J11831 8 8~ 'Rb

„'3OQ~ '4UPpU33p 10/PUP '~~1b 'plod '4UPpU343p
3144 30 3U35P LIE 58 ~UP Uo'cssIullad 3m(31M 3131143A „S,30~
';UPpU3J3p 10/PUP '~11~ „'81p1off~, '4UPpua43p SU}qPl3cIo
5PM „'aoa~, '411P~U333~ 10/PUP '8PIIP 'oçnPly PPUO14H '3UPpU3ap
3144 „'30~ '3UPpUa43p 10/pup '~~1b~ 'oçn~iy PpUOtfl( '4UPpU333p

3144 ~UP 'lOUtlll P 'SaUOQ P3lptflj' '4414U1P1d UPt14s3p3d
3144 8aoa~. '4UPpU3ap 10/PUP ~ 'OCrtPly PpUO4'>J '4UPpU343p
3144 Aq pa~~iado 3'[31143A U33M43~ UOtSIbbOO 3143 40 311113 3143 41 'Lb

,,'3ocr~, '4UPptxa;3p 10/PUP
'SPIJP 'plod '4UPpU343G 40 U01981U113d 9143 1431M 313I143A~ „8,30fl~, '4UPpU33ap 10/PUP
'8P1'fP „'8,pb0d~~ '4UPpU343p SUI4PI3dO 5PM ~'30Q~~ '3UPpu34ap 10/PUP '~~1b~ 'oCuPly pp~ompj '4UPpUa43p
544 „30c[~ '-3UPpua4ap 10/PUP '~~1re 'OçnPly P~tI0tflJ '4UPpU343p amfl ~UP 'IOUIUI P
'8aUoE' P91~U~ '3414U1P1d UPI1383p3d 3144 ~UE „a0(J~ '4UPpU343p 10/PUP '8PTTP 'b[flPIV PPUOIW
'3UPpU333p 3144 Aq pa4Plado 3b31143A 3144 U33M43~ U0181bb03 3144 30 311113 3144 41 '91

'IOUIUI P '89U0f P31~UV '4JI4UlPbd

3144 1441M UOtSTbbbD P UI p3AIOAUI 8PM 143114M „30~, '4UPpUa43p
10/pUP ~ 'oCnPly P~U01.fl1 '4UPpU333p Aq paiPlado ab3143A
3143 40 1311Mb p313381 5 31 3143 8PM „'aocr~, '4tIPptI333p 10/PUP
'8PIIP „'p10d~~ '3UPpU33p 3144 '1001 '91 13(331134(533 411O~P 10 UO 'SI

4UIPtdW03 ~I144 40 Lb 451101144 1
514dPISPIPa A33113U3 113144 UI 0431314 144104 439 41 8P 33U313431
Aq S34PbOdbO3Ut pUP '9353b1P-31 '8429(531 44I4U1P1d 341
'tI

III

.LMI103

'U0133P 81144 30 84803 ~UP 493134U1 ~ ,,'aorn,

~r ~r°~a ~ou'~p.Arxa

j01S1~lB aau~~i-:~'JrTJ° c~JL~cruop

~no3 JUU3C~11~ ?~3 ~F~°o JO )D!iJO

~ €?

~-'-~y ido~ t111,IT

9001 ~~—2~aun~
:pa4PQ

3b111183P4 1819-ISL P (tot)
SS~9-tSL (lot)
90610 DI 'a3U3p-'fAo1a
433133 UPUII3IP.M L01
LLE~9U3 '/aUAPM

**Sa3P13099V MP'l** 1U1m93~1
**'SAaU1044P 113144** LE

'SddIlNIV'ld

'S1LMflOD PlY NO LUff' XE 'Iiflhl V GMV~Cr
SddIJ1NIV'ld ~EI

**'84803 ~UP 4831a4u1** ~ **'4UIPJdU1OJ** ~I144 **30** Al **3Ufl03 U0 „'30c~ '3UPpUa43p 10/pUP** 'SElbP **„'pb0d~~ '4uPpU333p 3144 4SU1PSP 4UaulSpnç SpUP1_113p** ATIP11P1AIPUI 'An31 **PS31~4I '34I4U1P1d 3144** 'aHOd~IaHM

**'10111W P 'saUOf' P3IPIIV**
'4413U1P1d 3144 'I34m(SnPp **1314 40 A3a13o9 IP3U31Pd 40 8801 ~UP '410311103 'alPD** 3143 **30 9801 3144 p3U'tP49118 'bUll]! P '93U0f** aipcv **'3414U1PTd** 3143 '~mia5p **~ '4mIPpU3Jap 10/pUP** '~Ib~ **„'8,p10d~~ 4UP~U~43~ 8P PUP 1014U03 „s,3oa~, '4UPpU333p io/pu** '~~Ib~ **„'81p10d~~ '4UPpU3ap 40 Uo1881u11ad 144'çM ab31143A „8,aocL, '3UPpU33Op 10/PUP** '~~1b~ **„'8tP10d~~ '4UPpU343p SUI3Pl3do 9PM** 0~JM ,,'30fl~ '4UPpU333P 10/PUP '~~1b~ 'bCflPly **PpUOI4?j '4uPpUa3p** 3143 **40 883U583I31P3 ~UP 33U351I53U 3144 40 4111831 P 8~** 'Il
**'IOUIUI P 'saUor P3IPUV** '3414U1PTd
3144 **40 A431308 83U31Pd 40 4501 ~UP 'S33tAIaS '41041103 '31P3**
amp **04 MPI** Aq p913I4U3 Uosxad 3144 **~UP 'lOUltI P 's3Uor *P3IPUV***
'44l4UIPbd 343 **40 13144011 3143** ~1 'LIni **P8313141** '4414UIPbd ati '01