**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THERESA LENETTE TERRY as P.P.A. of ANDREA JONES, a minor & THERESA LENETTE TERRY, Individually<br>Plaintiffs | : | 06-CV-349S |
| v. | : | **PLAINTIFFS MOTION TO REMAND ACTION TO STATE COURT** |
| FORD MOTOR CREDIT COMPANY, alias & Doe 1 Thru Doe 4, Inclusive<br>Defendants | : | **["Hearing Requested"]** |

Plaintiff, Theresa Lenette Terry, as Parent and Next Friend of Andrea Jones, a minor and Theresa Lenette Terry, Individually pursuant to 28 U.S.C.A. §1447(c), moves this Court to enter an order remanding the above action to the Superior Court for Providence County, State of Rhode Island. In support of this Motion plaintiff states that the amount in controversy in this diversity of citizenship action is less than $75,000 and consequently removal of the state action to this court was improper.

Respectfully submitted,
RESMINI LAW ASSOCIATES

/S/Wayne G. Resmini

Wayne G. Resmini, Esq. (#6373)
207 Waterman Street
Providence, Rhode Island 02906
(401) 751-6655
(401) 751-6282 Facsimile

**HEARING REQUESTED**

Plaintiffs in the above entitled action request a hearing on this Motion pursuant to Local Rule 12(b). Plaintiff says that this Motion seeks to preserve the Plaintiffs choice of forum and ought not to be decided without affording the Plaintiff an opportunity to be heard. Plaintiffs estimates that the time for the hearing on the Motion would not exceed thirty Minutes.

/S/Wayne G. Resmini

Wayne G. Resmini, Esq. (#6373)

**CERTIFICATE OF SERVICE**

I, Wayne G. Resmini, Esq., do hereby certify that on this 30th day of August 2006 a true and accurate copy of Plaintiffs Motion to Remand To:

Anthony J. Sbarra, Jr., Esq.
Campbell Campbell Edwards & Conroy
One Constitutional Plaza
Boston, MA 02129

Adam A. Larson, Esq..
Campbell Campbell Edwards & Conroy
One Constitutional Plaza
Boston, MA 02129

/S/Wayne G. Resmini

Wayne G. Resmini, Esq. (#6373)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Theresa Terry as P.P.A. of Andrea Jones, a Minor and Theresa Terry Individually Plaintiffs. | |
| Vs. | C.A. No. 06-349S |
| Ford Motor Credit Company, Defendants. | |

["Hearing Requested"]

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Now come the plaintiffs, and respectfully Moves this Honorable Court to Remand the above entitled matter to the Rhode Island Superior Court, Providence County. As grounds for said Motion to Remand, Plaintiffs advance the following arguments in support of their Motion to Remand:

**PROCEDURAL BACKGROUND**

(1)

Plaintiff filed their amended complaint in the Superior Court of Providence County, in the State of Rhode Island on July 6, 2006 against Defendant, Ford Motor Credit Company, ("Ford") as owners of a motor vehicle that stuck the minor plaintiff, Andrea Jones as well as a Count for Theresa Terry, for loss of Consortium and or parental Society in Providence Superior Court for Rhode Island C.A. No.. (Attached hereto as Exhibit ""A'' and incorporated herein by reference).

(2)

Service was perfected against defendant, ("Ford") on July 10, 2006. (Attached hereto as Exhibits "B", and incorporated herein by reference).

(3)

Under the rules of the Rhode Island Rules of Civil Procedure an Answer to the Complaint should have been filed 20 days after service on this defendant, no later than close of business July 30, 2006.

