**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THERESA TERRY, AS P.P.A. OF ANDREA JONES, A MINOR, & THERESA TERRY, INDIVIDUALLY,** **Plaintiffs,** | |
| **v.** | **CIVIL ACTION NO. CA06-349S** |
| **FORD MOTOR CREDIT COMPANY, ALIAS, DOE 1 THRU DOE 4,** **Defendants.** | |

**FORD MOTOR CREDIT COMPANY'S LIMITED OPPOSITION TO PLAINTIFFS' MOTION TO FILE A SUPPLEMENTAL COMPLAINT**

Now comes the Defendant, Ford Motor Credit Company ("Ford"), and respectfully submits to this Honorable Court its Limited Opposition to Plaintiffs' Motion to File a Supplemental Complaint. Ford opposes the Plaintiffs' Motion to File a Supplemental Complaint to the extent that the Court finds the added defendant is a non diverse defendant, as the Court should deny the motion pursuant to 28 U.S.C. § 1447(e). However, to the extent that the Court finds the newly added defendant is a diverse defendant, and that complete diversity still exists resulting in the case remaining in federal court, then Ford does not object to adding the defendant to the case.

As grounds for and in support of its Limited Opposition, Ford submits its Memorandum of Law in Opposition to Plaintiffs' Motion to File a Supplemental Complaint, filed simultaneously herewith.

**REQUEST FOR HEARING**

Ford requests a hearing on the Plaintiffs' Motion pursuant to Local Rule 7(e). Ford's counsel should require no more than fifteen minutes to complete its arguments.

By its Attorneys,

**CAMPBELL CAMPBELL EDWARDS & CONROY PROFESSIONAL CORPORATION**
/s/ Anthony Sbarra

Anthony J. Sbarra, Jr. #7307
Campbell Edwards & Conroy, P.C.
One Constitutional Plaza
Boston, MA 02129
(617) 241-3000
Fax (617) 241-5115
asbarra@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

I, Anthony Sbarra, of Campbell Campbell Edwards & Conroy Professional Corporation, attorney for Defendant, hereby certify that on September 6, 2006, a true copy of the above document was served upon the attorney of record for the plaintiff by hand.

/s/ Anthony Sbarra

Anthony Sbarra

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THERESA TERRY, AS P.P.A. OF ANDREA JONES, A MINOR, & THERESA TERRY, INDIVIDUALLY, Plaintiffs,** | |
| **v.** | **CIVIL ACTION NO. CA06-349S** |
| **FORD MOTOR CREDIT COMPANY, ALIAS, DOE 1 THRU DOE 4,** | |
| **Defendants.** | |

**FORD MOTOR CREDIT COMPANY'S MEMORANUM OF LAW IN SUPPORT OF ITS LIMITED OPPOSITION TO PLAINTIFFS' MOTION TO FILE A SUPPLEMENTAL COMPLAINT**

Defendant Ford Motor Credit Company ("Ford") opposes the Plaintiffs' Motion to File a Supplemental Complaint to the extent that the Court finds the added defendant is a non diverse defendant, as the Court has discretion to deny such a motion pursuant to 28 U.S.C. § 1447(e). However, to the extent that the Court finds the newly added defendant is a diverse defendant, and that complete diversity still exists, resulting in the case remaining in federal court, than Ford does not object to adding the defendant to the case.

**FACTS**

The Plaintiffs filed their Amended Complaint in the Superior Court of Providence County on July 6, 2006 against Ford Motor Credit Company ("Ford") and various fictitious "Doe" defendants. The Complaint alleges that on September 15, 2002, the plaintiff's daughter, Andrea Jones, sustained injuries in Rhode Island when she was struck by a motor vehicle while she was pushing her bicycle. The Plaintiffs allege that Ford is vicariously liable for their injuries as the lessor/owner of the subject vehicle. Ford was served with the Amended Complaint on July 10,

2006. On August 1, 2006, Ford properly and timely filed a Notice of Removal with the Superior Court and with the United States District Court, based on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The plaintiffs are residents of Columbus, Ohio and Ford was incorporated in Delaware with a principal place of business in Michigan.

On August 21, 2006, after the case was removed, the Plaintiffs filed a Motion to File a Supplemental Complaint, seeking to join Rhonda Araujo as an additional defendant pursuant to Fed. R. Civ. P. 19. The plaintiffs allege that Ms. Araujo is a resident of Rhode Island. Immediately afterwards, the Plaintiffs filed a Motion to Remand, seeking to have this case remanded to the Rhode Island Superior Court. [1]

## ARGUMENT

### I. FORD DOES NOT OBJECT TO THE ADDITION OF MS. ARAUJO AS A DEFENDANT TO THE EXTENT THE COURT FINDS SHE IS A DIVERSE DEFENDANT, THAT THE COURT STILL RETAINS SUBJECT MATTER JURISDICTION AND THAT THE CASE REMAINS IN FEDERAL COURT.

