**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THERESA TERRY, AS P.P.A. OF ANDREA JONES, A MINOR, & THERESA TERRY, INDIVIDUALLY,** **Plaintiffs,** | |
| v. | **CIVIL ACTION NO. CA06-349S** |
| **FORD MOTOR CREDIT COMPANY, ALIAS, DOE 1 THRU DOE 4,** **Defendants.** | |

**FORD MOTOR CREDIT COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND OBJECTION TO DEFENDANT'S NOTICE OF REMOVAL AND REQUEST FOR HEARING**

Now comes the Defendant, Ford Motor Credit Company ("Ford"), and respectfully requests that this Court deny the Plaintiffs' Motion to Remand and Objection to Defendant's Notice of Removal and Request for Hearing. As grounds for and in support of its Opposition, Ford submits it's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand and Objection to Defendant's Notice of Removal and Request for Hearing, filed simultaneously herewith.

**REQUEST FOR HEARING**

Ford requests a hearing on the Plaintiffs' Motion pursuant to Local Rule 7(e). Ford's counsel should require no more than fifteen minutes to complete its arguments.

FORD MOTOR CREDIT COMPANY

By its Attorneys,

**CAMPBELL CAMPBELL EDWARDS & CONROY**
**PROFESSIONAL CORPORATION**
/s/ Anthony Sbarra

Anthony J. Sbarra, Jr. #7307
Campbell Edwards & Conroy, P.C.
One Constitutional Plaza
Boston, MA 02129
(617) 241-3000
Fax (617) 241-5115
asbarra@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

I, Anthony Sbarra, of Campbell Campbell Edwards & Conroy Professional Corporation, attorney for Defendant, hereby certify that on September 14, 2006, a true copy of the above document was served upon the attorney of record for the plaintiff electronically and by fax and regular mail.

/s/ Anthony Sbarra

Anthony Sbarra

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THERESA TERRY, AS P.P.A. OF ANDREA JONES, A MINOR, & THERESA TERRY, INDIVIDUALLY,** **Plaintiffs,** v. **FORD MOTOR CREDIT COMPANY, ALIAS, DOE 1 THRU DOE 4,** **Defendants.** | **CIVIL ACTION NO. CA06-349S** |

**FORD MOTOR CREDIT COMPANY'S MEMORANUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND OBJECTION TO DEFENDANT'S NOTICE OF REMOVAL AND REQUEST FOR HEARING**

Defendant Ford Motor Credit Company ("Ford") opposes Plaintiffs' Motion to Remand and Objection to Defendant's Notice of Removal. For the following reasons, Ford respectfully requests that this Court deny the plaintiffs' Motion.

## I. BACKGROUND

The Plaintiffs filed their Amended Complaint in the Superior Court of Providence County on July 6, 2006 against Ford Motor Credit Company ("Ford") and various fictitious "Doe" defendants. The Complaint alleges that on September 15, 2002, the plaintiff's daughter, Andrea Jones, sustained injuries in Rhode Island when she was struck by a motor vehicle while she was pushing her bicycle. The plaintiffs allege that Ford is vicariously liable for their injuries as the lessor/owner of the subject vehicle. Ford was served with the Amended Complaint on July 10, 2006. On July 31, 2006, Ford filed a Stipulation to Extend Time with the Providence Superior Court, seeking to extend the deadline by which it was required to answer or otherwise respond to the plaintiffs' Amended Complaint. On August 1, 2006, Ford properly and timely filed a Notice

of Removal with the Superior Court and with the United States District Court based on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The plaintiffs are residents of Columbus, Ohio and Ford was incorporated in Delaware with a principal place of business in Michigan.

On August 21, 2006, after the case was removed, the Plaintiffs filed a Motion to File a Supplemental Complaint, seeking to join Rhonda Araujo as an additional defendant. The plaintiffs allege that Ms. Araujo is a resident of Rhode Island. Immediately afterwards, the Plaintiffs also filed a Motion to Remand, seeking to have this case remanded to the Rhode Island Superior Court.[1] For the following reasons, Ford requests that the plaintiffs' Motion for Remand be denied.

