UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THERESA TERRY, AS P.P.A. OF :
ANDREA JONES, A MINOR, & :
THERESA TERRY, INDIVIDUALLY :
Plaintiffs, :
v. :
: CA 06-349 S
FORD MOTOR CREDIT CO., :
ALIAS, DOE 1 THROUGH DOE 4, :
INCLUSIVE, :
Defendants. :

**ORDER**
**RE MOTIONS**
**HEARD ON OCTOBER 2, 2006**

On October 2, 2006, the Court conducted a hearing on "Plaintiffs['] Motion to File a Supplemental Complaint" (Document ("Doc.") #6) ("Motion to File a Supplement Complaint") and "Plaintiffs['] Motion to Remand Action to State Court" (Doc. #10) ("Motion to Remand"), collectively (the "Motions"). During the hearing, counsel for Plaintiffs argued that the amount in controversy does not exceed $75,000.00, the requisite amount for this Court to have jurisdiction in a diversity action, see 28 U.S.C. § 1332(a).[1] Counsel for Plaintiff further indicated that

---

[1] 28 U.S.C. § 1332(a) provides in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different

he was willing to execute the Stipulation with Respect to the Amount in Controversy which Defendant Ford Motor Credit Co. had attached to its memorandum in opposition to the Motion to Remand. See Ford Motor Credit Company's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand and Objection to Defendant's Notice of Removal and Request for Hearing ("Ford Mem. Re Remand"), Exhibit ("Ex.") A at 4 (Stipulation with Respect to the Amount in Controversy).

The Court observed that the execution of the stipulation would enable the Court to find that it is a "legal certainty," St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938), that the amount in controversy in this action does not exceed $75,000.00 and grant the Motion to Remand, thereby rendering moot the Motion to File a Supplemental Complaint. In light of this circumstance, the Court stated that it would hold the Motions in abeyance until October 16, 2006, to allow the stipulation to be filed.[2] If the stipulation is filed by that date, the Court will grant the Motion to Remand with no costs awarded to Plaintiff and rule that the Motion to File a Supplemental Complaint is moot. If the stipulation is not filed by that date, the Court will rule upon the Motions based on the present filings and the arguments presented at the October 2, 2006, hearing.

---

States.

28 U.S.C. § 1332(a).

[2] Counsel for Defendant Ford Motor Credit Co. ("Ford Motor Credit") indicated that Ford Motor Credit requests that Plaintiffs file a similar stipulation in the related state superior court matter, Theresa Lennette, as P.P.A. of Andrea Jones, a minor, and Theresa Lennette, Individually v. the City of Providence and Rhonda Araujo, C.A. 2005-4574, to ensure that there is no possibility of Ford Motor Credit being required to pay in excess of $75,000.00 in that action. The Court observed that this was a reasonable request and directed Plaintiffs to comply.

**Accordingly, decision on the pending motions is held in abeyance until October 16, 2006. If the stipulation has been filed in this Court (and the related stipulation filed in the state superior court), the Court will grant the Motion to Remand and rule that the Motion to File a Supplemental Complaint is moot. If the filing has not occurred by October 16, 2006, the Court will proceed to rule on the pending Motions.**

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
October 2, 2006

BY ORDER:

Deputy Clerk