UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THERESA TERRY, AS P.P.A. OF ANDREA JONES, A MINOR, & THERESA TERRY, INDIVIDUALLY,
Plaintiffs,

v. CA 06-349 S

FORD MOTOR CREDIT CO., ALIAS, DOE 1 THROUGH DOE 4, INCLUSIVE,
Defendants.

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is "Plaintiffs['] Motion to Remand Action to State Court" (Document ("Doc.") #10) ("Motion to Remand" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I recommend that the Motion be granted.

**Discussion**

By the instant Motion, Plaintiff seeks to have this case remanded to the Providence Superior Court from which it was removed on August 1, 2006, by Defendant Ford Motor Credit Co. ("Ford Motor Credit"). The basis for the Motion is Plaintiff's contention that the amount in controversy is less than the amount required for this Court to exercise diversity jurisdiction. See 28 U.S.C. § 1332(a).[1]

---

[1] 28 U.S.C. § 1332(a) provides in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

The Court conducted a hearing on the Motion on October 2, 2006. At that hearing, counsel for Plaintiff stated that he was willing to execute the stipulation which Ford Motor Credit had attached to its memorandum in opposition to the Motion to Remand. See Tape of 10/2/06 Hearing. That stipulation recited that the amount in controversy in this matter and the related matter of Theresa Lennette, as P.P.A. of Andrea Jones, a minor, and Theresa Lennette, Individually v. the City of Providence and Rhonda Araujo, C.A. No. 2005-4574 (the "Related Matter"), was no more than $75,000.00 and that, if a jury awarded more than $75,000.00, Plaintiff would agree to a remittitur to the capped amount of $74,999.00 exclusive of interest and costs. See Ford Motor Credit Company's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand and Objection to Defendant's Notice of Removal and Request for Hearing, Exhibit ("Ex.") A at 3.

After Plaintiff's counsel made the statement described above, the Court observed that the execution of such a stipulation would enable the Court to find that it is a "legal certainty," St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938), that the amount in controversy in this action does not exceed $75,000.00 and to

---

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

recommend that the Motion to Remand be granted.[2] See Tape of 10/2/06 Hearing. The Court indicated that it was inclined to hold the Motion to Remand in abeyance to allow the stipulation to be filed. See id. This proposed course of action was agreeable to the parties, see id., and the Court entered an Order to that effect. See Order Re Motions[3] Heard on October 2, 2006 (Doc. #17) ("Order of 10/2/06").

Although the Order of 10/2/06 stated that the Court would

---

[2] The Court is cognizant that "events occurring subsequent to removal, such as a stipulation, an affidavit, or an amendment that reduces the claims below the jurisdictional minimum, [will] not deprive the court of jurisdiction once it has attached." Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 5 n.4 (1st Cir. 1995). However, here jurisdiction never attached. Plaintiff did not specify an amount of damages in either the Complaint or the Amended Complaint, and Plaintiff has consistently maintained that the amount in controversy does not exceed $75,000.00. It was Defendant who alleged that the jurisdictional amount was satisfied and removed the action to this Court. See Petition for Removal ¶ 2. Plaintiff promptly challenged the allegation by the instant Motion to Remand.

Defendant, by agreeing to the Stipulation with Respect to the Amount in Controversy (Doc. #19) ("Stipulation") and dropping its opposition to the Motion, chose not to meet its "burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (quoting Dep't. of Recreation & Sports v. World Boxing Ass'n., 942 F.2d 84, 88 (1st Cir. 1991)). Thus, this is not a case where facts sufficient to confer jurisdiction have been pled by Plaintiff or alleged with sufficient particularity by Defendant to allow the Court to find that jurisdiction attached prior to the filing of the Stipulation. Cf. Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d at 8 (stating that "[a] distinction must be made ... between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action")(quoting Jones v. Knox Exploration Corp., 2 F.3d 181, 183 (6th Cir. 1993))(first alteration in original).

[3] Plaintiffs['] Motion to File a Supplemental Complaint (Doc. #6) ("Motion to File Supplemental Complaint") was also addressed at the October 2, 2006, hearing. Like the Motion to Remand, the Court decided to hold it in abeyance, pending the filing of the Stipulation. The Court indicated that filing the Stipulation would render the Motion to File Supplemental Complaint moot.

hold the Motion to Remand in abeyance until October 16, 2006, see id. at 3, counsel for Ford Motor Credit subsequently requested a one week extension of this date because of a delay in obtaining the signatures of all parties on the stipulation, see Letter from Larson to Martin, M.J., of 10/13/06. The stipulation was filed with the Court on October 20, 2006. See Stipulation with Respect to the Amount in Controversy (Doc. #19) ("Stipulation"). It reflects that Plaintiff has stipulated: 1) that the amount in controversy in this matter combined with the Related Matter, exclusive of interests and costs, is no more than $75,000.00, and that recoverable damages combined for both matters, if any, is capped at $74,999.00, exclusive of interest and costs; 2) that if a jury awards $75,000.00 or more in this matter and the Related Matter, the Plaintiff will agree to a remittitur to the capped amount of $74,999.00, exclusive of interest and costs; and 3) that neither party will be awarded costs or fees for remanding the case to the state court. See Stipulation at 1.

Because there is no evidence that the amount in controversy in this matter has ever exceeded $75,000.00 and the parties have filed the Stipulation which makes it impossible for Plaintiff to recover, exclusive of interest and costs, more than $74,999.00, I find that it is a "legal certainty" that the amount in controversy in this matter does not exceed $75,000.00. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. at 289, 58 S.Ct. at 590. Therefore, subject matter jurisdiction does not exist, and the Motion to Remand should be granted. I so recommend.

**Conclusion**

For the reasons stated above, I recommend that the Motion to Remand be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections

in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
October 30, 2006