(4)

On July 20, 2006, on the tenth (10) day after service on defendant, "Ford", defendant counsel asked for and was granted an extension of time to respond to said complaint up to and including August 9, 2006, to answer, move or otherwise respond to Plaintiff's complaint. On or about Thursday, July 27, 2006 Plaintiff's counsel's was asked to sign a Motion for Extension of Time and return it to Defendants counsel to signed and file with the Providence Superior. On July 28, 2006, defendant's counsel faxed a signed copy of Extension of time to Plaintiffs counsel (Attached hereto as Exhibit ""C'' and incorporated herein by reference). The Providence Superior Court entered the Stipulation on July 31, 2006. (Attached hereto as Exhibit ""D"" and incorporated herein by reference.) Although defendant's counsel sent the Stipulation to the Providence Superior Court Motion for Extension is not part of the certified record with this court in the Providence Superior Court Record file. (Attached hereto as Exhibit ""F'' and incorporated herein by reference). Defendant's motion to this court does not contain the Civil Docket Sheet listing the Stipulation of Extension of Time for defendant to respond to said complaint.

(5)

On August 9, 2006, Plaintiffs counsel checked the Providence Superior file and re-certified a copy of the Civil Docket Sheet, which is devoid of the Stipulation of Extension of Time to respond to, said Complaint and notice thereof. That Civil Docket Sheet received on August 9, 2006 by plaintiff counsel. (Attached hereto as Exhibit ""G'' and incorporated herein by reference). Defendant counsel contacted Plaintiffs counsel and stated that the Motion for Extension of Time was not part of the Superior Court Record.

6)

On August 1, 2006, Defendant, "Ford", **filed** their Notice of **Removal**, and Memorandum with this Court with a limited "Certified Record" from the Providence Superior Court. (Attached hereto as Exhibit ""F"" and incorporated herein by reference).

**ARGUMENT AND CITATION OF AUTHORITY**

**A. REMOVAL TO DISTRICT COURT IN A GENERAL PROSPECTIVE.**

Defendant, "Ford" in their Notice of Removal have argued that the Plaintiffs claim for damages are for the jurisdictional Limit of $75,000.00, exclusive of interest and costs. 28 U.S.C. 1332. The

plaintiffs in their well-pleaded complaint have stated their damages are sufficient to confer jurisdiction in The Providence Superior Court, (¶4) of the plaintiff's complaint, which is $25,000.00. This Court has previously stated when evaluating a motion to remand, "--- the court must strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of remand in state court." 28 U.S.C.A. 1441. The Plaintiff's oppose removal and seeks remand based upon the contention that this matter does not have a value of $75,000.00 exclusive of interest and costs. "Any doubts regarding removal fall in favor of remand; the burden is on the defendant to show that removal is proper." Meisel v Allstate Indem. Co., 2005 WL 20788. For the defendant to make allegations that this matter worth $75,000.00 exclusive of interest and costs is ludicrous.

Defendant in their Removal Petition have not proven any basis of removal other than the diversity of citizenship. The complaint as filed by the Plaintiffs was very specific in the allegations against the Defendant. The Plaintiff have met the well-pleaded complaint rule. Under the well-pleaded complaint rule, the Court's inquiry is limited to the four corners of the complaint. Caterpillar. Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). The Plaintiff exclusively relied upon state tort law in framing the complaint and placing allegations against the Defendant. As the Court has stated, ""the Plaintiff [is] the master of the claim[,] he or she may avoid federal jurisdiction by exclusive reliance on state law. Patterman v. Travelers, Inc., 11 F.Supp.2d 1382 (1997). The Plaintiff contends that there are no federal jurisdictional questions and in this Motion to Remand seeks to have the Court find that the Defendant allegations that the Plaintiffs claim for damage are $75,000.00 exclusive of interest and costs, is ludicrous.

**B. THIRTY (30) DAYS FOR PARTY TO FILE REMOVAL.**

Under 28 U.S.C. § 1446, a Defendant has thirty days, after receipt of the complaint, to **file** its notice of **removal with the court**. 28 U.S.C. § 1446(b).

Local Rule 36, entitled "Removal," provides in pertinent part:

(b) Filing of State Court Record. Within 10 days after filing a petition for removal of an action from a State Court to this Court pursuant to 28 U.S.C. 1446, the party filing the petition shall file in this court certified or attested copies of all State Court Records and proceedings and a certified or attested copy of all State Court Docket entries, including filing of a copy of the petition for removal.