The Plaintiffs' motion is an improper and misguided attempt to destroy diversity and have the case remanded to state court. The only difference between the Plaintiffs' original Amended Complaint and their proposed Supplemental Complaint is the addition of Rhode Island resident Rhonda Araujo as a defendant. Nonetheless, Ford asserts that adding Ms. Araujo to the case does not destroy diversity. *Spencer v. United States District Court*, 393 F.3d 867, 870 (9th Cir. 2004) is instructive. In *Spencer,* the plaintiff brought a wrongful death case in California state court. They sued the manufacturer of the product involved, Altec Industries, and several Doe defendants. The plaintiffs were resident citizens of Alaska and Altec was a citizen of Alabama. Altec timely removed the case to the United States District for the Northern District of

[1] Ford will be filing an opposition to Plaintiff's Motion for Remand which is due on September 18th. Ford respectfully submits and requests that the Court consider the plaintiffs' motions and Ford's oppositions to the motions together as they address related issues.

California on the basis of federal diversity jurisdiction. During discovery, the plaintiffs moved to amend their complaint to add a company that was a citizen of California. The plaintiffs concurrently moved to remand the case to the state court, contending that since the newly added defendant was a citizen of California, joinder of the defendant destroyed diversity pursuant to 28 U.S.C. § 1441(b) which prohibits removal from state to federal court where at least one defendant is a citizen of the state in which the action is filed.

The *Spencer* Court ruled that the addition of the defendant, a California citizen, was a local but diverse defendant that did not destroy diversity, and further ruled that the case should not be remanded. *Spencer*, 393 F.3d at 871. The Court acknowledged that 28 U.S.C. § 1441(b), the "forum defendant" rule, bars removal if there is a named local defendant (a defendant who is a citizen of the state where the action is filed) *at the time of removal*. However, the Court held that 28 U.S.C. § 1441(b), is only applicable at the time a notice of removal is filed. *Id.* The Court further held that the rule did not apply after removal occurred. *Id.* The Court held that because no local defendant was a party to the action when the case was removed, and that there was preservation of complete diversity of the parties after the local California defendant was added, the District Court did not err in denying the plaintiff's motion for remand. *Id.* The Court specifically found that even though the newly added defendant was a citizen of the state where the action was filed, complete diversity still existed because the newly added California defendant was still diverse from the other parties as the plaintiffs were citizens of Alaska and the other defendant was a citizen of Alabama. *See also Cavallini v. State Farm Auto Ins. Co.*, 44 F.3d 256, 264 n. 16 (5th Circ. 1995) (court held that it is well known that citizenship for purposes of diversity jurisdiction is fixed when action is filed which is consistent with need for certainty, avoidance of delay, and finality in resolving jurisdiction).

Here, the Court should also find that Ms. Araujo, a citizen of the state of Rhode Island where the action is filed, and hence a local defendant, is still a diverse defendant, that complete diversity still exists, and subject matter jurisdiction exists for the case to remain in federal court. At the time Ford filed its removal, no local defendant was named in the case. The plaintiffs reside in Ohio and Ford was incorporated in Delaware with a principal place of business in Michigan. Further, 28 U.S.C. § 1441(b) no longer applies since Ms. Araujo is being added after the notice of removal was filed. Further, as she is a citizen of Rhode Island and the other parties are citizens of other states, complete diversity is still preserved. *See also Lares Group, II v. Tobin*, 47 F. Supp. 233 (D.C.R.I. 1999) (court held that complete diversity exists when each plaintiff is diverse from each defendant); *Morel v. Estate of John Davidson*, 148 F. Supp. 2d 161 (D.C.R.I. 2001) (court found complete diversity when the plaintiff was a Rhode Island resident and defendants were all residents of other states).

As a result, complete diversity will continue to exist in this case if the plaintiff is allowed to add Ms. Araujo as a defendant. The case should be able to remain in federal court on these grounds. As a result, jurisdiction in the United States District Court will continue to be appropriate. Therefore, Ford requests that so long as this Court rules that the addition of Ms. Araujo still makes here a diverse defendant, that complete diversity still exists and that the Court does not remand the case because of the addition of Ms. Araujo, Ford does not object to adding her to the action.

**II. IF THE COURT FINDS THAT RHONDA ARAUJO IS A NONDIVERSE DEFENDANT, THEN JOINDER OF MS. ARAUJO TO THIS ACTION SHOULD BE DENIED.**

Although Ford believes that Ms. Araujo is a diverse defendant, if the Court finds that 28 U.S.C. §1441(b) applies to this case and that Ms. Araujo, as a Rhode Island resident, is a non

diverse party, then the plaintiffs' motion to amend their complaint should be denied as joinder is improper pursuant to 28 U.S.C. §1447(e). When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the Court's analysis should begin with 28 U.S.C. § 1447(e). *Mayes v. Rapoport*, 198 F.3d 457, 462-3 (4th Cir. 1999). 28 U.S.C. §1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Pursuant to § 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court; thus, the decision is not controlled by a Rule 19 analysis. *Id.* at 462. *See also Casas Office Machines, Inc. v. Mita*, 42 F.3d 668, 674 (1st Cir. 1994). In exercising its discretion, the court should consider the following factors in determining whether to permit joinder: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factor bearing on the equities. *Mayes v. Rapoport*, 198 F.3d 457, 462-3 (4th Cir. 1999).