## II. ARGUMENT

### A. THIS CASE PROPERLY BELONGS IN THE UNITED STATES DISTRICT COURT BECAUSE IT MEETS THE DIVERSITY OF CITIZENSHIP AND AMOUNT IN CONTROVERSY REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

This Court properly has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. First, complete diversity exists among the parties, despite the plaintiffs' attempt to invoke the authority of 28 U.S.C. §1441(b). Second, the amount-in-controversy could exceed $75,000, despite the plaintiffs' mere opinion otherwise. As a result, the case may properly remain with this Court.

#### 1. <u>The Parties to this case are diverse.</u>

28 U.S.C. § 1332(a) states in relevant part that "[T]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." At the time

[1] Ford respectfully submits and requests that the Court consider the plaintiffs' motions and Ford's oppositions to the motions together as they address related issues.

Ford filed its removal, the plaintiffs were citizens of Ohio and Ford was incorporated in Delaware with a principal place of business in Michigan. Further, pursuant to 28 U.S.C. § 1441(a), for purposes of removal, citizenship of defendants sued under fictitious names shall be disregarded. Therefore, all citizens were diverse and the requirement was satisfied for the purposes of removal.

Moreover, even if the Court allows the addition of defendant Rhode Island resident Rhonda Araujo, the alleged operator of the vehicle that struck the plaintiff, complete diversity will continue to exist. *Spencer v. United States District Court*, 393 F.3d 867, 870 (9th Cir. 2004) is instructive. In *Spencer,* the plaintiff brought a wrongful death case in California state court. They sued the manufacturer of the product involved, Altec Industries, and several Doe defendants. The plaintiffs were resident citizens of Alaska and Altec was a citizen of Alabama. Altec timely removed the case to the United States District for the Northern District of California on the basis of federal diversity jurisdiction. During discovery, the plaintiffs moved to amend their complaint to add a company that was a citizen of California. The plaintiffs concurrently moved to remand the case to the state court, contending that since the newly added defendant was a citizen of California, joinder of the defendant destroyed diversity pursuant to 28 U.S.C. § 1441(b) which prohibits removal from state to federal court where at least one defendant is a citizen of the state in which the action is filed.

The *Spencer* Court ruled that the addition of the defendant, a California citizen, was a local but diverse defendant that did not destroy diversity, and further ruled that the case should not be remanded. *Spencer*, 393 F.3d at 871. The Court acknowledged that 28 U.S.C. § 1441(b), the "forum defendant" rule, bars removal if there is a named local defendant (a defendant who is a citizen of the state where the action is filed) *at the time of removal*. However, the Court held

that 28 U.S.C. § 1441(b), is only applicable at the time a notice of removal is filed. *Id.* The Court further held that the rule did not apply after removal occurred. *Id.* The Court held that because no local defendant was a party to the action when the case was removed, and that there was preservation of complete diversity of the parties after the local California defendant was added, the District Court did not err in denying the plaintiff's motion for remand. *Id.* The Court specifically found that even though the newly added defendant was a citizen of the state where the action was filed, complete diversity still existed because the newly added California defendant was still diverse from the other parties as the plaintiffs were citizens of Alaska and the other defendant was a citizen of Alabama. *See also Cavallini v. State Farm Auto Ins. Co.*, 44 F.3d 256, 264 n. 16 (5th Circ. 1995) (court held that it is well known that citizenship for purposes of diversity jurisdiction is fixed when action is filed which is consistent with need for certainty, avoidance of delay, and finality in resolving jurisdiction).

Here, the Court should also find that Ms. Araujo, a citizen of the state of Rhode Island where the action is filed, and hence a local defendant, is still a diverse defendant, that complete diversity still exists, and subject matter jurisdiction exists for the case to remain in federal court. At the time Ford filed its removal, no local defendant was named in the case. As stated, the plaintiffs reside in Ohio and Ford was incorporated in Delaware with a principal place of business in Michigan. Further, 28 U.S.C. § 1441(b) no longer applies since Ms. Araujo is being added after the notice of removal was filed. Further, as she is a citizen of Rhode Island and the other parties are citizens of other states, complete diversity is still preserved. *See also Lares Group, II v. Tobin*, 47 F. Supp. 233 (D.C.R.I. 1999) (court held that complete diversity exists when each plaintiff is diverse from each defendant); *Morel v. Estate of John Davidson*, 148 F.