©) Notices of Removal. The party effecting removal shall:

(1) Promptly serve copies of the removal petition on all other parties, and
(2) Forthwith file with the clerk of the court from which the case is removed a copy of the removal petition.

In fact, on July 31st, 2006, twenty-five days after the Complaint had been served on the defendant. Defendant filed a Motion for **Extension** of **Time** to respond to Plaintiffs Complaint entering their appearance in State court. This defect in and of itself should lead to a remand of this case.

By filing the Motion for Extension of Time in State Court on July 31, 2006, Defendants' made an entry of appearance and precludes them from filing their Motion of Removal to this Court. That Motion for Extension of Time must also be considered a pleading. See R.I.Rul. Civ.P. 7

It is the argument of the Plaintiffs that the Defendant's entire Petition for Removal is defective. Removal took place after the defendant had entered their appearance in State Court. The removal is defective and the Plaintiff in no way whatsoever waives objection to this defect. 28 U.S.C.A. § § 1446 (b), 1447 ©). Wilson v. General Motors Corp., 888 F.2d 779 ( 11th Cir. 1989).

*F. COSTS.*

It is the request of the Plaintiffs that if the Court remands this matter back to the Providence County Superior Court for the State of Rhode Island, that costs be assessed against the defendant. It is within the power of the United States District Court, if remand is found to be the appropriate Acton in this case, that expenses including attorney's fees can be assessed against the Defendants. The removal statute provides that, ""an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'' 28 U.S.C. § 1447©)(1988). It is the contention of the Plaintiff that the Defendant violated on every term the requirements of the Rhode Island Rules of Civil Procedure. It may not be shown that the actions of the Defendant was in bad faith, but as the courts have previously found an award of costs does not require a showing of bad faith, but merely a showing that the action was removed ""improvidently.'' Schmidt v. National Organization for Women, 562 F.Supp 210, 215 (N.D.Fla. 1983). Locklear v. State Farm Mut. Auto. Ins. Co., 742 F.Supp 679 (S.D.Ga. 1989).

**CONCLUSION**

For the reasons set forth above and in its Motion to Remand, Plaintiffs respectfully requests that this Court enter an Order: (1) remanding this action to the Superior Court of Providence County in the State of Rhode Island and (2) awarding Plaintiffs reasonable attorneys' fees and costs incurred in responding to Defendant Notice of Removal.

Respectfully submitted,

Theresa Terry as P.P.A. of
Andrea Jones, a minor and
Theresa Terry, Individually,

/S/Wayne G. Resmini

Wayne G. Resmini, Esq. (#6373)
RESMINI LAW ASSOCIATES
207 Waterman Street, Suite-1
Providence, Rhode Island 02906
(401) 751-6655 Tel:
(401) 751-6282 Facsimile
ResminiLaw1@msn.com (e-mail)

Dated: August 30, 2006

**HEARING REQUESTED**

Plaintiffs in the above entitled action request a hearing on this Motion pursuant to Local Rule 12(b). Plaintiff says that this Motion seeks to preserve the Plaintiffs choice of forum and ought not to be decided without affording the Plaintiff an opportunity to be heard. Plaintiffs estimates that the time for the hearing on the Motion would not exceed thirty Minutes.

/S/Wayne G. Resmini

Wayne G. Resmini, Esq. (#6373)

**CERTIFICATION**

I the undersigned, do hereby certify that on August 30, 2006, I mailed a true and accurate copy of the within Memorandum TO: Adam A. Larson, Esq. (#7114) CAMPBELL, CAMPBELL EDWARDS & CONROY, One Constitutional Plaza, Boston, Massachusetts 02129; Anthony J. Sbarra, Jr., Esq. (#7307), CAMBELL, CAMBELL, EDWARDS & CONROY, One Constitutional Plaza, Boston, Massachusetts 02129

/S/Wayne G. Resmini

For: RESMINI LAW ASSOCIATES