**A. The plaintiff's only motive for seeking joinder of Ms. Araujo is to destroy diversity jurisdiction.**

Seeking to join a non-diverse party to a case after removal for the purpose of destroying diversity, is considered improper. *Mayes*, 198 F.3d at 462-3 (courts should carefully scrutinize plaintiff's attempt to add a nondiverse defendant especially where plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place). In this case, it is obvious that the Plaintiffs' intent is to destroy diversity as their only reason for amending the complaint was to add Ms. Araujo and in conjunction with this motion, they have also filed a motion for a remand. Further, The Plaintiffs' own draft discovery plan,

previously faxed to Ford, notes a question of law regarding whether the addition of Ms. Araujo would destroy diversity. Attached hereto as *Exhibit A* is a copy of the discovery plan (para. 2f).

However, Plaintiffs knew Ms. Araujo was the alleged operator of the vehicle involved with the subject accident at least over one year ago and well before they filed their Complaint against Ford but not against Ms. Araujo. After Ford removed the case, Plaintiffs' counsel recently informed Ford's counsel that he sued Ms. Araujo and the City of Providence in state court in 2005 concerning the same incident. Upon information and belief, Ford believes this case is entitled Theresa Lennette, as P.P.A. of Andrea Jones, a minor, and Theresa Lennette, Individually, v. the City of Providence and Rhonda Araujo, C.A. No. 2005-4574, Providence Superior Court and is still pending. As a result, it is clear that plaintiffs' attempt to join Ms. Araujo after Ford removed the case and before any discovery has taken place, is a thinly-veiled attempt to destroy diversity. As such, it is improper and this Court, in its discretion, should deny the Plaintiffs' motion.

**B. The Plaintiffs' delay in seeking joinder is unexplained and unjustifiable.**

An unexplained and unjustifiable delay in seeking joinder will be considered improper. *Mayes*, 198 F.3d at 462-463. The Plaintiffs sued Ms. Araujo in state court in 2005 for the same claims as in this case and the 2005 case is still pending. It is clear that the plaintiffs did not intend to name her to this case, and are only joining her now to prevent diversity. It is equally clear that the Plaintiffs' theory of liability against Ms. Araujo was developed at the outset of the state court case in 2005. Waiting until this suspiciously convenient moment to join her to this case without explanation or justification, is improper and this Court should deny the Plaintiffs' motion.

**C. The Plaintiffs will not be significantly injured if joinder is not allowed.**

This Court should also consider whether any harm will come to the plaintiffs by denying joinder. *Mayes*, 198 F.3d at 462-3. Here, no harm would accrue to the Plaintiffs from preventing them from having a second bite at the apple as they have already filed suit in state court against Ms. Araujo and they will have the opportunity to litigate their claims against her in that court. Therefore, the Plaintiffs will not be deprived of any award in this case should joinder not be allowed.

**D. It would be inequitable for Ms. Araujo to be joined to this case.**

It is inequitable to add a party to the suit simply in a transparent attempt to destroy diversity. It is also inequitable to sue Ms. Araujo in two different jurisdictions over the same incident. As a result, it would be wholly inequitable to allow Ms. Araujo to be added to this case and this Court should deny the Plaintiffs' motion.

**CONCLUSION AND REQUEST FOR HEARING**

Ford requests that if this Court rules that Ms. Araujo is a diverse defendant and that complete diversity still exists resulting in the case remaining in federal court, then Ford does not object to joining her as a defendant. However, if the Court finds Ms. Araujo is a non diverse defendant, Ford requests that this Honorable Court deny the Plaintiffs' motion to add her pursuant to 28 U.S.C. §1447(e) and for the reasons set forth above. In addition, Ford requests a hearing on this matter.

By its Attorneys,
**CAMPBELL CAMPBELL EDWARDS & CONROY**
**PROFESSIONAL CORPORATION**

/s/ Anthony Sbarra

Anthony J. Sbarra, Jr. #7307

Campbell Edwards & Conroy, P.C.
One Constitutional Plaza
Boston, MA 02129
(617) 241-3000
Fax (617) 241-5115
asbarra@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

I, Anthony Sbarra, of Campbell Campbell Edwards & Conroy Professional Corporation, attorney for Defendant, hereby certify that on September 6, 2006, a true copy of the above document was served upon the attorney of record for the plaintiff electronically and by fax and mail.

/s/ Anthony Sbarra

Anthony Sbarra