Supp. 2d 161 (D.C.R.I. 2001) (court found complete diversity when the plaintiff was a Rhode Island resident and defendants were all residents of other states).

As a result, complete diversity will continue to exist in this case if the plaintiff is allowed to add Ms. Araujo as a defendant.[2] The case should be able to remain in federal court on these grounds. As a result, jurisdiction in the United States District Court will continue to be appropriate.

**2. The amount in controversy may exceed $75,000.**

The plaintiffs argue that diversity jurisdiction in the United States District Court is inappropriate because the plaintiffs' damages do not exceed $75,000. As discussed below, the plaintiffs' damages might well exceed $75,000. The applicable burden of proving the amount in controversy requirement is described as follows: "where the complaint does not contain a specific monetary amount, the defendant must show by a preponderance of the evidence that the amount in controversy satisfies the minimum jurisdictional amount for diversity cases." *See Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp.2d 62, 65 (D.C.R.I. 2002). The plaintiffs in this case have alleged that a minor girl was struck by a car while she was pushing her bicycle. The plaintiffs have filed claims for physical and psychological injuries, as well as the associated medical expenses. In addition, they are making a claim for a loss of earnings and loss of consortium. This particular statement of claims, according to a "reasonable reading of the value of the rights being litigated," could result in damages that exceed $75,000. *See Gabrielle, supra.*

The plaintiffs have given no valid argument or proof that their damages will not exceed the amount-in-controversy requirement other than their own opinion. The plaintiff has merely expressed an opinion that the damages would not exceed the amount-in-controversy. According

[2] Ford also addresses the issue of improper joinder if Ms. Araujo is found to be a non diverse defendant, in Ford's Limited Opposition to Plaintiff's Motion to Amend their Complaint.

to the court in *Gabrielle*, the court gives "little weight to such expressions of opinion." *See Gabrielle, supra*. This is especially so when the plaintiffs are unwilling to stipulate that under no circumstances would they seek or accept more than $75,000 for their claim. *Id.* Ford provided a proposed Stipulation to the plaintiffs that their damages do not exceed $75,000 and that any damages award would be capped at $75,000. Attached hereto as *Exhibit A* is a true and accurate copy of the Stipulation. Plaintiffs have refused to sign the stipulation showing their true belief that the claims may exceed $75,000. Because the parties to this case are diverse, and because the plaintiffs' claimed damages could exceed $75,000, federal diversity of citizenship jurisdiction exists.

In addition, the plaintiffs argue that this case would not properly be brought in the District court based upon federal question jurisdiction. The plaintiffs argue that federal jurisdiction based upon a federal question does not apply to this case because they based their complaint entirely upon Rhode Island tort law. Ford removed this case to the United States District Court based solely on diversity of citizenship. That is all that is required for jurisdiction in the federal court and Ford has satisfied these requirements. As a result, the plaintiffs' argument is moot and irrelevant.

## B. REMOVAL WAS PROPER

### 1. Ford Properly Filed the State Court Certified Pleadings with the Federal Court

Removal of this case was proper. First, the certified state court file was properly submitted to this Court. Second, Ford's filing a Stipulation for an Extension of Time prior to removal does not preclude removal. As a result, this case was properly removed and may remain with this court.

The Federal Rules of Civil Procedure apply to a case after it is removed from a state court. Fed. R. Civ. P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal"); *Willy v. Coastal Corp.*, 503 U.S. 131, 134-135 (1992) (Rule 11 applied to petitioner's actions in federal court after removal despite the court's lack of subject matter jurisdiction); 14 *Moore's Federal Practice*, § 81.04[3] (Matthew Bender 3d ed.).

Ford properly filed the state court certified record after they removed the case in accordance with the local rules. Ford obtained from the state court a copy of the certified record and filed the state court certified pleadings with the federal court on the day the removal papers were filed, August 1, 2006. Attached hereto as *Exhibit B* is an Affidavit of Sarah Desmond, paras. 1, 2. On August 8, 2006, Ford checked with the state court's civil clerk concerning the location of the Stipulation to Extend Time that was filed with the state court on July 31, 2006 and was informed that the Stipulation was missing from the file and therefore, could not be certified. *Ex. B*, para. 3. Plaintiffs do not dispute that the actual Stipulation is missing from the State court file. As a result, this Court has possession of the entire state court file, with the exception of a Stipulation for Extension. This exception is due to the state court clerk's error and the case should not be remanded due to the state court clerk's error. *See Jusino v. Zayas*, 875 F.2d 986 (1st Circ. Puerto Rico 1989); *Gustafson and Sons v. Walek*, 599 A.2d 730 (1991) (holding that parties are not responsible for clerk's filing errors). Further, the revised docket sheet that the plaintiff obtained and certified indicating that the Stipulation was filed is now part of the record and there is no prejudice to any of the parties. Ford admits it filed the Stipulation to Extend time in the state court and for the reasons set forth below, such a filing does not preclude the right to remove the case to federal court.

**2. Filing a Stipulation for An Extension of Time in State Court does Not Preclude Defendant from Removing the Case to Federal Court.**

The plaintiffs argue that removal was improper because Ford filed a Stipulation to Extend the Time to Answer or Otherwise Respond to Plaintiffs' Complaint in the state court. This claim is baseless and the plaintiffs failed to cite any law in support of it. Contrary to the plaintiffs' position, the case law overwhelmingly shows that filing such a Stipulation does not constitute a waiver of Ford's right to remove the case.

"An intent to waive the right to remove to federal court and to submit to state court jurisdiction must be clear and unequivocal, and the defendant's actions must be consistent with the right to remove." *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989), cert denied, 502 U.S. 941 91991) (*citing Moore's Federal Practice,* defendants did not clearly waive right to remove by granting plaintiff permission to file in state court); 16 *Moore's Federal Practice*, §107.18[3][b] (Matthew Bender 3d ed.).

Filing a pleading, such as an answer or demurrer, or other pleading raising a defense that might be conclusive on the merits, does not constitute a waiver of the defendant's right to remove to federal court. *Haun v. Retail Credit Co.*, 420 F. Supp. 859, 864 (W.D. Pa. 1976) (federal rules of civil procedure contemplate answer in state court before removal); 16 *Moore's Federal Practice*, § 107.18[3][b] (Matthew Bender 3d ed.). Fed. R. Civ. P. 81(c) contemplates that an answer [thus an appearance] may be filed in state court prior to removal as the rule states in relevant part "In a removed action in which the defendant *has not answered*, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . ." *See also Bedell v. H.R.C. Ltd.*, 522 F. Supp. 732, 738 (E.D. Ky. 1981) (*citing Moore's Federal Practice*, finding no waiver

by a defensive action in state court, short of proceeding to adjudication on merits); *Miami Herald Publ'g Co. v. Ferre*, 606 F. Supp. 122, 124 (S.D. Fla. 1984) (answer and affirmative defenses).

Therefore, if an answer filed in state court does not count as a waiver of jurisdiction, a Stipulation to Extend the time to respond or answer a Complaint is not a waiver of a Defendant's right to remove a case.

## III. COSTS AND ATTORNEYS FEES

Although Ford believes the case should remain in federal court, should this Court order that the case be remanded to the Providence Superior Court, an award of costs and attorney's fees to the plaintiffs is improper. Costs and attorneys fees should not be awarded when the Defendant "has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 708 (2005). Because Ford's Petition for Removal is based upon objectively reasonable grounds, an award of costs and fees is not appropriate.

## IV. CONCLUSION AND REQUEST FOR HEARING

Plaintiffs' Motion for Remand and for costs should be denied. Furthermore, Ford requests a hearing on the plaintiffs' Motion pursuant to Local Rule 7(e). Ford's counsel should require no more than fifteen minutes to complete its arguments.

FORD MOTOR CREDIT COMPANY

By its Attorneys,
**CAMPBELL CAMPBELL EDWARDS & CONROY**
**PROFESSIONAL CORPORATION**

/s/ Anthony Sbarra

Anthony J. Sbarra, Jr. #7307
Campbell Edwards & Conroy, P.C.
One Constitutional Plaza
Boston, MA 02129
(617) 241-3000

Fax (617) 241-5115
asbarra@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

I, Anthony Sbarra, of Campbell Campbell Edwards & Conroy Professional Corporation, attorney for Defendant, hereby certify that on September 14, 2006, a true copy of the above document was served upon the attorney of record for the plaintiff electronically and by fax and mail.

/s/ Anthony Sbarra

______________________________

Anthony Sbarra